IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

TO THE HONORABLE KENNETH M. HOYT:

Plaintiff Jennifer Harris moves to compel Defendant FedEx Corporate Services, Inc. ("FedEx") to overrule objections to interrogatories and requests for production.

## BACKGROUND FACTS

**The Claims**

A FedEx manager treated a successful employee differently because of the color of the employee's skin; when the employee complained, FedEx terminated her.

Ms. Harris, the employee, has sued FedEx for race discrimination and retaliation under the Civil Right Act of 1866, 42 U.S.C. § 1981 (Section 1981).

**The Discovery**

Ms. Harris served interrogatories and requests for production on October 11, 2021. Ms. Harris's counsel has diligently and repeatedly attempted to resolve issues related to the requests since FedEx responded on November 19, 2021.  FedEx supplemented its

responses on February 23, 2022. After attempting to resolve the disputes during depositions, counsel for both parties still do not agree.

**DISCOVERY DISPUTE**

**Other Similar Incidents**

**INTERROGATORY NO. 8:**
Please identify and describe all other formal or informal complaints of discrimination or retaliation based on race or ethnicity asserted against Defendant during the period of January 1, 2015, to the present, and for each, provide:

(A) the name, address, and telephone number of complainant;
(B) the name(s) of persons against whom the complaint was made;
(C) the job titles and departments of persons complaining and the persons against whom the complaint was made;
(D) the date of complaint;
(E) the description of alleged discrimination or harassment; and
(F) the outcome of the complaint, proceedings, settlement, or agreement.

**RESPONSE:**
FedEx objects to this request on the ground that it is overly broad and not proportional to the needs of the case, in violation of FRCP Rule 26(b)(1). FedEx is a large company with many employees. FedEx requests that Plaintiff meet and confer regarding a reasonable scope for this interrogatory.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "formal or informal." FedEx takes all complaints of discrimination or harassment seriously, and, accordingly FedEx does not understand what an "informal" complaint of discrimination or harassment is, as distinguished from a "formal" complaint. The use of the phrase "informal," for example, suggests that complaints of discrimination or harassment may be treated in a casual manner - something which FedEx does not do. Depending on how Plaintiff defines an "informal" complaint, it is possible that this interrogatory could extend to complaints never reported to appropriate personnel or departments charged with receiving such complaints.

For example, information regarding verbal complaints between and among rank-and-file employees that were never reported to management, human resources, or a hotline ( even if they exist - which they hopefully do

not- employees are trained and directed to report all such matters), could be very difficult to locate and compile. Accordingly, FedEx requests that Plaintiff clarify what she means by an "informal" complaint, and how one would distinguish one from a "formal" complaint.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "retaliation based on race or ethnicity." It is not clear what this means. FedEx understands claims of retaliation to arise from protected conduct, not from race or ethnicity. Does Plaintiff mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity? FedEx requests that Plaintiff clarify this interrogatory.

**SUPPLEMENTAL RESPONSE:**

Without waiving these objections, FedEx is responding to this Interrogatory for the time frame 2017 through January 31, 2020, for managers and above in the Sales organization at Defendant who brough claims for race discrimination and/or retaliation. FedEx is further limiting its response to complaints received through its Alert Line, its internal EEO process, or through a Charge filed with an outside government agency (i.e., EEOC). FedEx is also not including responsive information involving Plaintiff. FedEx responds pursuant to Rule 33(d) by referring Plaintiff to the document Bates-numbered FXS 2818-2827, which is a copy of the Complaint in *Cltemla v. FedEx Services, Inc.* That matter remains pending in the Superior Court of the State of California, County of San Mateo. FedEx also further responds that Richard Holley filed an internal complaint that included an allegation of retaliation, and after investigation (completed in August 2019) it was determined that corrective action was necessary.

**INTERROGATORYNO. 9:**

Please state whether Defendant has ever been involved in any other litigation, during the period of January 1, 2015, to the present, pertaining to allegations of discrimination or retaliation based on race or ethnicity. If so, please provide:

(A) the names of the parties and their attorneys;
(B) the nature of the claims asserted;
(C) a description of the factual circumstances; and
(D) the status or outcome of the proceedings.

**RESPONSE:**

FedEx objects to this request on the ground that it is overly broad and not proportional to the needs of the case, in violation of FRCP Rule 26(b)(1). FedEx is a large company with many employees. FedEx requests that Plaintiff meet and confer regarding a reasonable scope for this interrogatory.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "retaliation based on race or ethnicity." It is not clear what this means. FedEx understands claims of retaliation to arise from protected conduct, not from race or ethnicity. Does Plaintiff mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity? FedEx requests that Plaintiff clarify this interrogatory.

**SUPPLEMENTAL RESPONSE:**

Without waiving these objections, FedEx is responding to this Interrogatory for the time frame 2017 through January 31, 2020, for managers and above in the Sales organization at Defendant who brought claims for race discrimination and/or retaliation. FedEx is also not including Plaintifrs lawsuit in its response. FedEx responds pursuant to Rule 33(d), FXS Bates-numbered FXS 2818-2827, which is a copy of the Complaint in *Chemla v. FedEx Services, Inc.*

**REQUEST NO.33:**

All documents and correspondence that mention or refer to any complaints filed by employees from 2015, to the present.

**RESPONSE:**

FedEx objects to this request on the ground that it is grossly overbroad and not proportional to the needs of the case, in violation of FRCP 26(b )(1 ). Moreover, this request includes any type of complaints, about literally anything. Thus, it seeks irrelevant material in violation of such rule. FedEx requests that Plaintiff clarify this request and meet and confer regarding a reasonable scope.

FedEx objects to this request on the ground that it calls for the production of attorney-client privileged communications and attorney work product. However, because the scope of this request is overbroad, no privilege log should be required until Plaintiff clarifies the request and brings it within a reasonable scope.

FedEx objects to the production of copies of responsive documents that are attorney-client privileged and/or entitled to attorney work-product protection, such as extra copies containing attorney notes, included in

attorney correspondence, and the like. Nor should such items that postdate the filing of this case by Plaintiff be required to be listed on a privilege log as to do so would be unduly burdensome.

Counsel for both parties conferred and discussed FedEx's questions and agreed to limit the complaints to "written complaints." Exhibit 1. Plaintiff's counsel also agreed to limit the scope to complaints made in Texas and complaints in the non-Texas offices where Ms. Harris worked. Counsel for FedEx does not agree. Richard Holley, a former district sales manager reporting to the same managing director as Plaintiff, filed an EEO complaint and FedEx conducted an investigation. FedEx refuses to produce the complaint or investigation material.

No *per se* rule exists excluding evidence of evidence of discrimination against other employees, and the question of whether evidence of discrimination by other supervisors is relevant in an individual plaintiff case "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388, 128 S. Ct. 1140, 1147, 170 L. Ed. 2d 1 (2008). Prior acts of discrimination are "'quite probative'" of the question whether current conduct is discriminatory. *Pitre v. Western Elec. Co.*, 843 F.2d 1262, 1267 (10th Cir. 1988) 1267 (quoting *Bazemore v. Friday*, 478 U.S. 385, 402 n.13, 92 L. Ed. 2d 315, 106 S. Ct. 3000 (1986)). It may show intent under FRE 404(b); provide information about Defendant's treatment of other persons of color; and may show Defendant's awareness of discrimination in the workplace, which is relevant to Plaintiff's claim for punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999).

"Me too" evidence is probative of intent or motive to discrimination and retaliate. *See Cox v. Donahoe,* No. 214CV00810JRGRSP, 2017 WL 10221620, at *1 (E.D. Tex. Apr. 9, 2017). Courts permit plaintiffs to discover (and even admit) sufficiently probative varieties of "me too" evidence in employment discrimination cases and evidence of an employer's treatment of other employees, as well as an employer's overall employment practices and policies. *See Id.*; *see, e.g., Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69 (D. Conn. 2004) (plaintiff entitled to discovery concerning FMLA claims against employer filed in same state by other employees); *Bryan v. Dean Foods Co.*, 2002 WL 31641628 (N.D. Ill. Nov. 23, 2002) (employer required to produce information regarding employee complaints of disability discrimination against employer from facilities over which decision maker had authority, but not from all employer's facilities nationwide); *Shannon v. NYC Transit Authority*, 2001 WL 286727 (S.D.N.Y. Mar. 22, 2001) (other complaints "relevant to the issues of intent, motivation and knowledge"); *Doebele v. Sprint Corp.*, 2001 WL 1718259 at *10-11 (D. Kan. June 5, 2001) (employer required to produce documents reflecting its investigation of any claim of discrimination and harassment on the basis of disability); *Roberson v. AlliedSignal, Inc.*, 1997 WL 222359 (N.D.N.Y. Mar. 21, 1997) (court granted nationwide discovery, because statistical evidence was important to disparate-impact claim and because the employer failed to show that the local facility operated independently; discovery not limited to other discrimination claims based on disability, as discovery sought might lead to information relevant claim of pretext); *Burnett v. Western Resources Inc.*, 1996 WL 134830 (D. Kan. Mar. 21, 1996) (court approved requests for production of any and all

documents which were required to be filed or were filed with any state or federal agency dealing with employees with disabilities or retaliation; all documents identified in interrogatory answers; and personnel or ADA files of employees who employer accommodated or who received similar treatment); *Jackson v. Alterman Foods*, 1984 U.S. Dist. LEXIS 23481, at *4 (N.D. Ga. Sept. 19, 1984) (holding that all complaints, lawsuits or charges concerning the same allegations of discrimination as plaintiff's are discoverable); *Southwest Hide Co. v. Goldston*, 127 F.R.D. 481, 484 (N.D. Tex. 1989) ("[S]ince direct evidence of discrimination is rarely obtainable, Title VII plaintiffs must rely on circumstantial evidence. Any evidence of an employer's overall employment practices may be essential to plaintiff's prima facie case").

Circumstantial proof of discrimination typically includes unflattering testimony about the employer's history and work practices," and although such evidence may be excludable in other kinds of cases, "[i]n discrimination cases, such background evidence may be critical for a jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive." *Glass v. Philadelphia Electric Co.*, 34 F.3d 188, 195 (3d Cir. 1994), quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988). This is just as true in an individual case as in a pattern or practice case. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) ("past history of both black and white employees is surely relevant information" and "is therefore discoverable").

Plaintiff seeks specific information regarding FedEx employees who made a similar complaint as Ms. Harris. These employees are similarly situated to Ms. Harris and this

information is discoverable to show if FedEx discriminated or retaliated against others similarly situated, which would confirm that "other incidents" like how FedEx treated Ms. Harris occurred or did not occur.

Ms. Harris requests the Court to overrule the objections and order the interrogatory to be answered by a date certain.

**Comparator Information**

**REQUEST NO.4:**
Personnel files for Defendant employees with the job title of District Sales Managers, for the past 10 years, including but not limited to all performance evaluations, peer reviews, compensation history, records of any awards or promotions earned, and records of any disciplinary actions taken.

**RESPONSE:**
FedEx objects to this request on the ground that it is overly broad and unduly burdensome, and exceeds the scope of permissible discovery under FRCP 26(b )(1) in that it calls for documents that are not "relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff's claims relate to the termination of her employment, which occurred in 2020, as well as a performance management process that began in 2019. There is no justification under such circumstances for seeking employee files extending back for a period of 10 years. Additionally, this request is not appropriately limited in scope in that it extends to *all* District Sales Managers. FedEx is a large corporation, and requests that Plaintiff confer regarding a reasonable geographic scope.

FedEx objects to the production of copies of responsive documents that are attorney-client privileged and/or entitled to attorney work-product protection, such as extra copies containing attorney notes, included in attorney correspondence, and the like. Nor should such items that postdate the filing of this case by Plaintiff be required to be listed on a privilege log as to do so would
be unduly burdensome.

**SUPPLEMENTAL RESPONSE:**
See responses to Request No. 1 and Request No. 3.

**REQUEST NO.7:**

All sales records and evaluations for District Sales Managers for Field Sales who reported to Michelle Lamb for the past 10 years.

**RESPONSE:**

FedEx objects to this request on the ground that it is overly broad and unduly burdensome, and exceeds the scope of permissible discovery under FRCP 26(b )(1) in that it calls for documents that are not "relevant to any party's claim or defense and proportional to the needs of the case." Plaintiff's claims relate to the termination of her employment, which occurred in 2020, as well as a performance management process that began in 2019. There is no justification under such circumstances for seeking employee files extending back for a period of 10 years.

FedEx objects to the production of copies of responsive documents that are attorney-client privileged and/or entitled to attorney work-product protection, such as extra copies containing attorney notes, included in attorney correspondence, and the like. Nor should such items that postdate the filing of this case by Plaintiff be required to be listed on a privilege log as to do so would be unduly burdensome.

**SUPPLEMENTAL RESPONSE:**

Without waiving the previous objections, FedEx is producing data (including sales records and other metrics) that Ms. Lamb reviewed regarding Plaintiff's termination. *See* Bates numbered 19-21, 2570-2586; FXS_ESI_0140118-FXS_ESI_0141480.

**REQUEST NO.30:**

All documents, including evaluations of other employees' performance and productivity, and any other comparative data, that Defendant considered in arriving at the decision to terminate Ms. Harris's employment.

**RESPONSE:**

FedEx objects to this request on the ground that it seeks documents protected by the attorney-client privilege and the attorney work product doctrine.

FedEx objects to the production of copies of responsive documents that are attorney-client privileged and/or entitled to attorney work-product protection, such as extra copies containing attorney notes, included in attorney correspondence, and the like. Nor should such items that postdate the filing of this case by Plaintiff be required to be listed on a privilege log as to do so would be unduly burdensome.

Subject to and without waiving the foregoing objection, FedEx responds as follows:

FedEx will comply with this request. Such documents, Bates-numbered FXS 19-21, will be produced electronically once the SharePoint website is set up by FedEx IT department for this lawsuit. FedEx believes that additional relevant documents may exist and anticipates making a supplemental production, if any, by December 17, 2021.

**SUPPLEMENTAL RESPONSE:**

Bates-numbered FXS_ES1_0140118 - FXS_ESI_0141480; FXS 2570-2586. In its search of electronically stored information, FedEx has found other responsive documents. FedEx intends to produce such documents as part of its production of responsive information based on the search terms and other particulars discussed during the parties' meet and confer process about electronically stored information.

Plaintiff was a district sales manager at FedEx. Personnel files of her comparators, including coaching, awards, and discipline is needed to compare how FedEx treated its non-Black district sales managers as opposed to Ms. Harris, a Black district sales manager. The attainment percentage of all district sales managers at FedEx while Ms. Harris was employed is also needed to compare to Ms. Harris's attainment percentage, closed business tracking (CBT) records, calls on opportunities, pricing activity, and collaborate to close records. FedEx states that it terminated Ms. Harris for performance reasons, partly because her attainment percentage, CBTs, calls on opportunities, pricing activity, and collaborate to close records were less than her peers. Exhibit 2. Exhibit 3 (Lamb 31:1-32:15). Ms. Harris says this is not true, that there were peers who performed lower and were not disciplined or terminated dan who were no Blac and did not complain of discrimination. Plaintiff needs to see this comparator information to verify FedEx's allegations.

Ms. Harris's ranking information with all district sales managers at FedEx while Ms. Harris was a district sales manager is also relevant and discoverable. FedEx stated that Ms. Harris's ranking was lower than her peers for an extended period of time but did not provide the data it relied upon when making this conclusory statement. Exhibit 2. Exhibit 3 (Lamb 31:1-32:15).

FedEx also relied on the sales records in the Long Horn Region, the region under Plaintiff's managing director, to claim that Ms. Harris was underperforming. Exhibit 2. Exhibit 3 (Lamb 31:1-32:15). Ms. Harris's managing director manipulated Ms. Harris's sales records by mis-aligning key accounts. If the BJ Services and 4G Dental accounts were properly aligned to Ms. Harris instead of Ms. Harris's managing director not following the alignment rules, FedEx would have no excuse to terminate Plaintiff. FedEx provided two quarters of this underlying information, but not the remaining four to six quarters. Ms. Harris requests the Court order FedEx to produce the sales records in the Long Horn Region under Michelle Lamb, the records for all quarters of sales showing the impact of the BJ Services and 4G Dental account misalignments, the FedEx alignment policy, and the documents and policies that the Sales Compensation Team looked at the alignment exception for the BJ Services account.

**INTERROGATORY NO. 7:**
Please identify all Defendant employees who worked or were assigned to the Ms. Harris's team for the last 10 years she was employed by Defendant. For each employee, please include the name, race, position, dates of employment, and dates assigned to Ms. Harris's team.

**RESPONSE:**

FedEx objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by FRCP 26(b )(1). Plaintiffs claims relate to the termination of her employment, which occurred in 2020, as well as a performance management process that began in 2019. There is no justification under such circumstances for seeking Plaintiffs reports over the last 10 years. FedEx is willing to meet and confer with Plaintiff to understand why the request is for 10 years.

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

Subject to and without waiving the foregoing objections, FedEx responds as follows: FedEx will provide a list of the individuals who reported to Plaintiff as a manager for the period beginning February 1, 2015 and will provide race, position and the dates that each individual was assigned to Plaintiff. FedEx will provide this information pursuant to FRCP 33(d), and anticipates supplementing this response by December 17, 2021.

**SUPPLEMENTAL RESPONSE:**

FedEx further objects that providing information that predates Plaintiff working in Texas is not proportional to the needs of the case as required by FRCR 26(b )(1 ). Subject to and without waiving the forgoing objections, FedEx responds as follows:

Pursuant to Rule 33(d), FedEx refers Plaintiff to the document Bates-numbered FXSESI 0014, which is a spreadsheet that lists persons who had Plaintiff as their assigned manager February 1, 2015 through the end of December 2019. Specifically, the spreadsheet contains a static representation of the FedEx employees who reported up to Ms. Harris on that particular day. The spreadsheet also contains the other requested information.

FedEx agreed to provide this information on December 17, 2021, for the period of February 1, 2015, when Ms. Harris first became a manager at FedEx, until the date of her termination. Exhibit 1. FedEx supplemented its answer stating that it provided the information. The information FedEx provided is incomplete. FedEx did not include the dates of employment or the race of the individuals. Ms. Harris

requests the Court to overrule the objections and order the interrogatory and requests for production to be answered within seven days of the Court's ruling.

WHEREFORE, Plaintiff requests that the Court grant her motion to compel.

Respectfully submitted,

*/s/ Brian P. Sanford*
    Brian P. Sanford
    Texas Bar No. 17630700
    bsanford@sanfordfirm.com
    Elizabeth "BB" Sanford
    Texas Bar No. 24100618
    esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
JENNIFER HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*

*Plaintiff's Motion to Compel*                                    *Page 13*