IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendants*. | § | |
| | § | |

**PLAINTIFFS' APPENDIX IN
<u>SUPPORT OF PLAINTIFF'S MOTION TO COMPEL</u>**

TO THE HONORABLE KENNETH M. HOYT:

<u>**TABLE OF CONTENTS**</u>

| *Exhibit* | *Description* | *Page Number* |
|:---:|:---|:---:|
| 1 | Conference with Opposing Counsel | Appx 1-22 |
| 2 | Request for Termination Form | Appx 23-25 |
| 3 | Michelle Lamb Deposition Excerpts | Appx 26-28 |

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF**
**JENNIFER HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*

# Exhibit 1

| | |
|---|---|
| **From:** | Barak Babcock |
| **To:** | Elizabeth Sanford; Christopher Ahearn |
| **Cc:** | Brian Sanford |
| **Subject:** | RE: Harris v. FedEx |
| **Date:** | Monday, January 31, 2022 8:27:07 AM |

Yes.

**From:** Elizabeth Sanford <esanford@sanfordfirm.com>
**Sent:** Monday, January 31, 2022 8:23 AM
**To:** Barak Babcock <barak.babcock@fedex.com>; Christopher Ahearn
<christopher.ahearn@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** [EXTERNAL] RE: Harris v. FedEx

---

**Caution! This email originated outside of FedEx. Please do not open attachments or click links
from an unknown or suspicious origin.**

---

Barak,

I'll double the mail this morning to see.

I copied and pasted that from our Monday discussion. You sent me proposed
search terms and I'm about to respond in writing to those.

Do you still intent to verify your amended interrogatory responses?

Thanks,
BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233

**SANFORD | FIRM**
ATTORNEYS AT LAW

**From:** Barak Babcock <barak.babcock@fedex.com>
**Sent:** Monday, January 31, 2022 8:21 AM
**To:** Elizabeth Sanford <esanford@sanfordfirm.com>; Christopher Ahearn
<christopher.ahearn@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

BB,

I have asked to have the package tracked with the drive with documents.  I am surprised it was not
delivered Friday.

Thanks for the email, we will review it in more detail.  But, wanted to discuss the first bullet.

- Please provide a signed verification as the FRCP 33 states that responses must be answered under oath. Fed. R. Civ. Pro. 33(b)(3). <span style="color:red">You verify your interrogatory responses when you amend your interrogatories which should be in less than two weeks. You anticipate uploading more documents to your server on Wednesday that will subsequently be produced to plaintiff in about seven days. You will produce more documents when search terms are decided. You will send me your proposed search terms today.</span>

We provided search terms last week.

Thanks.

BJB

**From:** Elizabeth Sanford <<u>esanford@sanfordfirm.com</u>>
**Sent:** Monday, January 31, 2022 8:16 AM
**To:** Christopher Ahearn <<u>christopher.ahearn@fedex.com</u>>; Barak Babcock
<<u>barak.babcock@fedex.com</u>>
**Cc:** Brian Sanford <<u>bsanford@sanfordfirm.com</u>>
**Subject:** [EXTERNAL] RE: Harris v. FedEx

> <span style="color:red">**Caution! This email originated outside of FedEx. Please do not open attachments or click links from an unknown or suspicious origin.**</span>

Thanks for meeting with me last week to finish our discovery conference.

Here is a summary of what we discussed. Let me know if you remember something differently.

## Responses to First Interrogatory Request:

- Please provide a signed verification as the FRCP 33 states that responses must be answered under oath. Fed. R. Civ. Pro. 33(b)(3). <span style="color:red">You verify your interrogatory responses when you amend your interrogatories which should be in less than two weeks. You anticipate uploading more documents to your server on Wednesday that will subsequently be produced to plaintiff in about seven days. You will produce more documents when search terms are decided. You will send me your proposed search terms today.</span>
- No. 1: Please answer this interrogatory under oath. Rule 33(d) is not sufficient to prevent FedEx from responding to this interrogatory because the documents produced are not taken under oath. Secondly, FedEx has not produced documents FXS 19-21 and instead asserted the attorney

client and work product privileges. You will produce FXS 19-21. These are the requests for termination docs from manager to HR. and letter of termination that will be produced.

- No. 2: Let's discuss any confusion you have over the question and try to resolve your objection.  You disclose any non-lawyers at FedEx who were asked to "weigh in" to employees at FedEx. You have disclosed all of those people.
- No. 3: This is not overbroad. The Plaintiff's comparator is specific information Plaintiff is entitled to know. Please remove this objection so that Plaintiff knows Defendant has fully answered under oath. You stated that this request is overly broad because Mr. Harris had other duties from around the country and you don't know if we are missing something that is not germane to her termination. You gave the example that reading emails is not part of your duties as a lawyer and yet you read emails on a daily basis. You proposed adding a sentence to the request: with respect to Ms. Harris's principle job duties. That would make the request more clear to you. You stated that the answer is still just Ms. Solgot. You will supplement this with salary and dates of employment, and other information requested.
- No. 7: Plaintiff has a long tenure with Defendant with a great work history and managed or worked with a team for over 10 years while employed for Defendant. Plaintiff is not asking for personnel files of each team member, nor every person who Plaintiff interacted with while employed at FedEx. Plaintiff simply requests a list with some relevant, identifying information about Ms. Harris's teams. 10 years is the appropriate scope. Your supplemental response will reference bates number to response that will be a native spreadsheet. You stated that Ms. Harris became a manager on September 1, 2016, according to FXS 1260. **After checking with Ms. Harris, she stated that she became a manager in February of 2015 as a Business Sales Inside Manager in Memphis.** You will limit your responses to the scope to the time frame that Ms. Harris became a manager.
- No. 8: The scope is narrowly tailored to this case because it is limited to race discrimination or retaliation complaints for the last five years. Plaintiff does not request all ethical complaints and five years is limited in timeliness. Plaintiff does mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity, but also any retaliation complaints about race or ethnicity. Please produce all complaints within this scope. Plaintiff attempted to provide clarification by stating it wanted informal and formal complaints, such as a complaint to an ethics hotline. We can discuss further if you still do not understand. Please respond. You stated that your objection was because you didn't know what constituted an informal complaint.  You described that FedEx we has three systems in which all of these complaints are documented: the hotline, internal EEO complaints, and external charges. You proposed

replacing "formal or informal" with the word "written."  You also proposed limiting it to only the employees in Ms. Harris's VP chain of command and limiting it to race discrimination. I was okay with changing the request to "written" complaints, if the complaints include email complaints and reports of discrimination. **I propose changing the scope to complaints made in Texas and the out of non-Texas offices/facilities in which Ms. Harris worked.** We can discuss this new scope on our Wednesday call.

- No. 9: This request is narrowly tailored for the same reasons as No. 8. Please respond. You proposed changing the scope to only the time frame in which Ms. Harris was a manager and only the employees in Ms. Harris's chain of command. time scope is okay but only in Ms. Harris's VP chain of command. **I propose changing the scope to litigation in Texas and the litigation arising out of any offices/facilities in which Ms. Harris worked.** We can discuss this new scope on our Wednesday call.
- No. 11: Net worth means the value of assets of FedEx minus the liabilities it owes. Please respond. You sent me a link below in this email chain to the appropriate FedEx 10Q from December 2021 and stipulate that the information in the SEC filings can judicially noticed.

**Responses to First Request for Production:**

- No. 1: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. FedEx does not do peer reviews. You will produce responsive information but did not give a date certain by which you will do this.
- No 2: This is not overly broad. Let's discuss what you think an appropriate scope it. You proposed limiting the scope to the time period in which Ms. Harris worked with Ms. Lamb. You agreed to limit the custodians to HR professionals and Ms. Harris's management chain, specifically Kristie Castilow, Mack _____? (I'm not sure who this person is), Michael Clark, Michelle Lamb, Cathy ____ (who is this?), Adrian Webster (who is this?), Dave Russel, James Wallace, and Jennifer Harris. You do not agree to produce documents of her peers until after we agree on search terms, which you will send to me today. You stated concerns about fully preparing your 30b6 witness if there is a large data dump. You will give all emails between Ms. Harris and Ms. Lamb. **Plaintiff proposes the custodians be anyone either party listed in their disclosures.**
- No. 3: This is relevant and not overly broad. Decision maker information is discoverable. Please produce. You stated that you will produce these documents but did not give a date certain.
- No. 4: This is relevant and not overly broad. Comparator information is discoverable. Please produce. You agreed to produce Ms. Lamb and Ms. Harris's personnel file and the personnel files for Ms. Harris's peers, including disciplinary and performance evaluations. I stated that I did not

need any medical information in the employee's file. I am looking for all disciplinary action, PTO documentation, complaints made, bonuses received, and any other information that would compare how Ms. Lamb treated Ms. Lamb as compared to her peers. The personnel files of Ms. Lamb's peers and other managers are relevant because they compare Ms. Lamb's treatment of her employees to other managers on Ms. Lamb's level and their treatment of their direct reports. For example, how Ms. Lamb's discipline of her team's conduct should be compared to how other managers on Ms. Lamb's level discipline direct reports.

- No. 5: This is relevant and not overly broad. Comparator and team information is discoverable. Please produce. You argued that Ms. Harris wasn't disciplined for how Ms. Harris was disciplining her employees; therefore, you argue that this information is not relevant. You also suggested that only information in 2019, the year Ms. Harris received a PIP, is appropriate. I stated that I could not agree to that limited of a scope and the information is relevant because how Ms. Harris disciplined and evaluated her direct reports or how her peers were treated shows the type of employee Ms. Harris was.

- No. 6-7: This is relevant and not overly broad. Comparator information is discoverable. Please produce. For Request Number 6, similar arguments were made as above. All personnel files of Ms. Harris's team members, her peers, Ms. Harris's comparators, Ms. Lamb, Ms. Lamb's peers are relevant and important to compare how FedEx treated Ms. Harris to others. For Request Number 7, you stated that you will produce comparative sales data but did not give specifics on the type of documents that will be produced.

- No. 8: This is relevant and not overly broad. Decision maker information is discoverable. Please produce. You stated that you will produce documents where this data will be aggregated in a spreadsheet. You informed me that it may look different than what Ms. Harris received. You will only produce documents for field sales manager who reported to Ms. Lamb and Ms. Lamb.

- No. 9: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. You have these documents and will produce but did not give a date certain.

- No 10: This is not overly broad. Plaintiff needs to verify that all appropriate policies, procedures, and manuals are produced, and the table of contents is the most efficient way to do so. Please produce. You previously produced the TOC of employment and EEO type files. You gave all polices regarding investigations, complaints, reports. You don't have a manual on how to investigate complaints. You will search for more relevant documents. I stated that I need the TOC for all polices to verify that the relevant full policies were produced.

- No. 11: This is not overly broad. Defendant's patterns and practices are at

issue and 10 years is a reasonable time frame. Please produce. We had the same conversation as Request Number 10.

- No. 12: This is not overly broad. Plaintiff is entitled to know the insurance coverage for the claims in this case. Please produce. You stated that FedEx is self-insured up to $5 million and will not produce the insurance policy above that.
- No. 13: This is not overly broad and no supplemental production has been produced. Plaintiff is entitled to discover the training and investigative procedures. Please produce. You stated that you will produce the training history of people who did the investigation in a log. You give "relevant" training materials. You will not produce any videos, only scripts for training videos. You stated that if Plaintiff's counsel wants a particular video based on what the script says that I can request that after I receive the request. I stated that there are (cheap) programs that can video someone's screen going through the video training and it is not difficult to produce. We want all training videos on discrimination, retaliation, and investigations of those complaints.
- No. 14: This is not overly broad. Please produce the full scope of documents requested. We discussed the scope of this in Request Number 10.
- No. 16: This is sufficiently precise. Let's discuss any confusion you have over the request. Please remove the objection. Plaintiff cannot tell if Defendant is hiding documents behind the objection or not. You stated that the word "procedures" is too broad. However, you stated that "procedures" is not overly broad if limited to the subject matter of this case.  You will tell me if you are withholding a doc based on an objection.

This is where we began our conversation on Wednesday at 10am CT.

- No. 17-19: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. Already gave compensation package. Not intentionally withholding any document that was considered by FedEx in dealing with Ms. Harris's employment.
- No. 20: I apologize for the typo. The request should read "…reviewed by or prepared by for each consulting…" Please remove your vague and ambiguous objection with that correction. You don't have an expert yet.
- No. 22: An "equally available" is not an appropriate objection. If the documents are in your possession, you have an obligation to produce. Please remove the objection. Plaintiff does not know if Defendant is hiding documents because of that objection. You made a FOIA request.
- No. 23-26: This is not overly broad. If the defendant objects to the scope, it must propose a scope that it thinks is appropriate. Defendant has not done so. Defendant has not given any proposed search terms. Please produce the full scope requested or provide a new scope. You maintain this is too large for Request. Scope is the same for all ESI. You will not

privilege log any core work product.
- 25: You are not going to look for a final paycheck. You won't search for every reference to Ms. Harris after she left – just documents related to any complaints made by Harris
- 26: you will give us Ms. Harris's email after a privilege review. **You asked me if Ms. Harris communicated with anyone in the legal department regarding disciple. After speaking with Ms. Harris, I can confirm that she did not.**
- No. 28-29: These are not vague or ambiguous. Let's discuss any confusion you may have over these requests. They are sufficiently precise. You are producing the entire disciplinary file and your usual practice is to ask HR professionals about their notes.
  - 29: no employment contract with Ms. Harris. No contractual rights with bonus structure. You will produce any document sufficient to describe the bonus structure for someone in Ms. Harris's position.
- No. 30: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. You will produce.
- No. 31: I apologize for the typo. The request should read, "…complaints of race discrimination against Defendant…" With that correction, please produce responsive documents. You will produce these documents with that typo change, subject to a privilege review.
- No. 32: "Complaints" is not overly broad, vague, or ambiguous. This is a common word used in companies for employment investigations and employee reports about discrimination occurrences in the workplace. Furthermore, the word "complaints" is used in other requests and the Defendant did not object to the word. Please remove your objection and produce. You will produce documents related to Plaintiff's internal complaints and charge of discrimination. Not complaints like Ms. Harris is mad about being at a meeting.
- No. 33-34: This is not overly broad. The request is limited to an appropriate temporal scope and is incredibly relevant to the case because Defendant's pattern and practice around discrimination complaints, occurrences, and lawsuits in the workplace is at issue. Please produce. Services to HR switched how they were tracking complaints in 2017. Don't know if we have readily accessible data prior to that. You will check on that date and information. You want to limit it to that time period. 2017 to date of termination. Three buckets of complaints. I suggested limiting it to Texas and office where harris worked. You disagreed and said that scope is too large. You say that we are entitled to know about the sale department of FedEx services not other departments like the IT department. You propose complaints and lawsuits for managers, not front line. Sales manager under the same VP organization as Ms. Harris = what you want if there is motion practice. You aren't sure if you will produce anything until this scope is decided. You will probably produce the scope that you prefer and but it at the back of the line and produce the things

like emails that

- No. 37-38: FedEx does not have any organizational charts that include Ms. Harris or Ms. Lamb? What organizational charts does FedEx have? FedEx does not have an org chart and there is no tree that is historically maintained. I will ask about this at the 30b6 deposition.
- No. 39-40: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. Job descriptions are coming soon – you will give Ms. Harris's job description when she began working for Michelle Lamb up until her time of termination. You will give the job description of Michelle Lamb's position that existed in 2017 until termination of Ms. Harris. I may re-ask after a deposition.

I also want to follow up on the depositions that we requested back in September 2021. Do you have any potential dates for them, yet? Here is the list of the witnesses, again, and the order we would like to take them in for your reference: Plaintiff will depose these witnesses virtually and will send a zoom link.

1. Corporate Representative(s) I will get you the topics.
2. Michelle Lamb You have control over this witness and will produce for deposition
3. Jim Wallace This is a former employee and you will let me know if you have control over this witness.
4. Dave Russell You will let me know if you have control over this witness
5. Dan Mullally You are not sure if you have control over this witness. You do not want Plaintiff to depose this witness because he is a SVP and you do not think he is relevant to the litigation.
6. Kristie Castilow She is still an employee and you will produce for deposition.
7. Michael Clark He is still an employee and you will produce for deposition.

As for the net worth of FedEx which we did not discuss over the phone on Wednesday but spoke about on Monday and exchanged numerous emails – would you provide a balance sheet for FedEx services or stipulate that the 10K can be presented to the jury to show Defendant's net worth? This goes towards punitive damages.

I have a couple of proposals for the search terms, but will put those in the separate email chain that we have going for search terms.

Thanks,
BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233



**SANFORD | FIRM**
ATTORNEYS AT LAW

**From:** Christopher Ahearn <christopher.ahearn@fedex.com>
**Sent:** Tuesday, January 25, 2022 4:53 PM
**To:** Elizabeth Sanford <esanford@sanfordfirm.com>; Barak Babbock <barak.babcock@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

Elizabeth, let's discuss the finance issue tomorrow.

My principal concern is that it may not be accurate to think about the amount of FedEx Corporate Services' available resources to satisfy a judgment, in terms of "net worth." You use the phrase, for example "the net worth shown on the balance sheet on the Form 10Q." But, the phrase "net worth" does not appear in that document to my knowledge. I am <u>not</u> an expert in accounting or corporate finance so I could be totally missing the mark here and spotting an issue that's not there.

My principal concern is that whatever financial information is presented to the jury or disclosed in discovery, it is *accurate*, and based on the most currently available information.

**Christopher M. Ahearn** | Sr. Counsel, Legal - Employment Litigation | Federal Express Corporation | Office 901.434.8600 | Mobile 949.798.9090 | 3620 Hacks Cross Road, Building B, 3rd Floor, Memphis, TN 38125 | fedex.com
*Admitted to practice in California. Not yet admitted to practice in Tennessee. Registered for practice pending admission (TN Sup. Ct. R. 10.07).

---

**From:** Elizabeth Sanford <esanford@sanfordfirm.com>
**Sent:** Tuesday, January 25, 2022 4:31 PM
**To:** Barak Babcock <barak.babcock@fedex.com>; Christopher Ahearn <christopher.ahearn@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** [EXTERNAL] RE: Harris v. FedEx

**Caution! This email originated outside of FedEx. Please do not open attachments or click links from an unknown or suspicious origin.**

Thanks, Barak.

I originally had a meeting that started at 12pm CT tomorrow, which would have only given us two hours to confer since we are scheduled to begin at 10am CT. Fortunately, that meeting has been moved. However, I'm hopeful that since we conferred for almost two hours yesterday it will take us less than two hours tomorrow.

I am reviewing your proposed search terms that you sent over today.

Yes, if you think that any of my notes are incorrect, please indicate. That might speed the process up and we can pinpoint any requests that we covered yesterday that we need to clarify.

As a follow up on a few more things:

- You stated that FedEx Services is self-insured up to $5million, and would not produce your insurance agreement. We do want and need the full insurance agreement. FRCP 26(1)(iv) requires the disclosure of the full insurance agreement to satisfy all or part of a possible judgment. Please provide the full insurance agreement, not just the dec page.

- Regarding net worth and link to the 10Q you sent, I want to make sure there is no confusion. To be clear, you are not going to contest that the net worth of FedEx services is less than the net worth shown on the balance sheet on the Form 10Q or 10K filed with the SEC. The 10Q and 10k is of FedEx Corporation and not a subsidiary. We just want to avoid an argument at trial that the net worth of FedEx Corporation is not relevant for the jury considering punitive damages for the defendant in this case.

I look forward to finishing our meet and confer on Defendant's discovery responses to Plaintiff's First Set of Interrogatories and First Requests for Production tomorrow.

Thanks,
BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233

**S A N F O R D | F I R M**
ATTORNEYS AT LAW

---

**From:** Barak Babcock <barak.babcock@fedex.com>
**Sent:** Tuesday, January 25, 2022 4:03 PM
**To:** Elizabeth Sanford <esanford@sanfordfirm.com>; Christopher Ahearn <christopher.ahearn@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

BB,
We will be prepared to discuss your notes (in red) during the call tomorrow.  Since we are having another call, it does not seem like a good use of time to add our notes to this memorialization.  But, by way of example, in response to RFP No. 2, we have not yet agreed to produce documents of "peers".  It is true that we indicated we should see how much data already exists from the custodians we proposed.  The individuals we proposed should all be on our 26 disclosures.  In any event, we can continue the meet and confer process tomorrow.

I think it is best to start the call with discussing search terms and other electronic data issues.  That way we can be sure to have that process underway.  I believe you may have limited time tomorrow and I am traveling Thursday and Friday for work.

Looking forward to speaking with you tomorrow morning.

BJB

---

**From:** Elizabeth Sanford <esanford@sanfordfirm.com>
**Sent:** Tuesday, January 25, 2022 8:56 AM
**To:** Christopher Ahearn <christopher.ahearn@fedex.com>; Barak Babcock
<barak.babcock@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** [EXTERNAL] RE: Harris v. FedEx

> **Caution! This email originated outside of FedEx. Please do not open attachments or click links from an unknown or suspicious origin.**

Chris and Barak,

My notes from our call are in red. I've highlighted some portions by bolding or yellow highlight. I'll be on the look out for your zoom link for our 10am CT conference on Wednesday.

Let me know if you remember anything differently.

**Responses to First Interrogatory Request:**

- Please provide a signed verification as the FRCP 33 states that responses must be answered under oath. Fed. R. Civ. Pro. 33(b)(3). You verify your interrogatory responses when you amend your interrogatories which should be in less than two weeks. You anticipate uploading more documents to your server on Wednesday that will subsequently be produced to plaintiff in about seven days. You will produce more documents when search terms are decided. You will send me your proposed search terms today.
- No. 1: Please answer this interrogatory under oath. Rule 33(d) is not sufficient to prevent FedEx from responding to this interrogatory because the documents produced are not taken under oath. Secondly, FedEx has not produced documents FXS 19-21 and instead asserted the attorney client and work product privileges. You will produce FXS 19-21. These are the requests for termination docs from manager to HR. and letter of termination that will be produced.
- No. 2: Let's discuss any confusion you have over the question and try to resolve your objection. You disclose any non-lawyers at FedEx who were asked to "weigh in" to employees at FedEx. You have disclosed all of those people.
- No. 3: This is not overbroad. The Plaintiff's comparator is specific information Plaintiff is entitled to know. Please remove this objection so that Plaintiff knows Defendant has fully answered under oath. You stated that this request is overly broad because Mr. Harris had other duties from

around the country and you don't know if we are missing something that is not germane to her termination. You gave the example that reading emails is not part of your duties as a lawyer and yet you read emails on a daily basis. You proposed adding a sentence to the request: with respect to Ms. Harris's principle job duties. That would make the request more clear to you. You stated that the answer is still just Ms. Solgot. You will supplement this with salary and dates of employment, and other information requested.

- No. 7: Plaintiff has a long tenure with Defendant with a great work history and managed or worked with a team for over 10 years while employed for Defendant. Plaintiff is not asking for personnel files of each team member, nor every person who Plaintiff interacted with while employed at FedEx. Plaintiff simply requests a list with some relevant, identifying information about Ms. Harris's teams. 10 years is the appropriate scope. Your supplemental response will reference bates number to response that will be a native spreadsheet. You stated that Ms. Harris became a manager on September 1, 2016, according to FXS 1260. **After checking with Ms. Harris, she stated that she became a manager in February of 2015 as a Business Sales Inside Manager in Memphis.** You will limit your responses to the scope to the time frame that Ms. Harris became a manager.

- No. 8: The scope is narrowly tailored to this case because it is limited to race discrimination or retaliation complaints for the last five years. Plaintiff does not request all ethical complaints and five years is limited in timeliness. Plaintiff does mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity, but also any retaliation complaints about race or ethnicity. Please produce all complaints within this scope. Plaintiff attempted to provide clarification by stating it wanted informal and formal complaints, such as a complaint to an ethics hotline. We can discuss further if you still do not understand. Please respond. You stated that your objection was because you didn't know what constituted an informal complaint.  You described that FedEx we has three systems in which all of these complaints are documented: the hotline, internal EEO complaints, and external charges. You proposed replacing "formal or informal" with the word "written."  You also proposed limiting it to only the employees in Ms. Harris's VP chain of command and limiting it to race discrimination. I was okay with changing the request to "written" complaints, if the complaints include email complaints and reports of discrimination. **I propose changing the scope to complaints made in Texas and the out of non-Texas offices/facilities in which Ms. Harris worked.** We can discuss this new scope on our Wednesday call.

- No. 9: This request is narrowly tailored for the same reasons as No. 8. Please respond. You proposed changing the scope to only the time frame in which Ms. Harris was a manager and only the employees in Ms. Harris's

chain of command. time scope is okay but only in Ms. Harris's VP chain of command. **I propose changing the scope to litigation in Texas and the litigation arising out of any offices/facilities in which Ms. Harris worked.** We can discuss this new scope on our Wednesday call.

- No. 11: Net worth means the value of assets of FedEx minus the liabilities it owes. Please respond. You sent me a link below in this email chain to the appropriate FedEx 10Q from December 2021 and stipulate that the information in the SEC filings can judicially noticed.

**Responses to First Request for Production:**

- No. 1: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. FedEx does not do peer reviews. You will produce responsive information but did not give a date certain by which you will do this.
- No 2: This is not overly broad. Let's discuss what you think an appropriate scope it. You proposed limiting the scope to the time period in which Ms. Harris worked with Ms. Lamb. You agreed to limit the custodians to HR professionals and Ms. Harris's management chain, specifically Kristie Castilow, Mack _____? (I'm not sure who this person is), Michael Clark, Michelle Lamb, Cathy ____ (who is this?), Adrian Webster (who is this?), Dave Russel, James Wallace, and Jennifer Harris. You do not agree to produce documents of her peers until after we agree on search terms, which you will send to me today. You stated concerns about fully preparing your 30b6 witness if there is a large data dump. You will give all emails between Ms. Harris and Ms. Lamb. **Plaintiff proposes the custodians be anyone either party listed in their disclosures.**
- No. 3: This is relevant and not overly broad. Decision maker information is discoverable. Please produce. You stated that you will produce these documents but did not give a date certain.
- No. 4: This is relevant and not overly broad. Comparator information is discoverable. Please produce. You agreed to produce Ms. Lamb and Ms. Harris's personnel file and the personnel files for Ms. Harris's peers, including disciplinary and performance evaluations. I stated that I did not need any medical information in the employee's file. I am looking for all disciplinary action, PTO documentation, complaints made, bonuses received, and any other information that would compare how Ms. Lamb treated Ms. Lamb as compared to her peers. The personnel files of Ms. Lamb's peers and other managers are relevant because they compare Ms. Lamb's treatment of her employees to other managers on Ms. Lamb's level and their treatment of their direct reports. For example, how Ms. Lamb's discipline of her team's conduct should be compared to how other managers on Ms. Lamb's level discipline direct reports.
- No. 5: This is relevant and not overly broad. Comparator and team information is discoverable. Please produce. You argued that Ms. Harris

wasn't disciplined for how Ms. Harris was disciplining her employees; therefore, you argue that this information is not relevant. You also suggested that only information in 2019, the year Ms. Harris received a PIP, is appropriate. I stated that I could not agree to that limited of a scope and the information is relevant because how Ms. Harris disciplined and evaluated her direct reports or how her peers were treated shows the type of employee Ms. Harris was.

- No. 6-7: This is relevant and not overly broad. Comparator information is discoverable. Please produce. For Request Number 6, similar arguments were made as above. All personnel files of Ms. Harris's team members, her peers, Ms. Harris's comparators, Ms. Lamb, Ms. Lamb's peers are relevant and important to compare how FedEx treated Ms. Harris to others. For Request Number 7, you stated that you will produce comparative sales data but did not give specifics on the type of documents that will be produced.

- No. 8: This is relevant and not overly broad. Decision maker information is discoverable. Please produce. You stated that you will produce documents where this data will be aggregated in a spreadsheet. You informed me that it may look different than what Ms. Harris received. You will only produce documents for field sales manager who reported to Ms. Lamb and Ms. Lamb.

- No. 9: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm. You have these documents and will produce but did not give a date certain.

- No 10: This is not overly broad. Plaintiff needs to verify that all appropriate policies, procedures, and manuals are produced, and the table of contents is the most efficient way to do so. Please produce. You previously produced the TOC of employment and EEO type files. You gave all polices regarding investigations, complaints, reports. You don't have a manual on how to investigate complaints. You will search for more relevant documents. I stated that I need the TOC for all polices to verify that the relevant full policies were produced.

- No. 11: This is not overly broad. Defendant's patterns and practices are at issue and 10 years is a reasonable time frame. Please produce. We had the same conversation as Request Number 10.

- No. 12: This is not overly broad. Plaintiff is entitled to know the insurance coverage for the claims in this case. Please produce. You stated that FedEx is self-insured up to $5 million and will not produce the insurance policy above that.

- No. 13: This is not overly broad and no supplemental production has been produced. Plaintiff is entitled to discover the training and investigative procedures. Please produce. You stated that you will produce the training history of people who did the investigation in a log. You give "relevant" training materials. You will not produce any videos, only scripts for

training videos. You stated that if Plaintiff's counsel wants a particular video based on what the script says that I can request that after I receive the request. I stated that there are (cheap) programs that can video someone's screen going through the video training and it is not difficult to produce. We want all training videos on discrimination, retaliation, and investigations of those complaints.

- No. 14: This is not overly broad. Please produce the full scope of documents requested. We discussed the scope of this in Request Number 10.

- No. 16: This is sufficiently precise. Let's discuss any confusion you have over the request. Please remove the objection. Plaintiff cannot tell if Defendant is hiding documents behind the objection or not. You stated that the word "procedures" is too broad. However, you stated that "procedures" is not overly broad if limited to the subject matter of this case.  You will tell me if you are withholding a doc based on an objection.

We concluded here for the evening after 1 hour and 35 minutes on our zoom call. We will resume on 10am CT Wednesday morning. You will send the zoom link.

- No. 17-19: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.

- No. 20: I apologize for the typo. The request should read "…reviewed by or prepared by for each consulting…" Please remove your vague and ambiguous objection with that correction.

- No. 22: An "equally available" is not an appropriate objection. If the documents are in your possession, you have an obligation to produce. Please remove the objection. Plaintiff does not know if Defendant is hiding documents because of that objection.

- No. 23-26: This is not overly broad. If the defendant objects to the scope, it must propose a scope that it thinks is appropriate. Defendant has not done so. Defendant has not given any proposed search terms. Please produce the full scope requested or provide a new scope.

- No. 28-29: These are not vague or ambiguous. Let's discuss any confusion you may have over these requests. They are sufficiently precise.

- No. 30: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.

- No. 31: I apologize for the typo. The request should read, "…complaints of race discrimination against Defendant…" With that correction, please produce responsive documents.

- No. 32: "Complaints" is not overly broad, vague, or ambiguous. This is a common word used in companies for employment investigations and employee reports about discrimination occurrences in the workplace. Furthermore, the word "complaints" is used in other requests and the

Defendant did not object to the word. Please remove your objection and produce.

- No. 33-34: This is not overly broad. The request is limited to an appropriate temporal scope and is incredibly relevant to the case because Defendant's pattern and practice around discrimination complaints, occurrences, and lawsuits in the workplace is at issue. Please produce.
- No. 37-38: FedEx does not have any organizational charts that include Ms. Harris or Ms. Lamb? What organizational charts does FedEx have?
- No. 39-40: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.

I also want to follow up on the depositions that we requested back in September 2021. Do you have any potential dates for them, yet? Here is the list of the witnesses, again, and the order we would like to take them in for your reference: Plaintiff will depose these witnesses virtually and will send a zoom link.

1. Corporate Representative(s) I will get you the topics.
2. Michelle Lamb You have control over this witness and will produce for deposition
3. Jim Wallace This is a former employee and you will let me know if you have control over this witness.
4. Dave Russell You will let me know if you have control over this witness
5. Dan Mullally You are not sure if you have control over this witness. You do not want Plaintiff to depose this witness because he is a SVP and you do not think he is relevant to the litigation.
6. Kristie Castilow She is still an employee and you will produce for deposition.
7. Michael Clark He is still an employee and you will produce for deposition.

**Protective Order:** You stated that you will give us a proposed protective order.

Thanks,
BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233

**SANFORD | FIRM**
ATTORNEYS AT LAW

---

**From:** Elizabeth Sanford
**Sent:** Monday, January 24, 2022 5:34 PM
**To:** Christopher Ahearn <christopher.ahearn@fedex.com>; Barak Babcock
<barak.babcock@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

Thanks. I'll send a follow up email of a summary of our conversation today.

I'll see you on Wednesday at 10am CT to finish conferring.

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233

S A N F O R D | F I R M
ATTORNEYS AT LAW

---

**From:** Christopher Ahearn <christopher.ahearn@fedex.com>
**Sent:** Monday, January 24, 2022 4:43 PM
**To:** Elizabeth Sanford <esanford@sanfordfirm.com>; Barak Babcock <barak.babcock@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

We will stipulate that information in SEC filings can be judicially noticed.

**Christopher M. Ahearn** | Sr. Counsel, Legal - Employment Litigation | Federal Express Corporation | Office 901.434.8600 | Mobile 949.798.9090 | 3620 Hacks Cross Road, Building B, 3rd Floor, Memphis, TN 38125 | http://fedex.com
*Admitted to practice in California. Not yet admitted to practice in Tennessee. Registered for practice pending admission (TN Sup. Ct. R. 10.07).

---

**From:** Christopher Ahearn
**Sent:** Monday, January 24, 2022 4:41 PM
**To:** Elizabeth Sanford <esanford@sanfordfirm.com>; Barak Babcock <barak.babcock@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** RE: Harris v. FedEx

Regarding the net worth question, here is a link to the FedEx 10Q from December 2021.

https://d18rn0p25nwr6d.cloudfront.net/CIK-0001048911/52a1779c-aeda-41dc-b482-215d2c35d2e0.pdf

You can also go to http://investors.fedex.com and get a litany of financial info. As you will see in the 10Q, FedEx Corp. Services is a reporting segment.

This does not of course address the question of "net worth" per se, but perhaps you can find something helpful that will not involve an unnecessarily complicated accounting process.

**Christopher M. Ahearn** | Sr. Counsel, Legal - Employment Litigation | Federal Express Corporation | Office 901.434.8600 | Mobile 949.798.9090 | 3620 Hacks Cross Road, Building B, 3rd Floor, Memphis, TN 38125 | http://fedex.com
*Admitted to practice in California. Not yet admitted to practice in Tennessee. Registered for practice pending admission (TN Sup. Ct. R. 10.07).

---

**From:** Elizabeth Sanford <esanford@sanfordfirm.com>
**Sent:** Monday, January 10, 2022 7:56 AM
**To:** Barak Babcock <barak.babcock@fedex.com>; Christopher Ahearn
<christopher.ahearn@fedex.com>
**Cc:** Brian Sanford <bsanford@sanfordfirm.com>
**Subject:** [EXTERNAL] Harris v. FedEx

> **Caution! This email originated outside of FedEx. Please do not open attachments or click links from an unknown or suspicious origin**.

Barak and Chris,

I've had a chance to review your discovery responses and would like to set up a time to talk about them. What is a good time for you this week?

Here is an outline of what I would like to discuss.

**Responses to First Interrogatory Request:**

- Please provide a signed verification as the FRCP 33 states that responses must be answered under oath. Fed. R. Civ. Pro. 33(b)(3).
- No. 1: Please answer this interrogatory under oath. Rule 33(d) is not sufficient to prevent FedEx from responding to this interrogatory because the documents produced are not taken under oath. Secondly, FedEx has not produced documents FXS 19-21 and instead asserted the attorney client and work product privileges.
- No. 2: Let's discuss any confusion you have over the question and try to resolve your objection.
- No. 3: This is not overbroad. The Plaintiff's comparator is specific information Plaintiff is entitled to know. Please remove this objection so that Plaintiff knows Defendant has fully answered under oath.
- No. 7: Plaintiff has a long tenure with Defendant with a great work history and managed or worked with a team for over 10 years while employed for Defendant. Plaintiff is not asking for personnel files of each team member, nor every person who Plaintiff interacted with while employed at FedEx. Plaintiff simply requests a list with some relevant, identifying information about Ms. Harris's teams. 10 years is the appropriate scope.
- No. 8: The scope is narrowly tailored to this case because it is limited to race discrimination or retaliation complaints for the last five years. Plaintiff does not request all ethical complaints and five years is limited in timeliness. Plaintiff does mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity, but also any retaliation complaints about race or ethnicity. Please produce all complaints within this scope. Plaintiff attempted to provide clarification by stating it wanted informal and formal complaints, such as a complaint to an ethics hotline. We can discuss further if you still do not understand. Please respond.

- No. 9: This request is narrowly tailored for the same reasons as No. 8. Please respond.
- No. 11: Net worth means the value of assets of FedEx minus the liabilities it owes. Please respond.

## Responses to First Request for Production:

- No. 1: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.
- No 2: This is not overly broad. Let's discuss what you think an appropriate scope it is.
- No. 3: This is relevant and not overly broad. Decision maker information is discoverable. Please produce.
- No. 4: This is relevant and not overly broad. Comparator information is discoverable. Please produce.
- No. 5: This is relevant and not overly broad. Comparator and team information is discoverable. Please produce.
- No. 6-7: This is relevant and not overly broad. Comparator information is discoverable. Please produce.
- No. 8: This is relevant and not overly broad. Decision maker information is discoverable. Please produce.
- No. 9: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.
- No 10: This is not overly broad. Plaintiff needs to verify that all appropriate policies, procedures, and manuals are produced, and the table of contents is the most efficient way to do so. Please produce.
- No. 11: This is not overly broad. Defendant's patterns and practices are at issue and 10 years is a reasonable time frame. Please produce.
- No. 12: This is not overly broad. Plaintiff is entitled to know the insurance coverage for the claims in this case. Please produce.
- No. 13: This is not overly broad and no supplemental production has been produced. Plaintiff is entitled to discover the training and investigative procedures. Please produce.
- No. 14: This is not overly broad. Please produce the full scope of documents requested.
- No. 16: This is sufficiently precise. Let's discuss any confusion you have over the request. Please remove the objection. Plaintiff cannot tell if Defendant is hiding documents behind the objection or not.
- No. 17-19: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.
- No. 20: I apologize for the typo. The request should read "…reviewed by or prepared by for each consulting…" Please remove your vague and ambiguous objection with that correction.

- No. 22: An "equally available" is not an appropriate objection. If the documents are in your possession, you have an obligation to produce. Please remove the objection. Plaintiff does not know if Defendant is hiding documents because of that objection.
- No. 23-26: This is not overly broad. If the defendant objects to the scope, it must propose a scope that it thinks is appropriate. Defendant has not done so. Defendant has not given any proposed search terms. Please produce the full scope requested or provide a new scope.
- No. 28-29: These are not vague or ambiguous. Let's discuss any confusion you may have over these requests. They are sufficiently precise.
- No. 30: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.
- No. 31: I apologize for the typo. The request should read, "…complaints of race discrimination against Defendant…" With that correction, please produce responsive documents.
- No. 32: "Complaints" is not overly broad, vague, or ambiguous. This is a common word used in companies for employment investigations and employee reports about discrimination occurrences in the workplace. Furthermore, the word "complaints" is used in other requests and the Defendant did not object to the word. Please remove your objection and produce.
- No. 33-34: This is not overly broad. The request is limited to an appropriate temporal scope and is incredibly relevant to the case because Defendant's pattern and practice around discrimination complaints, occurrences, and lawsuits in the workplace is at issue. Please produce.
- No. 37-38: FedEx does not have any organizational charts that include Ms. Harris or Ms. Lamb? What organizational charts does FedEx have?
- No. 39-40: We did not receive a supplemental production on December 17, 2021. When will you be producing those? If you do not plan to produce any more documents, please confirm.

I also want to follow up on the depositions that we requested back in September 2021. Do you have any potential dates for them, yet? Here is the list of the witnesses, again, and the order we would like to take them in for your reference:

1. Corporate Representative(s)
2. Michelle Lamb
3. Jim Wallace
4. Dave Russell
5. Dan Mullally
6. Kristie Castilow
7. Michael Clark

I hope you all had a nice holiday season.

Thanks,

BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113



| | |
|---|---|
| **From:** | Elizabeth Sanford |
| **To:** | Barak Babcock; Christopher Seter |
| **Cc:** | Brian Sanford |
| **Subject:** | Harris v. FedEx |
| **Date:** | Monday, May 23, 2022 11:16:59 AM |

Barak and Chris,

These are the documents that we are still missing from your document production:

- Personnel files of Comparators, including coaching, awards, and discipline
- Sales records in Long Horn Region under Lamb
- Records for all four quarters for sales to show impact of BJ and 4G as compared with others
- Alignment rules
- Documents and policies that Sales Compensation looked at for the alignment exception for BJ Services
- Race of all DSM's at FedEx during last three years of  Harris employment
- Attainment percentage of all DSM's at FedEx during last three years of Harris employment
- CBT's of all DSM's at FedEx during last three years of  Harris employment
- Calls on Opportunities all DSM's at FedEx during last three years of  Harris employment
- Pricing Activity of all DSM's at FedEx during last three years of  Harris employment
- Collaborate to Close of all DSM's at FedEx during last three years of Harris employment
- Richard Holley — EEO complaint and investigation
- Harris's ranking with all DSM's at FedEx during last three years of  Harris employment
- Decliners for all DSM's at FedEx during last three years of  Harris employment

Thanks,
BB

**Elizabeth "BB" Sanford**
Attorney | 1910 Pacific Ave. | Suite 15400 | Dallas, TX 75201
Direct: 469-361-9122 | Fax: 214-919-0113 | Cell: 469-231-7233



# Exhibit 2



# Request for Termination Form

Request for Termination

The Request for Termination (RFT) is required for all involuntary terminations. Review the full process below and complete this form.

1. Management should review the Progressive Corrective Action Policy
2. Direct manager must complete RFT and submit it to the matrix HR Advisor
3. HR management must review and approve before any action is taken
4. HR will advise Management when the necessary approvals have been obtained
5. Manager must complete Termination Letter using template and talking points for involuntary termination meeting located on HR website under Leadership Resources, Exits
6. HR Advisor must approve Termination Letter prior to being administered to employee

| Request for Termination Form: |
|---|
| Management must complete the information below and submit it to their matrix HR Advisor when addressing issues under the Progressive Corrective Action Policy or Acceptable Conduct Policy that may result in an involuntary termination. |
| **Requesting Manager Name/Employee Number:** |
| Michelle Lamb/606780 |
| **Employee Name/Employee Number:** |
| Jennifer Harris/670033 |
| **Date of Hire:** |
| 6/18/2007 |
| **Job Title/Date in Current Position:** |
| District Sales Manager 9/1/2016 |
| **Dates Worked for Current Manager:** |
| Identify when the employee began working for you as their manager and how they came to your organization (i.e. internal job bid, external hire, reorganization, or other mean). |
| Jennifer Harris began reporting to me on 6/1/2017 when a reorganization merged BSF DSM's with field sales DSM's. |
| **Performance Measurements:** |
| If you are terminating based in whole or in part on performance, please describe the employee's performance for the past two fiscal years based upon Performance Coaching Sessions you have had with the employee.  Provide concrete and objective data where possible. |
| Jennifer Harris's sales district has missed revenue targets the past 7 out of 8 quarters.  As her manager, I have met with her one-on-one, for coaching purposes, 27 times in the past 24 months.  Additionally, she and I had weekly phone calls scheduled for coaching and to discuss opportunities in her district.  Jennifer has been placed on 2 Performance Planners, neither of which were completed to a satisfactory level. |
| **Corrective Action Chronology:** |
| List and attach all formal notifications of performance i.e. letters of counseling, warning letters, performance records, performance improvement plans, documented coaching sessions. |
| 6/26/19 – Letter of Counseling and Performance Improvement Plan created |
| 9/13/19 – Letter of Warning and Performance Improvement Plan created |
| All coaching sessions have been documented in One Note. |



|  |
| --- |
|  |
|  |

**Management's Position:**
Narrative with facts supporting the performance or behavior

Jennifer Harris's team is not performing well under her leadership and I see no indication that performance will improve in the future. Multiple leadership deficiencies have been identified including: failure to follow C2G 2.0 rollout instructions, lack of awareness of major district decliners, slow district response to critical objectives/initiatives, failure to identify and close enough business to meet performance expectations.

**Comparable:**
List the name, employee number, job title, race, sex, and age of others in your work group. Additionally, if termination is requested because of conduct, please identify those who have engaged in similar conduct over the past two fiscal years and any corrective action that was taken. If termination is for performance, provide their performance for current fiscal year and prior fiscal year, for all persons in your work group with the same job title, as well those that perform similar work. Include any corrective action that was taken.

| EE Name | EE # | Job Title | Race | Sex | Age | Current Performance | Prior 2 Years Performance | Corrective Action |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Jennifer Harris | 670033 | District Sales Manager | Black | F | 38 | Q3FY20 (as of 1/3/20) = 91.6% | Over plan/# qtrs 1/8 | Yes |
| Richard Holley | 752957 | District Sales Manager | White | M | 61 | Q3FY20 (as of 1/3/20) = 97.4% | Over plan/# qtrs 1/8 | Yes |
| Brian Golden | 331590 | District Sales Manager | White | M | 43 | Q3FY20 (as of 1/3/20) = 128.9% | Over plan/# qtrs 5/8 | No |
| Jaime Golden-McElroy | 542240 | District Sales Manager | White | F | 42 | Q3FY20 (as of 1/3/20) = 111.1% | Over plan/# qtrs 2/8 | No |
| Casey Millner | 874545 | District Sales Manager | White | M | 39 | Q3FY20 (as of 1/3/20) =102.5% | Over plan/# qtrs 2/8 | No |
| Brian Conrey | 922072 | District Sales Manager | White | M | 40 | Q3FY20 (as of 1/3/20) = 122.4% | Over plan/# qtrs 7/8 | No |
| Brian Hickman | 665499 | District Sales Manager | White | M | 37 | Q3FY20 (as of 1/3/20) = 105.9% | Over plan/# qtrs 3/8 | No |
| Matt Wheeler | 820945 | District Sales Manager | White | M | 37 | Q3FY20 (as of 1/3/20) = 119.4% | Over plan/# qtrs 3/8 | No |

**Overall Observations:**
Comment on other important facts supporting this termination (i.e., the employee was suspended for 5 days to investigate the situation).

No.

**Accommodation Requests/ Complaints:**



| Has employee requested a medical accommodation or stated they are not able to do their job because of a medical condition? |
|---|
| No |
| **Formal Complaints:** |
| Identify and explain any known formal complaints made by your employee against FedEx within the last 2 years. (i.e. EXPLORE, Internal/External EEO's). |
| In the past 2 years Jennifer has pursued the Explore process and EEO's have been issued. |
| **Final Paycheck:** |
| When is the employee's final paycheck due? Manager must check <u>Employment Law Manual</u> for verification. |
| 1/14/2020 |
| **Signature of Requesting Manager:** |
| The signature may be typed or physically signed. |
| *Michelle Lamb* |
| If termination is approved, please refer to the Involuntary Termination Checklist that can found on the HR website under Leadership Resources, Exits (approvals may be given in email). |

| **Human Resources Section:** |
|---|
| **Human Resources Advisor Analysis – (Completed by HR Advisor)** |
| |
| **Human Resources Approval Signatures:** |
| |
| |

PI Appx-025

# Exhibit 3

**1**

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
 2                     HOUSTON DIVISION
 3  JENNIFER HARRIS,             *
                                 *
 4       Plaintiff,              *
                                 *
                                 *    CIVIL ACTION
 5  vs.                          *    4:21-cv-1651
                                 *
 6  FEDEX CORPORATE SERVICES,    *
    INC.,                        *
 7                               *
         Defendant.              *
 8
 9
10          ********************************
11       ORAL AND VIDEOTAPED DEPOSITION OF
                 MICHELLE LAMB
12               APRIL 27, 2022
                (Conducted Remotely)
13
            ********************************
14
15
16          ORAL AND VIDEOTAPED DEPOSITION OF MICHELLE
17  LAMB, produced as a witness at the instance of the
18  Plaintiff, and duly sworn, was taken in the above-styled
19  and -numbered cause on the 27th day of April, 2022, from
20  8:29 a.m. to 11:13 a.m., before Leah K. Osteen Dow, CSR
21  in and for the State of Texas, reported remotely by
22  machine shorthand, with the witness being located in
23  Houston, Texas, taken pursuant to the Federal Rules of
24  Civil Procedure and any provisions, stipulations, or
25  agreements stated on the record by counsel.
```

**3**

```
 1                     I N D E X
 2                                                    PAGE
 3  Appearances .......................................    4
 4
 5
    MICHELLE LAMB
 6
        Examination by Ms. Sanford ...................    5
 7
 8  Errata ........................................ 96 - 97
 9
    Reporter's Certification ...................... 98 - 99
10
11
12
13                       EXHIBITS
    EXHIBIT NO.        DESCRIPTION              PAGE
14
                    (None offered.)
15
16
17
18
19
20
21
22
23
24
25
```

**2**

```
 1              A P P E A R A N C E S
                 (Appearing remotely)
 2
 3
 4  FOR THE PLAINTIFF:
 5     Ms. Elizabeth "BB" Sanford (videographer)
       THE SANFORD FIRM
 6     1910 Pacific Avenue
       Suite 15400
 7     Dallas, Texas  75201
       (214) 717-6653
 8     esanford@sanfordfirm.com
 9
10
11  FOR THE DEFENDANT:
12     Mr. Barak J. Babcock
       FEDERAL EXPRESS CORPORATION
13     3620 Hacks Cross Road
       Building B, 3rd Floor
14     Memphis, Tennessee  38125
       (301) 739-0512
15     barak.babcock@fedex.com
16
17
18
    ALSO PRESENT:
19
       Ms. Jennifer Harris
20
21
22
23
24
25
```

**4**

```
 1              P R O C E E D I N G S
 2         THE REPORTER:  Going on the record at 8:29
 3  a.m., April 27, 2022, for the deposition of Michelle
 4  Lamb, being conducted remotely in the matter of Jennifer
 5  Harris vs. FedEx Corporate Services, Inc.
 6         My name is Leah Osteen, Texas CSR 3916,
 7  reporting remotely from Hurst, Texas.  The witness is
 8  located in Houston, Texas.
 9         Would counsel state their appearances and
10  any agreements for the record.
11         MS. SANFORD:  BB Sanford for the
12  Plaintiff, Jennifer Harris.  And Brian Sanford may be
13  joining later, too, but he's not here now.
14         MR. BABCOCK:  Good morning.  Barak Babcock
15  for FedEx.
16         And, Counsel, we've had email traffic, but
17  just to reiterate what we wrote in our March 6, 2022,
18  email, we believe that Zoom deposition recordings
19  recorded in the Zoom app are objectionable to be
20  submitted to the Court or a jury.  So we'll just put
21  that objection on the record.
22         THE REPORTER:  Ms. Lamb, if you'll raise
23  your right hand, I'll swear you in.
24         (Witness placed under oath.)
25              MICHELLE LAMB,
```

**PI Appx-026**

Michelle Lamb - 4/27/2022

29

1  Ms. Harris brought about you?
2      A.  My understanding is Ms. Harris felt that she
3  was treated unfairly.
4      Q.  Were you told any specifics of why she thought
5  she was being treated unfairly?
6      A.  She felt that I wasn't treating her the same as
7  her peers.  That pretty much summarizes what I was told.
8      Q.  Were you told it was because of her race that
9  she felt she was being treated unfairly?
10     A.  Initially I don't recall seeing race as a
11 factor.  Just unfair treatment.
12     Q.  Were you told it was a discrimination
13 complaint?
14     A.  I don't recall that word being used.
15     Q.  Do you recall retaliation complaint?
16     A.  Yes.
17     Q.  And what was your understanding of a
18 retaliation complaint?
19     A.  Jennifer had made some allegations against me
20 and shortly thereafter was issued some performance
21 feedback, disciplinary action.  And she felt that that
22 was done in retaliation for her complaint.
23     Q.  So the timeline is Jennifer Harris makes a
24 complaint about you; she's written up or gets a
25 disciplinary action, and then -- immediately after; and

30

1  so then she complains about retaliation.  True?
2          MR. BABCOCK:  Object to the form.
3      A.  That's my understanding.
4      Q.  Prior to her making a complaint about you, had
5  she received any disciplinary action from you?
6          MR. BABCOCK:  Object to form.
7      A.  Not official disciplinary action; however, we
8  had multiple conversations on performance concerns.
9      Q.  Just oral conversations?
10     A.  That's correct.  I retract.  There were email
11 conversations as well.
12     Q.  But no documented discipline prior to
13 Ms. Harris complaining about you of unfair treatment,
14 true?
15     A.  Correct.
16     Q.  What were some of these -- or could you
17 describe to me or to the jury, prior to documented
18 discipline, these oral and sometimes email discussions
19 you were having about Ms. Harris's performance?
20         MR. BABCOCK:  Object to the form.
21     A.  Generally speaking, our written and verbal
22 coaching conversations centered around performance
23 metrics, and they also centered around some of the
24 activities that I previously referenced as being
25 critical indicators of long-term success.

31

1      Q.  Okay.  So which attributes are you speaking
2  about that Ms. Harris needed improvement on?
3          MR. BABCOCK:  Object to the form.
4      A.  Number one, performance, attainment.
5      Q.  So that's sales goals?  She wasn't meeting her
6  sales goals?
7      A.  That's correct.
8      Q.  And meeting your sales goals is pretty
9  important to FedEx for people in the sales department,
10 true?
11         MR. BABCOCK:  Object to the form.
12     A.  True.
13     Q.  Was she having any issues with call activity?
14         MR. BABCOCK:  Object to the form.
15     A.  I do not recall call numbers being an issue.  I
16 would further say probably call quality, but call
17 numbers were not an issue.
18     Q.  So are you -- were you addressing your concerns
19 with her call quality?
20     A.  Yes, yes.
21     Q.  And what were those concerns?  What did you
22 tell her?
23     A.  Quality sales calls typically will result in
24 pricing activity, opportunities uncovered, and the other
25 activities that I mentioned that lead to performance.

32

1      Q.  Sorry.  Could you explain that to me?
2      A.  Yes.  A productive, well-planned sales call
3  will lead to the uncovering of opportunities, the need
4  to input pricing into our system, and ultimately will
5  lead to closed business.
6      Q.  And so what was Ms. Harris not doing?
7          MR. BABCOCK:  Object --
8      A.  Closing business.
9      Q.  Did Ms. Harris have problems with pricing
10 activity?
11         MR. BABCOCK:  Object to the form.
12     A.  Yes.
13     Q.  What were those problems?
14     A.  There was not adequate call activity generated
15 by her team to impact her performance.
16     Q.  So that sounds the same thing as the call
17 activity.
18         How is call activity different from
19 pricing activity?
20     A.  They're quite closely related from a standpoint
21 of if you execute a great call, you're going to find an
22 opportunity, and that opportunity will result in a need
23 to input pricing for a customer.
24     Q.  So if Ms. Harris is not -- or an employee is
25 not doing good at call activity, they're also by default

8  (Pages 29 to 32)

Michelle Lamb - 4/27/2022

```
                                                      97

 1          ACKNOWLEDGMENT OF DEPONENT

 2     I,_____, do hereby certify that I

 3 have read the foregoing pages, and that the same is a

 4 correct transcription of the answers given by me to the

 5 questions therein propounded, except for the corrections

 6 or changes in form or substance, if any, noted on the

 7 attached Errata.

 8

 9          _____

10          MICHELLE LAMB              DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                                                      99

 1          ____ was not requested by the deponent or a

 2 party before the completion of the deposition.

 3          I further certify that I am neither counsel

 4 for, related to, nor employed by any of the parties or

 5 attorneys to the action in which this proceeding was

 6 taken.  Further, I am not a relative or employee of any

 7 attorney of record in this cause, nor am I financially

 8 or otherwise interested in the outcome of the action.

 9          Subscribed and sworn to on this the 19th day

10 of May, 2022.

11

12

13

14

15          _____

           LEAH K. OSTEEN DOW, Texas CSR

           Certification expires:  4/30/2023

16         Firm Registration No. 392

           Osteen & Associates Reporting Services

17         313 Northglen Dr.

           Hurst, Texas  76054-3024

18         (817) 498-9990

           osteenreporting@gmail.com

19

20

21

22

23

24

25
```

```
                                                      98

 1          IN THE UNITED STATES DISTRICT COURT

         FOR THE SOUTHERN DISTRICT OF TEXAS

 2               HOUSTON DIVISION

 3 JENNIFER HARRIS,

                           *

 4      Plaintiff,         *

                           *    CIVIL ACTION

 5 vs.                     *    4:21-cv-1651

                           *

 6 FEDEX CORPORATE SERVICES, *

   INC.,                   *

 7                         *

      Defendant.           *

 8

   **********************************************

 9          REPORTER'S CERTIFICATION

      ORAL AND VIDEOTAPED DEPOSITION OF

10               MICHELLE LAMB

              APRIL 27, 2022

11 **********************************************

12     I, LEAH K. OSTEEN DOW, Certified Shorthand

13 Reporter in and for the State of Texas, hereby certify

14 to the following:

15     That the witness, MICHELLE LAMB, was duly

16 sworn by me and that the transcript of the oral

17 deposition is a true record of the testimony given by

18 the witness;

19     I further certify that pursuant to FRCP Rule

20 30(f)(1) that the signature of the deponent:

21     _XX__ was requested by the deponent or a party

22 before the completion of the deposition and is to be

23 returned within 30 days from date of receipt of the

24 transcript.  If returned, the attached Errata contain

25 any changes and the reasons therefor;
```

25  (Pages 97 to 99)

Osteen & Associates Reporting Services
817-498-9990