# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JENNIFER HARRIS, | ) |
| | ) |
|    *Plaintiff,* | ) |
| | ) |
| vs. | )     Civil Action 4:21-cv-1651 |
| | ) |
| FEDEX CORPORATION, | ) |
| | ) |
|    *Defendant.* | ) |

## DEFENDANT'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS AND MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to Fed. R. Civ. P. 26, 30, and 37, Defendant FedEx Corporation submits this Motion to compel the Plaintiff to answer questions under oath about her communications (if any) with individuals she may have communicated with since her termination from FedEx including: any other FedEx employees; individuals she identified in her Rule 26 disclosures, and the two other Black managers she testified about in her deposition. During her deposition, Plaintiff's counsel instructed the witness not to answer these categories of questions based on the "work product doctrine." FedEx submits that the work product doctrine does not apply to these categories of discovery and the Court should order Plaintiff to sit for another deposition and reimburse FedEx its reasonable expenses for this second deposition.

FedEx conducted the deposition of Ms. Harris on May 19, 2022. Plaintiff's counsel repeatedly instructed Ms. Harris not to answer questions that would divulge whether or not she has communicated with anyone from FedEx since her termination based on the work product doctrine. *See* Declaration of Barak Babcock, Ex. A. Based on the work product objection and instruction, FedEx was precluded from obtaining testimony from Ms. Harris on: (1) FedEx employees she has

communicated with (and, the details of any such communications) since she left FedEx; (2) if she has communicated with (and, the details of any such communications) Ms. Harris has had since her termination with the individuals she disclosed in her initial disclosures; and, (3) communications (if any) with the two Black managers (Christine Hunter and an unnamed female from California) she identified in her deposition and the details of any such communications. *See id.*

The work product doctrine protects an attorney preparing for trial from inquires into the lawyer's research, analysis, legal theories, and mental impressions. *Hickman v. Taylor*, 329 U.S. 495, 510-511 (1947). The work product doctrine is now embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure, and the rule states that other tangible things otherwise discoverable but prepared in anticipation of litigation should be protected during discovery. *See* Fed. R. Civ. P. 26(b)(3). There are two categories of work product: "ordinary work product", which can be discovered under Rule 26(b)(3)(A)(ii), and "opinion work product", which is defined as the mental impressions, conclusions, or legal theories of a party's attorney or other representative concerning the litigation, which is not discoverable. *See Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 161 (S.D. Tex. 2009). "The parties resisting discovery by asserting any privilege bear the burden of proof sufficient to substantiate their privilege claims and cannot rely merely on a blanket assertion of privilege." *Id.* at 160 (internal citation omitted).

Courts have required a party asserting the work product doctrine to establish: (1) the materials must be documents or tangible things; (2) the materials must be prepared in anticipation of litigation; (3) the materials must be prepared by or for a party's representative; and (4) if the party seeks to show that the material is opinion work product, that party must show that material contains mental impressions, conclusion, opinions or legal theories of an attorney or other

representative of a party.  *See Id.* at 161.  None of the categories of testimony Plaintiff declined to answer based on her attorney's instruction meet any of these categories.  Indeed, FedEx was attempting to discovery Plaintiff's communications, not materials (or, even a tangible object) prepared by her attorney for this litigation.  Plaintiff should be required to provide this testimony.  Further, even if the contents of a party's communications (not her attorney's communications) with third parties could be work product, it is not opinion work product and should be discoverable under Rule 26(b)(3) because FedEx has a substantial need for the material to adequately prepare if a trial becomes necessary.

Finally, instead of or in addition to imposing sanctions, the court must order the disobedient party, the attorney advising the party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  *See Fed. R. Civ. P. 37(b)(2)(C); see also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays or frustrates the fair examination of the deponent.").  The court may impose sanctions at its discretion, as long as two criteria are met:  The party's discovery violation must be willful and the drastic measure is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect.  *See United States of America v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003 (collecting cases).  Here, FedEx is not seeking any sanctions per se and is only seeking its reasonable expenses (i.e., travel expenses, court reporter costs) to complete the deposition.

For the foregoing reasons, the Court should grant FedEx's Motion, order Plaintiff to testify about communications she had with individuals after her termination date and further order that Plaintiff should reimburse FedEx its reasonable expenses to travel to and conduct the deposition.

Respectfully submitted,

*/s/ Barak J. Babcock*
Barak J. Babcock
Tennessee Bar No. 024021
SD No. 2522941
ATTORNEY-IN-CHARGE
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523
Facsimile: (901) 492-9930
Email: barak.babcock@fedex.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's CM/ECF System.

*/s/ Barak J. Babcock*
Barak J. Babcock