IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | JURY DEMANDED |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF JENNIFER HARRIS'S
BRIEF IN SUPPORT OF THE RESPONSE
TO DEFENDANT'S MOTION SUMMARY JUDGMENT**

Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com
**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
JENNIFER HARRIS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... vii

NATURE AND STATE OF THE PROCEEDING .................................................... 1

STATEMENT OF THE ISSUES ............................................................................. 2

SUMMARY OF THE ARGUMENT ........................................................................ 2

LEGAL STANDARD ............................................................................................. 2

THE CIVIL RIGHTS ACT OF 1866 ...................................................................... 3

ISSUE ONE: STATUTE OF LIMITATIONS .......................................................... 4

ISSUE TWO: DISCRIMINATION AND RETALIATION ........................................ 9

    Direct and Circumstantial Evidence .............................................................. 9

    McDonnell Douglas ..................................................................................... 10

    Prima Facie Case of Race Discrimination ................................................... 12

        1.  Protected Class ................................................................................ 12

        2.  Qualified ........................................................................................ 12

        3.  Adverse Employment Action ...........................................................13

        4.  Similarly Situated Employee Outside of Protected
            Class Was Treated More Favorably ...............................................13

    Prima Facie Case of Race Discrimination ................................................... 14

        1.  Protected Activity ........................................................................... 14

        2.  Adverse Employment Action ........................................................... 14

        3.  Causal Connection .......................................................................... 13

    Pretext ......................................................................................................... 16

        1.  Pretext is an Excuse Not Worthy of Belief ....................................17

2.  Ms. Harris Has Abundant Proof of Pretext .................................................. 18

   a.  Proof of Pretext Can Be Exhibited in Many Ways ............................ 18

   b.  Ms. Harris Presents Proof in Multiple Forms .................................. 18

      i.  Disparate Treatment ............................................................... 18

      ii.  Lack of Investigation ............................................................ 19

      iii.  Weaknesses, Implausibilities, Inconsistencies,
            Incoherencies, and Contradictions ........................................ 20

      iv.  Subjective Criteria ................................................................ 21

      v.  Failure to Follow Policies ...................................................... 22

   c.  Proof of Pretext May Be Shown When Evidence is Viewed In Its
       Totality ................................................................................................ 23

CERTIFICATE OF SERVICE ..................................................................................... 25

CERTIFICATE OF COMPLIANCE .............................................................................. 50

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Al-habashv. Raytheon Co.* ,
  4:15-CV-450,2016 WL 6155601 (E.D. Tex. Oct. 24, 2016) .................................................. 15

*Anderson v. Liberty Lobby, Inc.,*
  *477 U.S. 242* (1986) .......................................................................................................... 2

*Andrews v. City of Philadelphia,*
  895 F.2d 1469 (3d Cir. 1990) ............................................................................................ 23

*Barfield v. Fed. Express Corp.*,
  351 F. Supp. 3d 1041 (S.D. Tex. 2019) ........................................................................ 4, 5

*Basse Truck Line, Inc. v. First State Bank*,
  949 S.W.2d 17 (Tex. App. 1997) ...................................................................................... 7

*Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*,
  869 F.3d 381 (5th Cir. 2017) ........................................................................................... 10

*Boehms v. Crowell*,
  139 F.3d 452 (5th Cir. 1998) ........................................................................................... 22

*Bostock v. Clayton Cnty., Georgia*,
  140 S. Ct. 1731 (2020) ....................................................................................................... 9

*Bray v. Marriott Hotels*,
  110 F.3d 986 (3rd Cir. 1997) ........................................................................................... 23

*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006) ....................................................................................................14, 15

*Burnett v. Grattan*,
  468 U.S. 42 (1984) ...................................................................................................passim

*Crawford v. W. Elec. Co., Inc.*,
  614 F.2d 1300 (5th Cir. 1980) ......................................................................................... 21

*Cruzv. Mattis*,
  3:15-CV-0590-D, 2017 WL 6381741 (N.D. Tex. Dec. 14, 2017) ............................................ 16

*Danville v. Reg'l Lab Corp.*,
  292 F.3d 1246 (10th Cir. 2002) .......................................................................................20

*Desert Palace, Inc. v. Costa*,
    539 U.S. 90 (2003) ......................................................................................................... 10, 11

*E.E.O.C. v. Chevron Phillips Chemical Co., LP*,
    570 F.3d 606 (5th Cir. 2009) ................................................................................................. 19

*EEOC v. EmCare, Inc.*,
    857 F.3d 678 (5th Cir. 2017) ................................................................................................. 15

*Evans v. City of*,
    *Hous.*, 246 F.3d 344 (5th Cir.2001) ....................................................................................... 10

*Felder v. Casey*,
    487 U.S. 131 (1988) ................................................................................................................ 6

*Fonseca v. Sysco Food Services of Arizona, Inc.*,
    374 F.3d 840 (9th Cir. 2004) ................................................................................................. 19

*Fuentes v. Perskie*,
    32 F.3d 759 (3rd Cir. 1994) ................................................................................................... 23

*Furnco Construction Corp. v. Waters*,
    438 U.S. 567 (1978) .......................................................................................................... 11, 18

*General Building Contractors Assn., Inc. v. Pennsylvania*,
    458 U.S. 375 (1982) ................................................................................................................ 3

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010) ................................................................................................... 20

*Hindes v. F.D.I.C.*,
    137 F.3d 148 (3d Cir. 1998) .................................................................................................... 6

*Jett v. Dallas Indep. Sch. Dist.*,
    491 U.S. 701 (1989) ................................................................................................................ 3

*Jones v. Alfred H. Mayer Co.*,
    392 U.S. 409 (1968) ................................................................................................................ 3

*Jones v. Preuit & Mauldin*,
    876 F.2d 1480 (11th Cir. 1989) ............................................................................................... 6

*Jones v. R.R. Donnelley & Sons Co.*,
    541 U.S. 369 (2004) ................................................................................................................ 4

*Jones v. Robinson Property Group, L.P.,*
   427 F.3d 987 (5th Cir.2005) ........................................................................ 3

*LeBlanc v. Greater Baton Rouge Port Comm'n,*
   676 F. Supp. 2d 460 (M.D. La. 2009) .......................................................... 3

*Lindsey v. Bio-Med. Applications of Louisiana, L.L.C.,*
   9 F.4th 317 (5th Cir. 2021) ................................................................... 21, 22

*Martin v. Toledo Cardiology Consultants, Inc.,*
   548 F.3d 405 (6th Cir. 2008) ...................................................................... 20

*Mazurkiewicz v. Clayton Homes, Inc.,*
   971 F. Supp. 2d 682 (S.D. Tex. 2013) .......................................................... 5

*McCoy v. City of Shreveport,*
   492 F.3d 551 (5th Cir. 2007) ...................................................................... 16

*McDonnell Douglas v. Green,*
   411 U.S. 792 (1973) .................................................................................... 11

*McIlwain v. Dodd,*
   No. 3:21-CV-406-RGJ, 2022 WL 492986 (W.D. Ky. Feb. 17, 2022) ........... 6

*Medina v. Ramsey Steel Co., Inc.,*
   238 F.3d 674 (5th Cir. 2001) ...................................................................... 21

*Miller v. Knox Cnty.,*
   No. 98-CV-78-B, 2001 WL 15528 (D. Me. Jan. 5, 2001) ............................. 6

*Morgan v. Fed. Exp. Corp.,*
   114 F. Supp. 3d 434 (S.D. Tex. 2015) ........................................................ 4, 5

*Order of United Commercial Travelers of America v. Wolfe,*
   331 U.S. 586 (1947) ....................................................................................... 4

*Owens v. New York City Hous. Auth.,*
   934 F.2d 405 (2d Cir. 1991) ........................................................................ 12

*Patterson v. McLean Credit Union,*
   491 U.S. 164 (1989) *superseded on other grounds* ...................................... 18

*Pollak v. Lew,*
   No. CIV.A. H-11-2550, 2013 WL 1194848 (S.D. Tex. Mar. 22, 2013) ....... 15

*Powell v. Syracuse Univ.,*
   580 F.2d 1150 (2d Cir.) .................................................................................... 12

*Ray v. Tandem Computs., Inc.,*
   63 F.3d 429 (5th Cir. 1995) ............................................................................. 15

*Reeves v. Sanderson Plumbing Prods., Inc.,*
   530 U.S. 133 (2000) ............................................................................. 3, 11, 21

*Roberson v. Alltel Info. Servs.,*
   373 F.3d 647 (5th Cir.2004) ............................................................................... 3

*Rogers v. Missouri Pacific R. Co.,*
   352 U.S. 500 ...................................................................................................... 10

*Russell,*
   235 F.3d .............................................................................................................. 22

*Sandstad v. CB Richard Ellis, Inc.,*
   309 F.3d 893 (5th Cir. 2002) ............................................................................. 10

*Schirle v. Sokudo USA, L.L.C.,*
   484 Fed. Appx. 893 (5th Cir. 2012) ................................................................ 10

*Serrano-Cruz v. DFI Puerto Rico, Inc.,*
   109 F.3d 23 (1st Cir.1997) ................................................................................ 24

*Shager v. Upjohn Co.,*
   913 F.2d 398 (7th Cir.1990) ............................................................................. 24

*Stacks v. Southwestern Bell Yellow Pages, Inc.,*
   27 F.3d 1316 (8th Cir.1994) ............................................................................. 24

*Stennett v. Tupelo Pub. Sch. Dist.,*
   619 Fed. Appx. 310 (5th Cir. 2015) ..........................................................18, 21

*Steward v. Sears Roebuck & Co.,*
   231 Fed. Appx. 201 (3rd Cir. 2007) ................................................................ 23

*Strong v. Univ. Healthcare Sys., L.L.C.,*
   482 F.3d 802 (5th Cir. 2007) ............................................................................ 16

*Swanson v. Gen. Servs. Admin.,*
   110 F.3d 1180 (5th Cir. 1997) .......................................................................... 16

*Taylor v. Peerless Indus. Inc.*,
    322 Fed. Appx. 355 ........................................................................... 13

*Taylor v. Western and Southern Life Ins. Co.*,
    966 F.2d 1188 (7th Cir.1992) ............................................................. 4

*Tex. Dep't of Cmty. Affairs v. Burdine*,
    450 U.S. 248 (1981) ..................................................................... 11, 22

*Tisdale v. Federal Exp. Corp.*,
    415 F.3d 516 (6th Cir. 2005) ............................................................ 20

*Trujillo v. PacifiCorp*,
    524 F.3d 1149 (10th Cir. 2008) ........................................................ 20

*U.S. Postal Service Bd. of Governors v. Aikens*,
    460 U.S. 711 (1983) ......................................................................... 11

*Watkins v. Tregre*,
    997 F.3d 275 (5th Cir. 2021) ...................................................... 10, 21

*Watson v. Norton*,
    10 Fed. Appx. 669, 2001 WL 290081 (10th Cir. 2001) .................... 24

*West v. Nabors Drilling USA, Inc.*,
    330 F.3d 379 (5th Cir.2003) ......................................................... 9, 10

*Wilson v. Garcia*,
    471 U.S. 261 (1985) ........................................................................... 6

*Woods v. Illinois Dep't of Child. & Fam. Servs.*,
    880 F. Supp. 2d 918 (N.D. Ill. 2012) ................................................. 6

*Young v. United Parcel Serv., Inc.*,
    135 S. Ct. 1338 (2015) .................................................................... 23

**Statutes**

28 U.S.C. § 1658 ........................................................................................ 4

42 U.S.C. § 1988(a) ................................................................................... 4

42 U.S.C.A. § 2000e-2 ............................................................................... 9

42 U.S.C.§ 1981 .............................................................................. passim

Section 1988 ................................................................................................................ 4, 5, 7

**Rules**

Fed. R. Civ. P. 56(a) ......................................................................................................... 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | JURY DEMANDED |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF JENNIFER HARRIS'S
BRIEF IN SUPPORT OF THE RESPONSE
TO DEFENDANT'S MOTION SUMMARY JUDGMENT**

TO THE HONORABLE KENNETH M. HOYT:

Plaintiff Jennifer Harris submits her brief in support of her response to the motion for summary judgment by Defendant FedEx Corporate Services, Inc. The motion is opposed because genuine issues of material fact require a trial to resolve and FedEx is not entitled to a judgment as a matter of law.

**NATURE AND STAGE OF THE PROCEEDING**

This is a civil rights case. A FedEx manager treated a successful employee differently because of the color of the employee's skin; when the employee complained, FedEx terminated her. The actions violate the Civil Rights Act of 1866 (42 U.S.C.§ 1981). Discovery has ended. Docket call for trial is set for September 12, 2022.

## STATEMENT OF THE ISSUES

First Issue:     Whether Ms. Harris's claims are barred by a contractual limitation period.

Second Issue:  Whether Ms. Harris has triable claims against FedEx for violations of Section 1981 because of race discrimination and retaliation.

## SUMMARY OF THE ARGUMENT

Ms. Harris's claims are not barred by contractual limitations of six months from discovery the claim because the Supreme Court has found that that a six month limitation to file a suit under Section 1981 to be unreasonable and against constitutional policy. Ms. Harris is Black or African-American. She reported and opposed discrimination. She has sufficient evidence for a jury to find that FedEx discriminated against her because of a protected trait and conduct.

## LEGAL STANDARD

For a motion for summary judgment to be granted, the movant must show "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254* (1986). In considering the evidence to determine a motion for summary judgment, courts must:

- draw all reasonable inferences in favor of the nonmoving party;

- not make any credibility determinations or weigh the evidence;

- disregard all evidence favorable to the moving party that the jury is not required to believe; and

- give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent the evidence comes from disinterested witnesses.

*See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

## THE CIVIL RIGHTS ACT OF 1866

The significance of the Civil Rights Act of 1866 (Section 1981) is immeasurable. Congress passed the Act to give "practical effect and force" to the Thirteenth Amendment. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 434 (1968) (quoting a Congressional comment, Cong. Globe, 39th Cong., 1st Sess., 43). Congress believed it "was approving a comprehensive statute forbidding *all* racial discrimination affecting the basic civil rights enumerated in the Act." *Id.* at 435. The purpose of the Fourteenth Amendment, at least in part, was to eliminate doubt as to the constitutional validity of the Civil Rights Act as applied to the States. *Id.* at 436. Indeed the Civil Rights Act constituted an initial blueprint for the Fourteenth Amendment. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 721 (1989) (*quoting General Building Contractors Assn., Inc. v. Pennsylvania,* 458 U.S. 375, 389 (1982)). The constitutional policy behind the act is of the utmost importance to the United States, obtained after a war underpinned by the dedication to the proposition that all men are created equal. And to a deeper belief, that they are endowed by their Creator with certain unalienable rights.

Although the Civil Rights Act of 1964 (Title VII) was passed almost a hundred years later, the analysis of claims for employment discrimination under Title VII and § 1981 are identical, the only substantive differences between the two statutes being their respective statute of limitations and the requirement under Title VII that the employee exhaust administrative remedies. *LeBlanc v. Greater Baton Rouge Port Comm'n*, 676 F. Supp. 2d 460, 470 n.38 (M.D. La. 2009) (*citing Jones v. Robinson Property Group, L.P.,* 427 F.3d 987, 992 (5th Cir.2005); *Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 651 (5th Cir.2004)).

## ISSUE ONE: STATUTE OF LIMITATIONS

Section 1981 does not have an express statute of limitations provision. *See* 42 U.S.C. § 1981. Initially, Section 1988 provided the guidance for the applicable statute of limitations for civil rights claims. *See* 42 U.S.C. § 1988(a). *See also Burnett v. Grattan*, 468 U.S. 42, 48 (1984). Under Section 1988, when federal laws are deficient in necessary provisions, local state law applies so long as it is not inconsistent with the Constitution and the laws of the United States. *See id.*

In 1990, Congress enacted a catch-all statute of limitations for civil actions arising under Acts of Congress. *See* 28 U.S.C. § 1658. Now, the general statute of limitations for all Acts of Congress enacted after December 1, 1990, is four years. *Id.* The Supreme Court found that since Section 1981 was modified in part by the Civil Rights Act of 1991, the four-year limitation period provided in Section 1658 applied to Section 1981 claims involving hostile work environment, wrongful termination, and failure to transfer claim. *Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369, 383 (2004).

Parties may shorten the statute of limitations contractually if the shorter period itself is reasonable and made under appropriate circumstances. *See Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947). As FedEx notes, two opinions in the Southern District of Texas apply FedEx's six-month contractual limitation. *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 442 (S.D. Tex. 2015); *Barfield v. Fed. Express Corp.*, 351 F. Supp. 3d 1041, 1052 (S.D. Tex. 2019) (applicable to ADEA claim). In *Morgan* the Court cited the Seventh Circuits enforcement if the contractual limitations clauses if they were "(1) knowingly and voluntarily accepted, (2) reasonable, and (3) not inconsistent with public policy." *Morgan,* at 1052 (*citing and quoting Taylor v. Western and Southern Life Ins. Co.,* 966 F.2d 1188, 1203–4 (7th Cir.1992)). In both

*Brief in Support of Response to Motion to for Summary Judgment*                    *Page 4*

*Morgan* and *Barfield*, the Courts held that the shorter period must be reasonable. *Id.*; *Barfield,* at 1049.

The Southern District appears to be split over this issue. *See Mazurkiewicz v. Clayton Homes, Inc.,* 971 F. Supp. 2d 682, 689 (S.D. Tex. 2013) (holding that a contractual six-month limitation is unenforceable as to ADA and FLSA claims). Among District Courts in the Fifth Circuit, the majority hold that a contractual limitation, at least as to Title VII and ADA claims are not enforceable. *Id.* The Court in *Morgan* distinguishes *Maxurkiewicz* on the grounds that it applies to causes of action requiring exhaustion of administrative remedies. The Supreme Court, however, dealt with this issue in *Burnett*, a case curiously not mentioned in any of the relevant lower court opinions. 468 U.S. at 55. The Supreme Court found that a six-month limitation for a Section 1981 claim was unreasonable and "manifestly inconsistent with the central objective of the Reconstruction–Era civil rights statutes, which is to ensure that individuals whose federal constitutional or statutory rights are abridged may recover damages or secure injunctive relief." *Id.* (invalidating the application of a state statute of limitations of six months).

In *Burnett*, the Supreme Court considered the application of Maryland's six-month statute of limitations applicable to state civil rights claims. *Id.* at 45. The Supreme Court analyzed the claim under Section 1988, which presumably or arguably would remain applicable to whether contractual limitations are enforceable in federal civil rights cases when a federal statute does not address the issue. Regardless, the Supreme Court's finding of unreasonableness and inconsistency with constitutional policy of a six-month limitation for a Section 1981 claim has not been challenged or changed by the Supreme Court since.

A District Court has recognized that *Burnett* was abrogated on other grounds by *Wilson v. Garcia*, 471 U.S. 261, 272–76 (1985) for a bright line rule for determining the statute of limitations based on state limitations for personal injury torts. *See Woods v. Illinois Dep't of Child. & Fam. Servs.*, 880 F. Supp. 2d 918, 922 (N.D. Ill. 2012), aff'd as modified, 710 F.3d 762 (7th Cir. 2013). However, the Supreme Court's analysis of reasonableness and public policy as stated in *Burnett* continues to apply. *See id.* at 924 (quoting both the majority and the dissent in *Burnett*):

> As mentioned above, the Supreme Court in *Burnett* stated that a limitations period is not "appropriate" if it is not responsive to the practicalities of litigating federal civil rights claims and fails to take into account "policies that are analogous to the goals of the Civil Rights Acts." *Burnett,* 468 U.S. at 50, 104 S. Ct. 2924. In his concurrence in *Burnett,* Justice Rehnquist observed that federal courts are "free to disregard otherwise applicable state statutes of limitations" if they are "inconsistent with the Constitution and laws of the United States." *Id.* at 60, 104 S.Ct. 2924 (quoting 42 U.S.C. § 1988).

*Id.*

Indeed, courts continue to cite *Burnett* favorably or at least uncritically. *See Felder v. Casey*, 487 U.S. 131, 139–40 (1988) (recognizing disapproval of "a truncated time in which to file suit, because such statutes inadequately accommodate the complexities of federal civil rights litigation and are thus inconsistent with Congress' compensatory aims."); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1484 (11th Cir. 1989) (state limitation applies unless it conflicts with federal policy); *Hindes v. F.D.I.C.,* 137 F.3d 148, 169 (3d Cir. 1998) (*Burnett* and *Felder* hold that a limitation cannot be inconsistent with objectives of federal civil rights legislation); *McIlwain v. Dodd*, No. 3:21-CV-406-RGJ, 2022 WL 492986, at *5 (W.D. Ky. Feb. 17, 2022) (recognizing modification by *Wilson*): *Miller v. Knox Cnty.,* No. 98-CV-78-B, 2001 WL 15528, at *2 (D. Me. Jan. 5, 2001) (state law cannot impede Section 1983 claims).

FedEx relies on the state common law of contract to enforce a reduction of a statute of limitation. *See e.g., Basse Truck Line, Inc. v. First State Bank*, 949 S.W.2d 17, 21-22 (Tex. App. 1997). Under *Burnett* and Section 1988, courts are to apply state law, including common law, only if it is not "inconsistent with the Constitution and the laws of the United States." *Burnett*, at 47 (quoting Section 1988) The Supreme Court distinguished Section 1981 claims from claims requiring exhaustion of administrative remedies, such as those under Title VII. *Burnett*, at 54. The administrative scheme "encourages conciliation and private settlement through the agency's intervention in live disputes." *Id*. The administrative burden on a complainant "does not correspond in any significant way to the substantial burden federal law places on a civil rights litigant." *Id*. at 51. In an administrative case, the entire burden of investigating and developing the case rests on the agency, while it is with the agency. *See id*.  The burdens are substantially different for a private litigant pursuing a Section 1981 claims.

> Assuring the full availability of a judicial forum necessitates attention to the practicalities of litigation. Litigating a civil rights claim requires considerable preparation. An injured person must recognize the constitutional dimensions of his injury. He must obtain counsel, or prepare to proceed pro se. He must conduct enough investigation to draft pleadings that meet the requirements of federal rules; he must also establish the amount of his damages, prepare legal documents, pay a substantial filing fee or prepare additional papers to support a request to proceed in forma pauperis, and file and serve his complaint. At the same time, the litigant must look ahead to the responsibilities that immediately follow filing of a complaint. He must be prepared to withstand various responses, such as a motion to dismiss, as well as to undertake additional discovery.

*Id*., at 50-51 (footnote omitted). The Supreme Court notes, "Although the pleading and amendment of pleadings rules in federal court are to be liberally construed, the administration of justice is not well served by the filing of premature, hastily drawn complaints. *Id.* at 50 n. 13 (an attorney or pro se litigant certifies to a reasonable inquiry and well-grounded in fact). A six-month

as a matter of law is not appropriate to limit the time to file a Section 1981 claim. *See id.* at 54.  No other case appears to abrogate the Supreme Court's conclusion of the unreasonableness and Constitutional policy violation of applying a six-month limitation period to a Section 1981 claim. Cases that hold that a six-month period is reasonable either do not involve a Section 1981 claim or have not considered or applied the law stated in *Burnett*.

As for FedEx's contractual language, it is in small print. Exhibit 25 (Appx 898). It was given to Ms. Harris at the beginning of her employment along with many other introductory documents. Exhibit 25 (Appx 898). Ms. Harris did not voluntarily or knowingly waive her right to the statutory limitation. She does not remember reading it and no one pointed it out to her. Exhibit 25 (Appx 898). Regardless, it is not reasonable for her to remember small print of a document given her 12 years prior to her termination. Exhibit 25 (Appx 898). Additionally, the document was not produced to Ms. Harris until after the lawsuit, and then among 145,000 documents. Exhibit 25 (Appx 898).

During the six-month period after the termination, Ms. Harris was trying to find a job. Exhibit 25 (Appx 898). She had to move to Dallas because she could not find a job in Houston and needed to be closer to her family. Exhibit 25. She could no longer afford the current attorneys and needed to find another attorney who would take the case on a contingency. Exhibit 25 (Appx 898). An attorney who takes cases on a contingency appear to do a much more thorough investigation than those willing to take it on an hourly basis. Exhibit 25 (Appx 898). The attorney interview process took several interviews, with the attorney wanting to do due diligence. Exhibit 25 (Appx 898). All the while, not knowing that she may have unwittingly contractually limited the four-year statute of limitations to six months. Exhibit 25 (Appx 899). Additionally, she was relying on the

investigation of the EEOC, having filed an EEOC complaint, and was hoping for an investigatory response or a resolution of the matter by the EEOC during the six-month period. Exhibit 25 (Appx 899). This did not happen. Exhibit 25 (Appx 899). Because the Supreme Court found that a sixth month limitation on the filing of a Section 1981 claim to be unreasonable and against important constitutional policy as a matter of law and because the limit was actually unreasonable in light of the circumstances of its execution and application the limit is not valid.

## ISSUE TWO: DISCRIMINATION AND RETALIATION

Ms. Harris has triable claims against FedEx for violations of Section 1981 because of race discrimination and retaliation. Following the statutory language of Title VII, the issue is whether a reasonable jury could conclude that plaintiff was fired because of protected trait or conduct. Title VII, § 703-704; 42 U.S.C.A. § 2000e-2. The term "because of" in the statute is interpreted as traditional but-for causation. *See Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1739 (2020). Events have multiple but-for causes. *Id*. A defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision; so long as the plaintiff's protected activity was one but-for cause of that decision, that is enough to trigger the law. *See id*. (Applying but-for to sex discrimination). It is not sole cause. *Id*. at 1744. It does not even have to be the primary cause. *Id*. Further, proof does not have to be based upon a comparison of one group with another, e.g. men versus women in a sex discrimination suit. *Id*.

### Direct and Circumstantial Evidence Generally

A plaintiff may prove a case by direct or circumstantial evidence. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 384 n.3 (5th Cir.2003) (quoting

*Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 897 (5th Cir. 2002), *cert. denied,* 539 U.S. 926 (2003)). Circumstantial evidence relies upon inference. *Id.* The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (citing pattern jury instructions). "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Id.* (quoting *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 508, n. 17 (1957)). Ms. Harris relies on circumstantial evidence.

### McDonnel Douglas

The standard McDonnell Douglas framework for circumstantial evidence of discrimination is to initially show a prima facie case that (1) she belongs to a protected group, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) a similarly situated employee outside of her protected group was treated more favorably. *See Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021).  Retaliation prima facie may be proven by showing: (1) he engaged in a protected activity; (2) an adverse employment action followed; and (3) the existence of a causal connection. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 390 (5th Cir. 2017). The causal connection in the prima facie case is met based on temporal proximity between the complaint and the adverse employment action. *Schirle v. Sokudo USA, L.L.C.*, 484 Fed. Appx. 893, 899 (5th Cir. 2012); *Evans v. City of Hous.*, 246 F.3d 344, 354 (5th Cir.2001) ("Close timing between an employee's protected activity and an adverse action against [him] may provide the 'causal connection' required to make out a prima facie case of retaliation. We note that a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes." (internal quotation marks and citation omitted)).

The prima facie case raises an inference of discrimination or retaliation. *See Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978) (the prima facie case "raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors."). The prima facie inference, together with evidence of pretext, is proof of discrimination because "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (*quoting U.S. Postal Service Bd. of Governors v. Aikens,* 460 U.S. 711, 716 (1983)).

An employer can rebut the inference that an adverse action is based on impermissible factors by proffering a legitimate, nondiscriminatory reason. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). When an employer proffers an explanation for the action, a plaintiff may nevertheless succeed either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. *Id*. at 256 (*citing McDonnell Douglas v. Green*, 411 U.S. 792, 804-05 (1973)). The trier of fact may infer the ultimate fact of discrimination from the falsity of the employer's explanation. *Id.* at 147. Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. *Id.*

The Supreme Court "reasoned that it is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Reeves*, at 147." Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Id.*

## Prima Facie Case of Race Discrimination

1. **Protected Class**

Ms. Harris is African American, and FedEx does not dispute that Ms. Harris is in a protected class. Exhibit 26 (Chonoles 19:15-17).

2. **Qualified**

Ms. Harris was qualified for her position as district sale manager. Exhibit 25 (Appx 899); Exhibit 13 (Holley 293:14-15). She was consistently promoted since her start with the Defendant. Exhibit 25 (Appx 899). Ms. Harris started at FedEx in 2007 as an Account Executive - Inside Sales, an entry level inside Sales Representative. Exhibit 25 (Appx 899). She was promoted to Sales Executive – Inside Sales, Field Sales Account Executive, Field Sales Executive, Inside Sales Manager, Business Sales Field Manager, and District Sales Manager for Field Sales. Exhibit 25 (Appx 899). Ms. Harris consistently had a great work ethic. Exhibit 1 (Appx 2).

Defendant conflates the qualification argument in the prima facia case with pretext. The issues are not identical: McDonnell Douglas requires only a minimal showing of qualification to establish a prima facie claim. *See Owens v. New York City Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991). A plaintiff only needs to demonstrate that she possesses the basic skills necessary for performance of the job. *Id.* (*citing Powell v. Syracuse Univ.,* 580 F.2d 1150, 1155 (2d Cir.), cert. denied, 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978)).  Performance concerns are more appropriately addressed in assessing a plaintiff's assertion that an employer's articulated reasons for its action was a pretext. *Taylor v. Peerless Indus. Inc.*, 322 Fed. Appx. 355, 357 n. 1 (5th Cir.2009).

When Ms. Harris was promoted to District Sales Manager, Field Sales, she met all the job qualifications. Exhibit 23 (Appx 839 – 842); Exhibit 25 (Appx 899). Mac Chonolos, human recourse manager and one of FedEx's designated corporate representatives, testified that he has never seen FedEx hire an unqualified district sales manager. Exhibit 26 (Chonoles 20:5-7). Ms. Harris meets this prima facie element.

### 3.  Adverse Employment Action

Ms. Harris was terminated, and FedEx does not dispute that Ms. Harris suffered an adverse action, at least as to termination. Exhibit 26 (Chonoles 20:8-10). FedEx does not address the issue of a hostile work environment in its brief.

### 4.  Similarly Situated Employee Outside of the Protected Class Was Treated More Favorably

Brian Hickman, Brian Conrey, Rebecca Callahan, Brian Golden, Casey Millner, and Jamie Golden-McElroy are White peers of Ms. Harris, had the same job title and duties as Ms. Harris (District Sales Manager), and reported to the same supervisor as Ms. Harris (Michelle Lamb). Exhibit 24 (Lamb 22:9-23:20). Ms. Harris is the only African American to directly report to Ms. Lamb since 2017, when Ms. Lamb was promoted to Managing Director. Exhibit 25 (Appx 899). None of these White peers received disciplinary action. Exhibit 11 (Appx 104); Exhibit 25 (Appx 899). The only other White peer to Ms. Harris who received disciplinary action from Ms. Lamb also made a discrimination complaint. Exhibit 13 (Holley 50:4-8).

Ms. Harris's White peers were not terminated and did not receive disciplinary action. Sealed Exhibit 22 (Sealed Appx 26); Exhibit 7 (Appx 37, 44); Ms. Harris's job responsibilities of

being in charge of the My FedEx Rewards program were taken from her and given to a White peer (Casey Millner) who was not meeting his goal attainment.  Exhibit 7 (Appx 37).

Ms. Harris was replaced by a White employee, Virginia Solgot. Exhibit 12 (Appx 109). Ms. Solgot did not meet performance goals and was not terminated nor received any disciplinary action. Sealed Exhibit 19 (Sealed Appx 22). Ms. Harris performing as well or better than her White peers, at a minimum Mr. Hickman and Ms. McElroy, and her replacement, Ms. Solgot, prove that Ms. Harris meets this prima facie element.

<u>**Prima Facie Case of Retaliation**</u>

1. **Protected Activity**

Ms. Harris engaged in protected activity by complaining and reporting of race discrimination and retaliation to FedEx's human resources department and to the EEOC. Exhibit 3 (Appx 9-11); Exhibit 4 (Appx 12-16); Exhibit 5 (Appx 17-22); Exhibit 6 (Appx 23-29); Exhibit 8 (Appx 56-64); Sealed Exhibit 17 (Appx 823-838).

2. **Adverse Employment Action**

Ms. Harris was disciplined and terminated, and FedEx does not dispute that Ms. Harris was terminated or that this is an adverse employment action. Exhibit 26 (Chonoles 20:8-10).

The Supreme Court has clarified that "materially adverse actions" for the purposes of retaliation claims are "not limited to discriminatory actions that affect the terms and conditions of employment," but those that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64-68 (2006). A PIP can be an adverse action. *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (context matters – removal of flex time or even being excluded from an important

meeting can be a recognized adverse action). For a warning or PIP to fail to be an adverse action, it must not be subject to a colorable attack. *See Al-habash v. Raytheon Co.*, 4:15-CV-450, 2016 WL 6155601, at *9 (E.D. Tex. Oct. 24, 2016). The Fifth Circuit has previously found a PIP to be a materially adverse action on which a plaintiff may base his retaliation claim. *Ray v. Tandem Computs., Inc.*, 63 F.3d 429, 435 (5th Cir. 1995) (holding that PIP and termination of employment were adverse employment actions); *see also Pollak v. Lew*, No. CIV.A. H-11-2550, 2013 WL 1194848, at *9 (S.D. Tex. Mar. 22, 2013), *aff'd*, 542 Fed. Appx. 304 (5th Cir. 2013) (finding placement on a PIP could dissuade a reasonable employee from engaging in protected activity). *See also Al-habash v. Raytheon Co.*, 4:15-CV-450, 2016 WL 6155601, at *9 (E.D. Tex. Oct. 24, 2016). Accordingly, Ms. Harris satisfies the second element of his prima facie case for retaliation.

### 3.   Causal Connection

"To establish the causation prong of a retaliation claim, the employee must show that the employer knew about the employee's protected activity" *EEOC v. EmCare, Inc.*, 857 F.3d 678, 683 (5th Cir. 2017). *Equal Employment Opportunity Comm'n v. EmCare, Inc., 857 F.3d 678, 683 (5th Cir. 2017).* FedEx knew of Ms. Harris's protected activity because Ms. Harris complained of the discriminatory and retaliatory treatment and FedEx claims it investigated those complaints. Exhibit 3 (Appx 9-11); Exhibit 4 (Appx 12-16); Exhibit 5 (Appx 17-22); Exhibit 6 (Appx 23-29); Exhibit 8 (Appx 56-64); Sealed Exhibit 17 (Appx 823-838). FedEx does not dispute that it knew of Ms. Harris's complaints.

Temporal proximity between a protected activity and an adverse employment action may provide the causal connection required to make out a prima facie case of retaliation. *Swanson v. Gen. Servs. Admin.,* 110 F.3d 1180, 1188 (5th Cir. 1997); s*ee also Cruz v. Mattis*, 3:15-CV-0590-D,

2017 WL 6381741, at *8 (N.D. Tex. Dec. 14, 2017) (citing *McCoy v. City of Shreveport*, 492 F.3d

551, 562 (5th Cir. 2007). *Cf. Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir.

2007) (proximity alone is not sufficient at the pretext stage). Here, FedEx showed a clear pattern

of disciplinary action, job responsibility reductions, and termination less than 30 days after each

of Ms. Harris's complaints of discrimination or retaliation or participation in the investigations.

FedEx concluded its first investigation of Ms. Harris's first complaint on June 7, 2019;

Ms. Lamb put Ms. Harris on a Performance Improvement Plan (PIP) and gave a Letter of

Counseling less than 30 days later. Exhibit 8 (Appx 56-64); Exhibit 11 (Appx 102-105). FedEx

concludes a second investigation of retaliation on September 6, 2019; Ms. Lamb put Ms. Harris

on a second PIP, gave her a Letter of Warning, and gave Ms. Harris's job responsibilities for the

My Rewards program to a white peer less than 30 days after that complaint. Exhibit 9 (Appx 65-

96); Exhibit 7 (Appx 37); Exhibit 11. Ms. Harris makes a final complaint of discrimination and

retaliation before she is terminated on December 4, 2019. Exhibit 6 (Appx 23-29). The report

concludes on December 31, 2019. Exhibit 10. Ms. Harris is terminated less than 30 days later on

January 7, 2020. Exhibit 11. Because Ms. Lamb disciplined, took away job responsibilities, or

terminated Ms. Harris less than 30 days after each sham investigation of Ms. Harris's complaints

concluded, Ms. Harris meets this prima facie element.

### Pretext

FedEx claims that it's "legitimate, non-discriminatory reason" for terminating Ms. Harris

is "extensive." Def. brief pg. 17-18. However, FedEx's basic excuse that it proffers is that it says

Ms. Harris performed poorly. Def. brief pg. 18-19. This is not true, especially in comparison to

White peers who did not engage in protected activity.

1. **Pretext is an Excuse Not Worthy of Belief.**

Pretext is the excuse used to cover up illegal conduct. A human resource director at a financial services firm declared, "If you're put on a performance improvement plan, you're cooked. I might look you in the eye and say we're going to do everything possible to make this work, but that's just total BS."[1] Another HR representative reveals: "I've seen managers not hire a woman because the environment is mostly male, and they're worried that no matter how smart or talented she is, she won't fit in."[2] Another HR representative writes, "Performance improvement programs are too often nothing but a smoke screen, a protective mechanism."[3] Even more frankly, she discloses, "In many cases these programs are nothing more than an excuse to gather documentation so the company can legally fire you while providing the appearance that they've 'made an effort' to help you improve (something a judge or lawyer will want to see)."[4] Just because an employer says something doesn't make it so. *See Reeves*, at 151 (summary judgment analysis disregards evidence coming from movant's interested witnesses).

---

[1]   CROUCH, MICHELLE, GET HIRED, NOT FIRED: 50 SECRETS YOUR HR PERSON WON'T TELL YOU, READER'S DIGEST 130 et. seq. (2011).

[2]   OFFER STAGE CONSULTING, 39 MORE SECRETS YOUR HR PERSON WON'T TELL YOU, https://theofferstage.com/archives/707 (last viewed October 31, 2021).

[3]   SHAPIRO, CYNTHIA, CORPORATE CONFIDENTIAL 6 (2005).

[4]   *Id.* at 7.

*Brief in Support of Response to Motion to for Summary Judgment*                    *Page 17*

**2. Ms. Harris Has Abundant Proof of Pretext.**

    **a. Proof of Pretext Can Be Exhibited in Many Ways.**

Proof of pretext "might take a variety of forms." *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 578 (1978). A plaintiff "may not be forced to pursue any particular means of demonstrating that [an employer's] stated reasons are pretextual." *Patterson v. McLean Credit Union*, 491 U.S. 164, 188 (1989) *superseded on other grounds by statute,* Civil Rights Act of 1991, 42 U.S.C. § 1981.

    **b. Ms. Harris Presents Pretext Proof in Multiple Forms.**

        **i. Disparate Treatment**

The Fifth Circuit has "recognized that one method of creating a genuine issue as to pretext is by presenting evidence showing disparate treatment." *Stennett v. Tupelo Pub. Sch. Dist.*, 619 Fed. Appx. 310, 317 (5th Cir. 2015) (citations omitted). FedEx treated Ms. Harris differently that her White comparators who did not report or oppose discrimination. For example, FedEx sabotaged Ms. Harris's performance by holding her responsible for a large customer for which she had no control, having been assigned to a White peer. Exhibit 25 (Appx 899). FedEx promoted and allowed White peers to participate in FedEx's national development program while discouraging and refusing to pay for Ms. Harris to attend Exhibit 25 (Appx 899). FedEx ignored Ms. Harris's stellar career that included the highest sales awards at FedEx, singling her out in a year when most salespersons across the company were not meeting goals, including Ms. Harris's manager, Ms. Lamb. Exhibit 25 (Appx 899-900). None of Ms. Harris's White peers for which compared favorably, were disciplined except one who also complained of discrimination. Exhibit 25 (Appx 900). Had Ms. Harris not been black, she would not have received discipline. Exhibit 15

(Harris 236: 6-9); Exhibit 13 (Holley 151:12-154:21; 159:7-163:24; 165:3-166:8; 172:23-173:13). African American employees experience racism at FedEx. Exhibit 1 (Appx 1-3).

Mr. Holley says that he resigned before being notified of a requirement to resign or any information about a termination and FedEx would not even acknowledge him or have a retirement party for his loyal service of 25 years. Exhibit 13 (Holley 108:6-117:4). It was pure retaliation. Exhibit 13 (Holley 108:6-117:4). Additionally, FedEx knew that Mr. Holley's alignments were inaccurate along the Mexico boarder which adversely affected his performance which had previously not been held against him. Exhibit 13 (Holley 105:7-107:1; 135:13-22). There is nothing in FedEx policies and procedures that say you have to be 100 percent of goal. Exhibit 13 (Holley 135:5-6). It is a carrot, a benchmark. Exhibit 13 (Holley 135:7). Mr. Holley agrees that BJ Services, the customer that went to Mr. Conrey, should never have been left as a goal for Ms. Harris. Exhibit 13 (Holley 274:1-275:10). Mr. Holley also experience Ms. Lamb's disengagement. Exhibit 13 (Holley 259:20).

### ii.  Lack of Investigation

The lack of an investigation is evidence of pretext. *See E.E.O.C. v. Chevron Phillips Chemical Co., LP*, 570 F.3d 606, 624-625 (5th Cir. 2009) (no attempt to check the accuracy of incorrect assumptions)*; Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004) (argument that employer's reason was ridiculous was supported by lack of investigation). *See also Pruitt v. Dallas Indep. Sch. Dist.*, No. 3-04-CV-0554, at p. 12 (N.D. Tex. Apr. 21, 2006) ("The failure to investigate this discrepancy, contrary to established policy, is some evidence of pretext.")

The failure to interview key witnesses is relevant. *See* e.g., *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 108 (2d Cir. 2010) (ADEA); *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 414-15 (6th Cir. 2008) (Title VII retaliation case); *Trujillo v. PacifiCorp*, 524 F.3d 1149, 1159 (10th Cir. 2008) (ADA case); *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 529-30 (6th Cir. 2005) (Title VII case).

As part of its evaluation of Ms. Harris and investigation of her discrimination and retaliation claims, FedEx found evidence substantiating the claims and then falsely stated the claims were not substantiated. Exhibit 25 (Appx 900). FedEx ignored the timeline showing a complaint then adverse action, then another complaint, then another adverse action, then another complaint, and then termination. Exhibit 25 (Appx 900). The investigation also included false information about Ms. Harris not meeting goals for a number of consecutive quarters. Exhibit 25 (Appx 900). The reports also excluded notes or comments of key witnesses it interviewed. Exhibit 25 (Appx 900).

### iii. Weaknesses, Implausibilities, Inconsistencies, Incoherencies, and Contradictions

"Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence that the employer did not act for the asserted non-discriminatory reasons." *Danville v. Reg'l Lab Corp.*, 292 F.3d 1246, 1250 (10th Cir. 2002) (internal quotation marks and citation omitted). "If a plaintiff produces sufficient evidence to create a genuine issue as to the falsity of the employer's proffered hiring rationale, then *Reeves* further instructs that this evidence may, together with the

plaintiff's *prima facie* case, permit a fact finder to infer that discrimination was the true reason behind the employer's decision." *Stennett*, at 317 (*citing Reeves,* 530 U.S. at 148). Any evidence that casts doubt on the employer's assertion is in play, and a fact dispute exists so long as the plaintiff's evidence "is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. *Lindsey v. Bio-Med. Applications of Louisiana, L.L.C.*, 9 F.4th 317, 325–26 (5th Cir. 2021) (quoting *Watkins v. Tregre*, 997 F.3d 275, 284-83 (5th Cir. 2021).

FedEx's proffered explanations are weak, implausible, inconsistent, incoherent, and contradictory. FedEx cannot substantiate that Ms. Harris is poor performer compared to all of her White peers. Exhibit 25 (Appx 900). For example, FedEx states that Ms. Harris failed to meet goals four consecutive quarters in a row when FedEx placed her on a performance improvement plan after she complained of hostile work environment and discrimination. Exhibit 25 (Appx 900). It was not true. Exhibit 25 (Appx 900). Regardless, other White peers did not meet goals four quarters in a row and were not disciplined. Exhibit 25 (Appx 900).

### iv.   Subjective Criteria

Subjective criteria is inappropriate for the employer's explanation. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir. 2001). One reason for not allowing subjective reasons is "to prevent the judge from making credibility determinations in the summary judgment context." *Id.* Deciding the appropriateness of using measures that is "in the eye of the beholder" is "the trier-of-fact's duty to determine." *Id.* at 682. *See also Crawford v. W. Elec. Co., Inc.,* 614 F.2d 1300, 1315 (5th Cir. 1980). Another reason is to allow a plaintiff a fair opportunity to rebut the alleged reasons. The defendant must "frame the factual issue with sufficient clarity so that

the plaintiff will have a full and fair opportunity to demonstrate pretext. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255–56 (1981) ("The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions"). The criticisms of Ms. Lamb that Ms. Harris was not a good coach is a subjective conclusion.

### v. Failure to Follow Policies

The failure of an employer to follow its policies in the matter is evidence of pretext. *See Lindsey v. Bio-Med. Applications of Louisiana, L.L.C.*, 9 F.4th 317, 326 (5th Cir. 2021) (employer's failure to follow its own progressive discipline policy); *Russell,* 235 F.3d at 224 (reversing JMOL in part because of pretext evidence that employer had not followed its progressive discipline policies) (ADEA); *Boehms v. Crowell*, 139 F.3d 452, 459 (5th Cir. 1998) (ADEA).

FedEx did not follow its own policy of having a Documented Discussion before giving a Letter of Counseling. Exhibit 14 (Holley 267:4-268:13); Exhibit 17; Exhibit 25 (Appx 900). Within days after FedEx counseled Ms. Lamb after investigating Ms. Harris's complained of hostile work environment and discrimination, Ms. Lamb gave Ms. Harris a Letter of Counseling without following FedEx's policy of issuing a Documented Discussion first. Exhibit 8 (Appx 56-64); Exhibit 11 (Appx 102-105).

Additionally, FedEx did not follow its alignment policy assigning customers and goals in alignment with the salesperson or sales manager's territory. Exhibit 1 (Appx 1-3); Exhibit 25 (Appx 900). This had the effect of sabotaging Ms. Harris's performance, using it as pure pretext to discriminate and retaliate. Exhibit 25 (Appx 900).

### c. Proof of Pretext May Be Shown When Evidence is Viewed in Its Totality.

Ms. Harris has presented multiple forms of evidence of pretext, which viewed individually suffice for a factfinder to find pretext. However, the evidence is stronger when viewed as a whole. Evidence of discrimination must be considered in light of the totality of the circumstances. *See Bray v. Marriott Hotels*, 110 F.3d 986 (3rd Cir. 1997) (*citing Andrews v. City of Philadelphia*, 895 F.2d 1469, 1484 (3d Cir. 1990) ("A play cannot be understood on the basis of some of its scenes but only on its entire performance, and similarly, a discrimination analysis must concentrate not on individual incidents, but on the overall scenario.")). "A plaintiff is not required to 'cast doubt on each proffered reason in a vacuum. If the defendant proffers a bagful of legitimate reasons, and the plaintiff manages to cast substantial doubt on a fair number of them, the plaintiff may not need to discredit the remainder. That is because the factfinder's rejection of some of the defendant's proffered reasons may impede the employer's credibility seriously enough so that a factfinder may rationally disbelieve the remaining proffered reasons, even if no evidence undermining those remaining rationales in particular is available.'" *Steward v. Sears Roebuck & Co.*, 231 Fed. Appx. 201 (3rd Cir. 2007) (*citing Fuentes v. Perskie*, 32 F.3d 759, 764 n.7 (3rd Cir. 1994)). Common sense comes into play, as well. "Of course, when an employer claims to have made a decision for a reason that does not seem to make sense, a factfinder *may* infer that the employer's asserted reason for its action is a pretext for unlawful discrimination. *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1356 (2015) (Alito, J., concurring).

FedEx's excuse of performance is credible when viewed in the context of Ms. Harris's stellar history with the company. Viewing the circumstances in context, the discipline was retaliatory and a set up for failure, a sham in which FedEx had no intention of allowing Ms. Harris

to succeed. A company cannot use correction requirements or standards as a means to set up a person to fail to cover for discrimination or retaliation. *See, e.g., Watson v. Norton*, 10 Fed. Appx. 669, 2001 WL 290081 (10th Cir. 2001); *Serrano-Cruz v. DFI Puerto Rico, Inc.*, 109 F.3d 23, 26 (1st Cir.1997); *Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1325-26 (8th Cir.1994); *Shager v. Upjohn Co.*, 913 F.2d 398, 405 (7th Cir.1990). Owens does not require the grant of a summary judgment. Owen's case. . . The Fifth Circuit in Owens found that evidence of pretext was not sufficient to deny summary judgment. In this case, it is sufficient. Viewing the evidence as a whole, in a light most favorable to Ms. Harris, she has met her burden of showing substantial evidence of pretext.

WHEREFORE, Ms. Harris requests the Court to deny the motion.

Respectfully submitted,

*/s/ Brian P. Sanford*
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
JENNIFER HARRIS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*