# Exhibit 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JENNIFER HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action 4:21-cv-1651** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDEX CORPORATE SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT FEDEX CORPORATE SERVICES, INC.'S SUPPLEMENTAL**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant FedEx Corporate Services, Inc., ("FedEx"), by and through its undersigned counsel, hereby provides the following supplemental responses to Plaintiff's First Set of Interrogatories to Defendant FedEx Corporate Services, Inc. FedEx incorporates by reference the objections it has made to specific interrogatories in its amended responses.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please state with specificity all reasons Ms. Harris's employment was terminated.

**RESPONSE:**

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

Subject to and without waiving the foregoing objections, FedEx responds as follows:

**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1)** —Page 1

Pursuant to Rule 33(d), such reasons are as stated in the "Request for Termination" form, Bates-numbered FXS 19-21, which will be produced electronically once the SharePoint website for this case, requested by Plaintiff in lieu of production by flash drive, is set up by FedEx's IT department.

**SUPPLEMENTAL RESPONSE:**

Pursuant to Rule 33(d), such reasons are as stated in the "Request for Termination" form, Bates-numbered FXS 19-21, and Bates-numbered FXS 2573, the Termination Letter, which have been produced to Plaintiff.

**INTERROGATORY NO. 2:**

Please identify each person who participated in the termination of Ms. Harris's employment, who suggested that Ms. Harris's employment be terminated, who was consulted for an opinion on whether Ms. Harris's employment should be terminated, or gave approval for Ms. Harris's employment be terminated, indicating the role each played.

**RESPONSE:**  FedEx objects to this request on the ground that it calls for attorney work product and attorney-client privileged communications.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "who was consulted for an opinion." FedEx requests that Plaintiff identify, specifically, what she means by seeking the identify of individuals "who was consulted for an opinion on whether Ms. Harris's employment should be terminated."

Subject to and without waiving the foregoing objections, FedEx responds as follows:

Michelle Lamb, Kristie Castilow and Dave Russell were all involved in the termination of Plaintiff.  Ms. Lamb was the terminating manager. She consulted with Kristie

Castilow, a member of FedEx's Human Resources Department, as well as and Dave Russell, who was Ms. Lamb's boss.

**INTERROGATORY NO. 3:**

Please identify all employees hired, placed, or reassigned by FedEx in the position last held by Ms. Harris or in positions encompassing any of the duties last performed by Ms. Harris and fully describe all the duties performed by that person that had previously been performed by Ms. Harris, provide the date of placement into the position, the salary of the employee, and the date of termination, if applicable.

**RESPONSE:**

FedEx objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by FRCP 26(b)(1). FedEx is a large organization with many employees throughout the United States of America.

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

Subject to and without waiving the foregoing objections, FedEx responds as follows:

**Ms. Harris was replaced by Virginia Solgot.**

**SUPPLEMENTAL RESPONSE:**

**Ms. Solgot, who began her position on 6/1/2021. Ms. Solgot's monthly salary is $9,510.41.  Ms. Solgot was hired to perform all of the principal job duties of the position Plaintiff last occupied.**

**INTERROGATORY NO. 4:**

Please identify all persons you intend to call as witnesses to testify at trial. For each, provide his or her full name and any assumed names; last known business and residential addresses; last

**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1)** —Page 3

known business, residential, and mobile telephone numbers; and the general subject matter of his or her relevant knowledge.

**RESPONSE:**

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

**FedEx has not yet identified its trial witnesses and will disclose this information at an appropriate time prior to trial. FedEx has already disclosed *potential* witnesses in its Rule 26 initial disclosures.**

**INTERROGATORY NO. 5:**

For each person you may call as an expert witness at the trial of this case, please state his or her full name, educational background, other training experience or knowledge which qualifies him or her as an expert, residential and business addresses, occupation and employer and the subject matter upon which each such expert witness is expected to testify and a summary of the grounds for each opinion which it is expected will be given.

**RESPONSE:**

FedEx objects to this interrogatory in that it is duplicative of FRCP 26(a)(2). FedEx will comply with such rule.

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

Subject to and without waiving the foregoing objections, FedEx responds as follows:

**FedEx has not retained any experts as of the date of this response.**

**INTERROGATORY NO. 6:**

DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1) —Page 4

If you have used any expert for consultation who is not expected to be called as a witness, and if such expert's work product forms a basis, either in whole or in part, of the opinion of any expert who is to be called as a witness or if the consulting expert's opinion or impressions have been reviewed by a testifying expert, please identify:

(a)     his or her full name, address and telephone number;

(b)     the expert witness who used the consultant's work product; and

(c)     the subject matter on which such expert witness used the consulting expert's work product.

**RESPONSE:**

FedEx objects to this interrogatory on the ground that it seeks information protected by the attorney work product doctrine. It is well-established that consulting experts and their work product is protected by such doctrine and not subject to disclosure unless and until a party elects to rely on such expert's testimony. *See* Fed.R.Civ.P. 26(b)(4)(B) (providing that in most circumstances, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial"); *Shields v. Sturm, Ruger & Co., 864 F.2d 379, 382 (5th Cir.1989)* (recognizing that reports are protected by work product doctrine when they are "prepared in anticipation of litigation by a consulting expert who was specially employed by ... attorneys in preparation for trial and who was not expected to be called as a witness").

If FedEx retains a testifying expert, FedEx will disclose, at the appropriate time, what is required by FRCP 26(a)(2)(B)(ii)-(iii). Also, to the extent that any such consulting expert becomes a person "likely to have *discoverable* information" (emphasis added) within the meaning of FRCP

26(a)(1)(A)(i) (by virtue of his or her work product being used by a testifying expert), FedEx will provide the information required by FRCP 26(a)(1)(A)(i). It is not clear whether this interrogatory seeks any information beyond what is required by these rules. Accordingly, FedEx also objects to the interrogatory on the grounds that it is vague and ambiguous, and duplicative of such rules. To the extent Plaintiff seeks information or documents beyond what is required by such rules, FedEx requests that Plaintiff meet and confer.

Subject to and without waiving the foregoing objection, FedEx responds as follows:

**To date, FedEx has not retained any experts.**

**INTERROGATORY NO. 7:**

Please identify all Defendant employees who worked or were assigned to the Ms. Harris's team for the last 10 years she was employed by Defendant. For each employee, please include the name, race, position, dates of employment, and dates assigned to Ms. Harris's team.

**RESPONSE:**

FedEx objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by FRCP 26(b)(1). Plaintiff's claims relate to the termination of her employment, which occurred in 2020, as well as a performance management process that began in 2019. There is no justification under such circumstances for seeking Plaintiff's reports over the last 10 years. FedEx is willing to meet and confer with Plaintiff to understand why the request is for 10 years.

Discovery and investigation are continuing. FedEx reserves its right to supplement and/or amend this response.

Subject to and without waiving the foregoing objections, FedEx responds as follows:

**FedEx will provide a list of the individuals who reported to Plaintiff as a manager for the period beginning February 1, 2015 and will provide race, position and the dates that each individual was assigned to Plaintiff.  FedEx will provide this information pursuant to FRCP 33(d), and anticipates supplementing this response by December 17, 2021.**

<u>SUPPLEMENTAL RESPONSE:</u>

FedEx further objects that providing information that predates Plaintiff working in Texas is not proportional to the needs of the case as required by FRCR 26(b)(1).  Subject to and without waiving the forgoing objections, FedEx responds as follows:

**Pursuant to Rule 33(d), FedEx refers Plaintiff to the document Bates-numbered FXS-ESI 0014, which is a spreadsheet that lists persons who had Plaintiff as their assigned manager February 1, 2015 through the end of December 2019.  Specifically, the spreadsheet contains a static representation of the FedEx employees who reported up to Ms. Harris on that particular day.  The spreadsheet also contains the other requested information.**

<u>INTERROGATORY NO. 8:</u>

Please identify and describe all other formal or informal complaints of discrimination or retaliation based on race or ethnicity asserted against Defendant during the period of January 1, 2015, to the present, and for each, provide:

(A)     the name, address, and telephone number of complainant;

(B)     the name(s) of persons against whom the complaint was made;

(C)     the job titles and departments of persons complaining and the personsagainst whom the complaint was made;

(D)     the date of complaint;

(E)     the description of alleged discrimination or harassment; and

<u>**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1)**</u> —Page 7

(F)     the outcome of the complaint, proceedings, settlement, or agreement.

**RESPONSE:** FedEx objects to this request on the ground that it is overly broad and not proportional to the needs of the case, in violation of FRCP Rule 26(b)(1). FedEx is a large company with many employees. FedEx requests that Plaintiff meet and confer regarding a reasonable scope for this interrogatory.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "formal or informal." FedEx takes all complaints of discrimination or harassment seriously, and, accordingly FedEx does not understand what an "informal" complaint of discrimination or harassment is, as distinguished from a "formal" complaint. The use of the phrase "informal," for example, suggests that complaints of discrimination or harassment may be treated in a casual manner – something which FedEx does not do. Depending on how Plaintiff defines an "informal" complaint, it is possible that this interrogatory could extend to complaints never reported to appropriate personnel or departments charged with receiving such complaints. For example, information regarding verbal complaints between and among rank-and-file employees that were never reported to management, human resources, or a hotline (even if they exist – which they hopefully do not – employees are trained and directed to report all such matters), could be very difficult to locate and compile. Accordingly, FedEx requests that Plaintiff clarify what she means by an "informal" complaint, and how one would distinguish one from a "formal" complaint.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "retaliation based on race or ethnicity." It is not clear what this means. FedEx understands claims of retaliation to arise from protected conduct, not from race or ethnicity. Does

Plaintiff mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity? FedEx requests that Plaintiff clarify this interrogatory.

## SUPPLEMENTAL RESPONSE:

**Without waiving these objections, FedEx is responding to this Interrogatory for the time frame 2017 through January 31, 2020, for managers and above in the Sales organization at Defendant who brough claims for race discrimination and/or retaliation. FedEx is further limiting its response to complaints received through its Alert Line, its internal EEO process, or through a Charge filed with an outside government agency (i.e., EEOC). FedEx is also not including responsive information involving Plaintiff. FedEx responds pursuant to Rule 33(d) by referring Plaintiff to the document Bates-numbered FXS 2818-2827, which is a copy of the Complaint in _Chemla v. FedEx Services, Inc._ That matter remains pending in the Superior Court of the State of California, County of San Mateo. FedEx also further responds that Richard Holley filed an internal complaint that included an allegation of retaliation, and after investigation (completed in August 2019) it was determined that corrective action was necessary.**

## INTERROGATORY NO. 9:

Please state whether Defendant has ever been involved in any other litigation, during the period of January 1, 2015, to the present, pertaining to allegations of discrimination or retaliation based on race or ethnicity. If so, please provide:

    (A)    the names of the parties and their attorneys;

    (B)    the nature of the claims asserted;

    (C)    a description of the factual circumstances; and

    (D)    the status or outcome of the proceedings.

**RESPONSE:**    FedEx objects to this request on the ground that it is overly broad and not proportional to the needs of the case, in violation of FRCP Rule 26(b)(1). FedEx is a large company with many employees. FedEx requests that Plaintiff meet and confer regarding a reasonable scope for this interrogatory.

FedEx objects to this interrogatory on the ground that it is vague and ambiguous with regard to the phrase "retaliation based on race or ethnicity." It is not clear what this means. FedEx understands claims of retaliation to arise from protected conduct, not from race or ethnicity. Does Plaintiff mean retaliation based on protected conduct arising from complaints of discrimination based on race or ethnicity? FedEx requests that Plaintiff clarify this interrogatory.

**SUPPLEMENTAL RESPONSE:**

**Without waiving these objections, FedEx is responding to this Interrogatory for the time frame 2017 through January 31, 2020, for managers and above in the Sales organization at Defendant who brought claims for race discrimination and/or retaliation.  FedEx is also not including Plaintiff's lawsuit in its response.  FedEx responds pursuant to Rule 33(d), FXS Bates-numbered FXS 2818-2827, which is a copy of the Complaint in *Chemla v. FedEx Services, Inc.***

**INTERROGATORY NO. 10:**

Please Identify all District Sales Managers for Field Sales that reported directly to Michelle Lamb for the last 10 years.

**RESPONSE:**  FedEx objects to this interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case as required by FRCP 26(b)(1). Plaintiff's claims relate to the termination of her employment, which occurred in 2020, as well as

a performance management process that began in 2019. There is no justification under such circumstances for seeking Ms. Lamb's direct reports over the last 10 years.

FedEx objects to the interrogatory because Ms. Lamb did not become a Managing Director until January 2017.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiving the foregoing objections, FedEx responds as follows:

**Pursuant to Rule 33(d), FXS Bates-numbered FXS-ESI 0017, which is a spreadsheet containing individuals who FedEx Services's records indicate that Ms. Lamb was the individual's manager since Ms. Lamb became a Managing Director in 2017 through December 2019. Specifically, the spreadsheet contains a static representation of the FedEx employees who reported up to Ms. Lamb on that particular day. By way of further explanation, Ms. Lamb had the following managers that reported to her for the above reference time period:**

> **Rebecca Callahan**
>
> **Brian Conrey**
>
> **Brian Golden**
>
> **Jennifer Harris**
>
> **Brian Hickman**
>
> **Richard Holley**
>
> **Bradley Lambert**
>
> **Jaime Golden McElroy**
>
> **Casey Millner**
>
> **Carmen Vazquez**

DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1) —Page 11

**INTERROGATORY NO. 11:**

Please state FedEx's net worth.

**RESPONSE:**

FedEx objects to this interrogatory on the ground that it is vague and ambiguous in the context of a subsidiary of a publicly traded corporation. The concept of "net worth" is capable of various interpretations, and FedEx requests that Plaintiff meet and confer and provide a proposed method of calculation of such "net worth", and specific data points from which Plaintiff would propose to derive such a figure.

//

//

**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1)** —**Page 12**

Date: 2-23-2022

AS TO FORM AND OBJECTIONS:

Respectfully submitted,

Barak J. Babcock
Tennessee Bar No. 024021
SD No. 2522941
ATTORNEY-IN-CHARGE
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523
Facsimile: (901) 492-9930
Email: barak.babcock@fedex.com

Christopher A. Ahearn
California Bar No. 239089
Admitted *Pro Hac Vice*
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8404
Facsimile: (901) 434-9279
Email: christopher.ahearn@fedex.com

**ATTORNEYS FOR DEFENDANT**

## VERIFICATION

I, Michelle Lamb am a Managing Director at FedEx Corporate Services, Inc.  I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

*Michelle Lamb* 2/21/22

**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1) —Page 14**

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Shelby, State of Tennessee.  I am over the age of 18 and not a party to the within action; am employed with Federal Express Corporation. My place of business is 3620 Hacks Cross Rd., Bldg. B – 3rd Floor, Memphis, TN 38125.

I certify that a copy of Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant FedEx Corporate Services, Inc. on the person or persons listed below via e-mail to the addresses listed below:

Brian P. Sanford
Elizabeth "BB" Sanford
**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
bsanford@sanfordfirm.com
esanford@sanfordfirm.com
*Attorneys for Plaintiff Jennifer Harris*

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

Executed  2-23-22  at Memphis, Tennessee.

Christina Mendoza
_____
Print Name

By: _____
Signature

**DEF. FEDEX'S SUPPLEMENTAL RESP. TO PLTF'S INTERROGATORIES (SET 1) —Page 15**