**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JENNIFER HARRIS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | Civil Action 4:21-cv-1651 |
| | ) | |
| FEDEX CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
EXLCUDE CONEISHA SHERROD AS AN EXPERT AND TO EXCLUDE HER
REPORT AND TESTIMONY</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

I.   SHERROD'S DESIGNATION ................................................................... 2

II.  LEGAL STANDARD .................................................................................. 2

III. ARGUMENT ............................................................................................... 3

    A.  Sherrod's Report and testimony is not relevant, reliable or helpful to the jury and impermissibly instructs the jury as to the result they should reach. ........................ 3

    B.  Federal courts do not widely accept conclusory reports from HR experts. ............ 5

    C.  Sherrod's testimony is unreliable and irrelevant. ................................... 6

    D.  Sherrod's testimony is unhelpful to the jury. ......................................... 9

    E.  Sherrod's opinions amount to nothing more than impermissible legal conclusions and are unreliable. ............................................................................. 12

    F.  Sherrod should be stricken as an expert witness based on her impermissible bias which makes her testimony unreliable. .................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Allamon v. Acuity Specialty Products, Inc.*,
   1:10-CV-294-TH, 2011 WL 13196209 (E.D. Tex. July 21, 2011) ............................13

*Askanase v. Fatjo*,
   130 F.3d 657 (5th Cir. 1997) ................................................................................3, 12

*Atl. Specialty Ins. Co. v. Porter, Inc.*,
   742 F. Appx. 850 (5th Cir. 2018).................................................................................8

*C.P. Interests, Inc. v. Calif. Pools Inc.*,
   238 F.3d 690 (5th Cir. 2001) ......................................................................................3

*Collins v. Jackson Pub. Sch. Dist.*,
   609 F. Appx. 792 (5th Cir. 2015)................................................................................7

*In re Complaint of C.F. Bean L.L.C.*,
   841 F.3d 365 (5th Cir. 2016) ......................................................................................8

*Complete Logistical Servs., LLC v. Rulh*,
   394 F.Supp.3d 625 (E.D. La. 2019)...........................................................................14

*Crow v. United Ben. Life Ins. Co.*,
   3:00CV1375G, 2001 WL 285231 (N.D. Tex. 16, 2001) .............................................13

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993).......................................................................................... *passim*

*Est. of Sowell v. United States*,
   198 F.3d 169 (5th Cir. 1999) ....................................................................................13

*Fair v. Allen*,
   669 F.3d 601 (5th Cir. 2012) ....................................................................................14

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)...................................................................................................13

*Goodman v. Harris County*,
   571 F.3d 388 (5th Cir. 2009) ....................................................................................13

*Grimes v. Wal-Mart Stores Tex., LLC*,
   MO-10-cv-00067, 2012 WL 12883080 (W.D. Tex. Jan. 23, 2012) .......................5, 13

*Estate of Haeuser v. Westchester Surplus Lines Ins. Co.*,
    No. 13-5631, 2015 WL 1040439 (E.D. La. Mar. 10, 2015) .........................................15

*Hathaway v. Bazany*,
    507 F.3d 312 (5th Cir. 2007) .............................................................................. *passim*

*Hernandez v. City of Vancouver*,
    C04-5539 FDB, 2009 WL 279038 (W.D. Wash. Feb. 5, 2009) ............................5, 15

*Hernandez v. Rush Enterprises, Inc.*,
    No. 4:19-CV-00638, 2021 WL 857987 (E.D. Tex. Mar. 8, 2021) ............................11

*Hines v. Tex-Tube Co.*,
    No. CV H-09-0221, 2010 WL 11583240 (S.D. Tex. June 2, 2010).............................7

*Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*,
    304 F. Supp. 3d 525 (N.D. Tex. 2018) ......................................................................8

*Johnson v. United States*,
    597 F.Supp. 374 (D. Kan. 1984)..............................................................................15

*Jones v. Slay*,
    No. 4:12-CV-2109 CAS, 2014 WL 2804407 (E.D. Mo. June 20, 2014) ....................7

*Knight v. Kirby Inland Marine, Inc.*,
    482 F.3d 347 (5th Cir. 2007) ...................................................................................12

*Kumho Tire Co., Ltd. v. Carmichael*,
    *526 U.S. 137, 149 (1999)* ....................................................................................2, 3

*Layman v. Guitierrez*,
    No. 05-CV-01890, 2007 WL 571108 (D. Col. Feb. 20, 2007)....................................9

*Moore v. Ashland Chem. Inc.*,
    151 F.3d 269 (5th Cir. 1998) ..............................................................................2, 3, 6

*Neely v. PSEG Texas, LP*,
    MO-10-CV-030, 2012 WL 12877923 (W.D. Tex. May 29, 2012) .............................5

*Orthoflex, Inc. v. ThermoTek, Inc.*,
    986 F. Supp. 2d 776 (N.D. Tex. 2013) .......................................................................3

*Pagan-Aponte v. McHugh, 3:09-cv-08000*,
    *2011 WL 1989962 (M.D. Tenn. May 10, 2011)* .........................................................6

*Pipitone v. Biomatrix, Inc.*,
    288 F.3d 239 (5th Cir. 2002) .....................................................................................3

*Pittman v. Gen. Nutrition Corp.*,
   No. H-04-3174, 2007 WL 951638 (S.D. Tex. Mar. 28, 2007) ..................................9

*Sherrod v. United Way of Tarrant County*,
   4:17-cv-00758-0, 2018 WL 10435245 (N.D. Tex. Dec. 11, 2018) ....................11, 12

*Stallion Heavy Haulers, LP v. Lincoln Gen. Ins., Co.*,
   SA-09-CA-0317-FB, 2011 WL 130154 (W.D. Tex. Jan. 13, 2011)...........................13

*Stragent LLC v. Intel Corp.*,
   No. 6:11-cv-421, 2014 WL 1389304 (E.D. Tex. Mar. 6, 2014)..................................11

*Thomson v. Rook*,
   255 F. Supp. 2d 584 (E.D. Tex. 2001)...........................................................................4

*Trentham v. Hidden Mountain Resorts, Inc., 3:08-CV-23*,
   *2010 WL 11519874 (E.D. Tenn. Jan 15, 2010)* ......................................................5, 6

*Wells v. SmithKline Beecham Corp.*,
   601 F.3d 375 (5th Cir. 2010) ........................................................................................7

*Wilhoite v. Bi-Lo, LLC, 3:06-CV-32*,
   *2007 WL 5117410 (E.D. Tenn. June 29, 2007)* .........................................................10

*Wilson v. Muckala*,
   303 F.3d 1207 (10th Cir. 2002) .....................................................................................5

## Other Authorities

Federal Rules of Evidence 401 ..........................................................................................12

Federal Rules of Evidence 402 ....................................................................................12, 13

Federal Rules of Evidence 403 ......................................................................................5, 13

Federal Rules of Evidence 702 ................................................................................. *passim*

Federal Rules of Evidence 704 ......................................................................................3, 4

Pursuant to Federal Rules of Evidence 402, 403 and 702, FedEx moves to strike and exclude the expert report and testimony of Plaintiff's proffered "expert" Coneisha Sherrod because her opinions are not reliable or relevant under the familiar test established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993). Sherrod's report is not based on sufficient facts or data, is not the product of reliable or generally accepted principles or methodologies, is beset by logical fallacy and unsound reasoning, and does not apply any well-founded principles or cogent methods to the facts in this case. Indeed, Sherrod's report does not identify, let alone analyze, a single FedEx human resources policy, practice, guideline, or rule. Because Sherrod's report fails the relevance and reliability standards *Daubert* demands, the Court should strike and exclude the report and any related testimony.

Sherrod should also be excluded as an expert because of her bias in favor of Plaintiff based on Sherrod's attorney-client relationship with Plaintiff's attorney. Specifically, Plaintiff's attorney represented Sherrod as her personal attorney in a lawsuit against Sherrod's former employer. This lawsuit resulted in a trial with a judgment in favor of Sherrod in 2019. But the attorney-client relationship continued until February 2021, when Sherrod's Petition for Writ of Certiorari to the Supreme Court as to another party Sherrod was attempting to sue in the same action, was denied. This long-term attorney-client relationship is the type of special relationship that creates bias on the part of an expert and warrants exclusion of Sherrod as an expert in this case. In addition, Sherrod's report indicates she has provided testimony as an expert in four other cases for the Sanford law firm. In each of those cases, unsurprisingly, Sherrod determined the employer violated the law. Sherrod's testimony, therefore, fails to meet the reliability threshold required under Rule 702.

## I.      SHERROD'S DESIGNATION

Plaintiff's lawsuit stems from FedEx's decision to terminate her employment in January 2020 after she failed to successfully complete two Performance Improvement Plans regarding her job performance.  In February 2022, Plaintiff designated Sherrod as an expert in this case and submitted an expert report in support of her proposed testimony.  *See* Sherrod Expert Report (Apx. 4).  Sherrod has failed to amend or supplement her Report as of the date of this filing.

## II.     LEGAL STANDARD

In *Daubert*, the Supreme Court held that Rule 702 of the Federal Rules of Evidence requires that the trial judge act as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 583.  In *Kumho Tire Co., Ltd. v. Carmichael*, the Supreme Court clarified that Daubert apples to all expert matters described in Rule 702.  526 U.S. 137, 149 (1999).  Rule 702 allows opinion testimony from an expert when (a) the expert's technical or specialized knowledge will help the trier of fact understand the evidence or decide a fact issue; (b) when "the testimony is based on sufficient facts or data"; (c) when "the testimony is the product of reliable principals and methods"; and (d) when "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  The party submitting "expert testimony must demonstrate that the expert's findings and conclusions are based on scientific method, and, therefore, are reliable." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).  "This requires some objective, independent validation of the expert's methodology.  The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Id.*

Trial courts act as gatekeepers in the Rule 702 context, to ensure expert testimony is "not only relevant, but reliable." *Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007) (quoting

*Daubert*, 509 U.S. at 589).  As gatekeepers, "trial courts make 'a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'"  *Id.* (quoting *Daubert*, 509 U.S. at 592-593); *see also Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) ("This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony.")  Courts must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.  *Kumho Tire Co.*, 526 U.S. at 152.  Neither Rule 702 nor Rule 704 "permits expert witnesses to offer conclusions of law." *C.P. Interests, Inc. v. Calif. Pools Inc.*, 238 F.3d 690, 697 (5th Cir. 2001); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997); *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 811 (N.D. Tex. 2013) (striking portions of expert's opinions because they improperly "attribute[d] legal significance to certain facts, which is not helpful to the trier of fact and must be excluded under Rule 702").

When the admissibility of expert testimony is challenged under *Daubert*, the proponent of the evidence bears the burden of proving that the testimony is reliable and relevant.  *Moore*, 151 F.3d at 276.  To meet this burden, a party cannot simply rely on its expert's assurances that she utilized generally accepted scientific methodology.  *Id.*  Rather, some objective, independent validation of the expert's methodology is required.  *Id.*

## III.   ARGUMENT

### A.   Sherrod's Report and testimony is not relevant, reliable or helpful to the jury and impermissibly instructs the jury as to the result they should reach.

Sherrod's Report and proposed testimony simply alleges that FedEx violated generic safety rules and thereby damaged Plaintiff.  However, these allegations are not accompanied by any

analysis of the facts and policies at issue in this case, will not aid the jury and therefore, must be excluded under Rule 702.   Specifically, in her Report, Sherrod provides the following "conclusions:"   (1) there was an alleged "system failure" because "defendant who had responsibility for employees and the safety of people in the workplace failed to hire qualified Human Resources Managers, failed to train managers adequately, and failed to supervise the managers to enforce the laws to protect the safety of employees in the workplace" corporate officers failed to supervise the enforcement of the laws to protect the safety of employees in the workplace" (Report at 2 (Apx. 5)[1]; (2) the "root cause" of the system failure was "failure to supervise their own employees to prevent discrimination and retaliation" and that FedEx "failed to enforce its contract preventing violations of the law, including discrimination and retaliation." (Id.); (3) had five generic "safety rules" (which Sherrod created) been followed, that would have prevented damages to Plaintiff and would protect employees in the workplace (Report at 3 (Apx. 6)[2]; and (4) FedEx failed to comply with the "safety protocols, which resulted in damages to plaintiffs (sic)". (Report at 7 (Apx. 10).

Sherrod's opinions and conclusions are simply telling the jury what result it should reach, without any analysis of FedEx's actual policies or application of any facts to FedEx's policies; such testimony is expressly prohibited.  *See* Fed. R. Evid. 704, Advisory Committee Notes (1972) (noting that expert opinions cannot merely tell the jury what result to reach); *see also Thomson v. Rook*, 255 F. Supp. 2d 584, 587 (E.D. Tex. 2001) (excluding expert opinions that were "neither

---

[1] Sherrod's Report lacks pagination, but FedEx refers to page numbers for clarity and ease of reference.
[2] Sherrod's Report is confusing.  She indicates she has "reviewed the plaintiff's fourth amended complaint and jury demand" when there has only been one amended complaint.  *See* Report at 2 (Apx. ___).  Under the heading "Job Safety Protocols" Sherrod states:  "I have identified three job safety protocols that, if followed, would have prevented damages to the plaintiffs (sic) and would protect employees in the workplace." (Report at 3).  Instead of three rules, Sherrod goes onto lists five safety rules but only provides a "Checklist" for four of the five safety rules.  *See* Report at 3-7.  Finally, Sherrod's Report identifies "Plaintiffs" and "Defendants" when there is only one plaintiff and defendant in this lawsuit.  *See* Report generally.

scientifically supported nor helpful because they merely tell the jury what result to reach, propositions specifically forbidden and excludable under Federal Rules of Evidence 403").

### B.      Federal courts do not widely accept conclusory reports from HR experts.

Federal courts in Texas and elsewhere have excluded testimony from HR experts who offer opinions similar to Sherrod's.  *See e.g., Neely v. PSEG Texas, LP*, MO-10-CV-030, 2012 WL 12877923 at *3 (W.D. Tex. May 29, 2012) (Apx. 154) (the court wholly excluded an expert's testimony that the defendant allegedly failed to adhere to their own policies regarding accommodations on the ground such testimony would not aid or assist the trier of fact and "a large percentage of opinions are legal conclusions that invade the province of the jury"); *Grimes v. Wal-Mart Stores Tex., LLC*, MO-10-cv-00067, 2012 WL 12883080 (W.D. Tex. Jan. 23, 2012) (Apx. 158) (wholly excluding HR expert because, among other things, her "testimony offers nothing more than what Plaintiff's counsel can assert in closing arguments, introduce through exhibits, or elicit in the examination of lay witnesses"); *see also Wilson v. Muckala*, 303 F.3d 1207, 1219 (10th Cir. 2002) (excluding the testimony of an HR expert because "the normal experiences and qualifications of laymen jurors is sufficient for them to draw a proper conclusion from [the] given facts and circumstances); *Hernandez v. City of Vancouver*, C04-5539 FDB, 2009 WL 279038 at *5 (W.D. Wash. Feb. 5, 2009) (Apx. 162) (excluding an expert's testimony that was little more than a conclusion that the plaintiff was discriminated against because "[a]llowing this form of testimony would greatly infringe upon the role of the jury").

In *Trentham v. Hidden Mountain Resorts, Inc.*, the court excluded a human resources expert's proposed testimony that "consist[ed] of little more than a recitation of the Plaintiff's allegations combined with [the expert's] conclusion that the evidence demonstrated that the Plaintiff was discriminated against based upon her cancer diagnosis."  3:08-CV-23, 2010 WL

11519874 at *3 (E.D. Tenn. Jan. 15, 2010) (Apx. 167).  The *Trentham* court, therefore, concluded that the expert testimony would infringe upon the role of the jury.  *Id.*  Similarly in *Pagan-Aponte v. McHugh*, the plaintiff designated an HR expert to testify regarding a flawed interview process purportedly used by the defendant in its promotion decision involving the plaintiff.  3:09-cv-0800, 2011 WL 1789962 at *2 (M.D. Tenn. May 10, 2011) *aff'd* 510 Fed. Appx. 438 (6th Cir. 2013) (Apx. 225).  The expert sough to testify that the "flawed process created a situation where bias and racial bias could easily occur."  *Id.*  The court stated that the "law is well established that an employer's conduct is not required to be fair or to represent good employment practice," provided the conduction is "nondiscriminatory."  *Id.* at *3-*4.  Based on that, the court found that the "pertinent question is whether those practices actually lead to a discriminatory decision," and the HR expert's opinions "regarding the 'flawed process' will not assist the jury in answering that question."  *Id.*  Thus, Sherrod should be excluded as an expert.

### C.     Sherrod's testimony is unreliable and irrelevant.

Next, Sherrod's testimony and Report should be excluded because Sherrod does not utilize a reliable methodology as required by *Daubert*.  *See Moore*, 151 F.3d at 276 (The party submitting "expert testimony must demonstrate that the expert's findings and conclusions are based on scientific method, and therefore, are reliable.")  Again, it's not enough for the expert to just state she has utilized general accepted scientific methodology.  *Id.*  Far from meeting her burden, without examining any of FedEx's employment or HR policies, Sherrod reviews the allegations in Plaintiff's "complaint", assumes their truth and then jumps to the improper legal conclusion that the "root cause" of Plaintiff's injuries was because FedEx's "failed to supervise their own employees to prevent the discrimination and retaliation" and "failed to enforce its contract preventing violations of the law, including discrimination and retaliation."  *See* Report at 2 (Apx.

5).  Her safety protocols include the unremarkable conclusions that:  (1) HR representatives must have the ability to act with integrity, professionalism, confidentiality and have a thorough knowledge of employment-related laws; (2) corporations must train managers to prevent discrimination and retaliation; (3) corporations must supervise managers to follow discrimination and retaliation laws; (4) corporations must prevent discrimination and retaliation and (5) corporations must care about workplace laws.  *See* Report, *generally*.  Nothing in Sherrod's Report demonstrates "the necessary indicia of intellectual rigor."  *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 379 (5th Cir. 2010).  Sherrod invents five safety rules (but only provides a detailed discussion on four rules), and with no critical analysis of any of the facts in the case, simply assumes FedEx broke her rules.  That is the not the type of intense intellectual rigor *Daubert* demands.  *See Hathaway*, 507 F.3d at 317 (noting that courts should consider whether expert's reasoning was properly applied to the facts in issue).

Again, Sherrod was "requested to assume that the facts in the amended complaint are true." Report at 2 (Apx. 5).  But, "[a]llegations in a compliant are not evidence."  *Hines v. Tex-Tube Co.*, No. CV H-09-0221, 2010 WL 11583240 at *2 (S.D. Tex. June 2, 2010) (Apx. 172); *see also Collins v. Jackson Pub. Sch. Dist.*, 609 F. Appx. 792, 795 (5th Cir. 2015) ("[A]llegations in a complaint . . . are assertions, not evidence.")  And an opinion based on assuming the facts in a complaint are true are inherently unreliable under *Daubert*.  *See e.g.*, *Jones v. Slay*, No. 4:12-CV-2109 CAS, 2014 WL 2804407 at *6 (E.D. Mo.  June 20, 2014) (Apx. 175) (striking as "impermissible" portions of expert opinion that was based on the assumptions that the complaint's allegations were all true).  Moreover, Sherrod concludes that FedEx failed to "enforce its contract preventing violations of the law, including discrimination and retaliation", yet failed to review or analyze any purported contract between FedEx and Plaintiff.  Report at 2 (Apx. 5).  Nor would

Sherrod be qualified to opine on such legal conclusions.  An expert's failure to tie her conclusions to the facts and evidence in the case mandates exclusion of her opinions.  *See Hathaway*, 507 F.3d at 318-319 & n.4 (affirming trial court's exclusion of expert testimony where expert assumed "a number of supposed facts not in the record"); *Atl. Specialty Ins. Co. v. Porter, Inc.*, 742 F. Appx. 850, 854-855 (5th Cir. 2018) (affirming district court's exclusion of testimony because expert's "proposed cause" was "nothing more than possibility rooted in speculation").

Sherrod assumes, without support, that "defendants (sic) in practice did not comply with the job safety protocols, which resulted in damages to plaintiffs (sic)."  Report at 7 (Apx. 10). Sherrod's conclusory opinion is founded upon improper assumptions, speculation and conjecture, not facts, and thus is not relevant under *Daubert*.  *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 370-371 (5th Cir. 2016) (court did "not abuse its discretion by excluding" as irrelevant an expert's mere "conclusory opinion").  Sherrod's Report offers nothing more than legal argument, adding nothing that would help the jury.  *See Holmes v. N. Tex. Health Care Laundry Coop. Ass'n*, 304 F. Supp. 3d 525, 551 (N.D. Tex. 2018) (noting that because the proffered expert brough to the trier of fact no "more than lawyers [could] offer in argument," expert's proffered testimony was not relevant under Rule 702).

Also, Sherrod provides zero supporting details or grounds upon which she bases the conclusion that her unidentified techniques have been tested or peer reviewed, or that they have no, or a low error rate (because they are allegedly based on unidentified laws, standards and "common sense"), and are somehow supported by unnamed standards controlling the operation of conduct in the workplace.  *See* Report at 7 (Apx. 10).  Sherrod also fails to show how this alleged methodology was applied to the applicable evidence in this case.  *Id.*  Indeed, Sherrod's Report amounts to nothing more than Sherrod's conclusory and subjective assurance that her methodology

is valid.  *Id.*  Even if "common sense" could somehow be cited, it would negate the need for expert

testimony.  Because Sherrod's conclusory methodology cannot be objectively and independently

validated, it fails to satisfy Rule 702's mandatory requirement or reliability.  Therefore, Sherod

must be excluded as an expert.  *See Hathaway*, 507 F.3d at 318 ("the existence of sufficient facts

and a reliable methodology is in all instances mandatory.")

### D.     Sherrod's testimony is unhelpful to the jury.

Even assuming Sherrod is qualified to testify as an HR expert, her testimony regarding so

called "job safety protocols" and the implications of not following such protocols is not helpful to

the jury.  *See* Report, *generally*; *see also Pittman v. Gen. Nutrition Corp.*, No. H-04-3174, 2007

WL 951638 at *3 (S.D. Tex. Mar. 28, 2007) (Apx. 184) (plaintiff in a Title VII action could not

offer expert opinion evidence by human resources professional that invades the province of the

jury and is inadmissible as legal conclusions); *Layman v. Guitierrez*, No. 05-CV-01890, 2007 WL

571108 (D. Col. Feb. 20, 2007) (Apx. 191) (excluding "personnel" expert on the grounds that the

"objective phase of the selection process here 'are not so complicated as to require the testimony

of an expert witness.'").  The *Pittman* court held:

> Examples of opinions that are not admissible are [expert's] conclusion that "the
> Company was looking for an excuse to not promote [a plaintiff]," that [employer]
> "intended" to "discrimination" against Plaintiffs; that GNC's explanation for not
> promoting [a plaintiff] "was no more than a pretext to avoid having to promote [a
> plaintiff]" or any Black person above RSD; that the "failure of GNC to promote [a
> plaintiff] . . . provides proof that GNC made discriminatory employment decisions
> toward [a plaintiff]"; and that GNC's decision not to promote [plaintiff] because he
> was not qualified or was less qualified than the person who filled the position
> (Green), was "nothing more than a poorly fabricated pretext to avoid having to
> promote [a plaintiff]."

*Id.*  The *Pittman* court, therefore, concluded that these "opinions invade the province of the jury,

which is capable of deciding on its own GNC's motivations and the existence of "pretext" after

considering the evidence at trial."  *Id.*

Similarly, in *Wilhoite v. Bi-Lo, LLC*, the designated expert "interviewed the plaintiff and reviewed all documents provided" and sought to testify that the "[e]mployer terminated [employee] for reasons other than those stated." 3:06-CV-32, 2007 WL 5117410 at *1 (E.D. Tenn. June 29, 2007) (Apx. 195). The *Wilhoite* court excluded the expert and stated that it would "not admit testimony proffered by an expert that is directed solely to lay matters which a jury is capable of understanding and deciding." *Id.* at *6. Sherrod's Report also does not tie any of her conclusions to FedEx policies. Instead, Sherrod opines that FedEx violated five "safety rules" that she developed. In make her conclusions, Sherrod fails to state: how FedEx allegedly violated any of these five safety rules; any factual or evidentiary basis for these conclusions; or how FedEx's actual policies compared to her purported safety rules. Report at 7 (Apx. 10). Indeed, Sherrod's Report wholly disregards the actual facts and evidence in this case (she only assumes the facts alleged in Plaintiff's amended Compliant are true) and does not consider FedEx's policies and procedures in place that prohibit discrimination and retaliation, does not consider any training FedEx provides on its policies or available methods for employees to report violations (including the Alert Line, which is anonymous).

Sherrod is impermissibly substituting her self-created safety rules, and the related checklists for compliance, for the actual FedEx policies, to conclude that there was wrongdoing by FedEx that caused damage to Plaintiff. Report at 7 (Apx. 10). Even if it could be found that FedEx violated one or more of Sherrod's five safety rules, allowing Sherrod to provide expert testimony in which she imposes this self-created set of safety rules and related compliance standards on FedEx, will only confuse and mislead the jury. Using Sherrod's safety rules will in no way aid the jury in properly reaching a verdict; therefore, she should be excluded as an expert.

Moreover, Sherrod cites a handful of national statistics from the internet about "bullying" and retaliation, but none of her statics or internet articles refer to FedEx.  *See* Report at 2 (Apx. 5). And, Sherrod makes no effort to relate her online statistics or articles to the evidence or facts of this case.  "Courts consistently exclude expert testimony as unreliable under *Daubert* when the analytical gap between the studies on which the expert relied and his conclusions is simply to great."  *Stragent LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 1389304 at *3 (E.D. Tex. Mar. 6, 2014) (citing *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 355 (5th Cir. 2007)).

Sherrod also seeks to advise the jury with generic statistics on the purported frequency of retaliation occurs in the workplace.  *See* Report at 2. (Apx. 5) ("According to the EEOC, about 4,200 claims of retaliation are filed in Texas each year.")  These statistics in no way related to FedEx, its workplace or its policies.  Instead, Sherrod restates industry publications and EEOC charge-filing statistics without providing any analysis or relation to the facts of this case.  *Id.*  And while the links in her Report take you to an EEOC website, the website indicates "[t]he requested page could not be found").[3]  Sherrod's Report is completely devoid of any reference about how the statistics relate to the facts of this case or how they are helpful to the jury in understanding whether there was retaliation in this case or other discrimination based on race.  *See Hernandez v. Rush Enterprises, Inc.*, No. 4:19-CV-00638, 2021 WL 857987 (E.D. Tex. Mar. 8, 2021) (court struck industry statistical information finding it would not assist the factfinder in deciding the case).

In a case where Sherrod herself was the plaintiff, represented by the same attorney as counsel in this case, Sherrod proffered expert testimony "about best human resource practices for handling discrimination and retaliation claims."  *Sherrod v. United Way of Tarrant County,* 4:17-

---

[3] Moreover, it's unclear what data the 4,200 statistic is since it's the same statistic that Sherrod used in the *Owens* Report, dated March 27, 2020.  *See* Apx. 96.

cv-00758-0, 2018 WL 10435245 at *1 (N.D. Tex. Dec. 11, 2018) (Apx. 209).  In analyzing this proposed testimony, the *Sherrod* court opined that Rule 401 requires that evidence tend "to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence" and that Rule 402 provides that irrelevant evidence is not admissible.  *Id.* In excluding this proposed expert testimony, the Court held:  "Here, [the Expert's] opinion of appropriate internal processes for HR Departments – and whether [the Employer] complied with those processes – is not relevant to whether [the employee] was fired or retaliated against based on race, or whether [the employer's] stated reason for doing so was false or unworthy of credence."  *Id.*  In granting the motion to strike, the *Sherrod* court went on to find:

> Even if [Expert's] report and testimony were relevant, Rule 403 provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury.  Fed. R. Evid. 403.  This case is about discrimination and retaliation, not proper human resources management.  The Court finds that any probative value in [Expert's] general human resources testimony is outweighed by the risk that such testimony would mislead the jury or confuse the issues at trial."  *Id.*

This Court should exclude Sherrod here for the same reasons.  As in her own case, Sherrod did not apply FedEx's policies or any evidence regarding the factual situations involving Plaintiff's discipline, termination or FedEx's investigation of her complaints.  *See Knight*, 482 F.3d at 354-355 (The reliability analysis applies to all aspects of an expert's testimony:  the methodology, the facts underlying the expert's opinions, the link between the facts and the conclusions.)

### E.     Sherrod's opinions amount to nothing more than impermissible legal conclusions and are unreliable.

In the Fifth Circuit, expert testimony "as to legal matters" must "involve questions of fact." *Askanase*, 130 F.3d at 672.  It is well-established that jurors defer to experts.  *Id.* at 673 (stating that "[t]here is a certain mystique about the word 'expert' and once the jury hears of the [expert's] experience and expertise, it might think the witness even more reliable than the judge").  Because

of this, courts are justifiably concerned that an expert's testimony "to define and apply the law" will confuse the jury.  *See Est. of Sowell v. United States*, 198 F.3d 169, 171-172 (5th Cir. 1999); Fed. R. Evid. 402, 403; *see also Crow v. United Ben. Life Ins. Co.*, 3:00CV1375G, 2001 WL 285231 at *2 (N.D. Tex. 16, 2001) (stating that "[o]ur legal system reserves to the trial judge the role of deciding the law for the benefit of the jury.")  As a result, courts routinely exclude expert opinions that amount to mere legal conclusions.  *See Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) ("Nevertheless, an expert may never render conclusions of law."); *Stallion Heavy Haulers, LP v. Lincoln Gen. Ins., Co.*, SA-09-CA-0317-FB, 2011 WL 130154 at *2 (W.D. Tex. Jan. 13, 2011) (Apx. 229) ("The court may exclude expert testimony that usurps the role of the judge or jury by proffering legal opinions or conclusions.")

Here, Sherrod's Report states, under the heading "Application of Job Safety Protocols," that "Based on my understanding of the facts in the first amended complaint, defendants (sic) in practice did not comply with the job safety protocols, which resulted in damages to plaintiffs (sic)." (Report at 7 (Apx. 10)) and that the "root cause" of Plaintiff's injuries is FedEx's supposed failure to "enforce the law".  (Report at 2 (Apx. 5).  These are legal conclusions that will confuse the jury and is offered solely to parrot Plaintiff's own legal opinions and, therefore, must be excluded.  *See* Fed. R. Evid. 403; *Goodman*, 571 F.3d at 399; *Grimes*, 2012 WL 12883080 at *4.

Sherrod should also be excluded as an Expert because her proposed testimony amounts to unreliable *ipso dixit* opinion that FedEx is liable because Sherrod concludes that "it is so."  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("But nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of an expert); *see also Allamon v. Acuity Specialty Products, Inc.*, 1:10-CV-294-TH, 2011 WL 13196209 at * 4 (E.D. Tex. July 21, 2011) (Apx. 217) ("But the existence

of sufficient fats and a reliable methodology is in all instances mandatory.  Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.").

### F.   Sherrod should be stricken as an expert witness based on her impermissible bias which makes her testimony unreliable.

Rule 702, requires as a threshold question, that an individual must have the qualifications to offer expert testimony.  *See* Fed. R. Evid. 702.  Under Rule 702, "the expert is viewed, not in a narrow sense, but as a person qualified by 'knowledge, skill, experience, training or education.'" *Complete Logistical Servs., LLC v. Rulh*, 394 F.Supp.3d 625, 636 (E.D. La. 2019) (*citing* Fed. R. Evid. 702 Advisory Committee's Note).  While the Fifth Circuit has noted that "[f]inding an expert witness so biased that his testimony cannot be considered regardless of his credentials is not done lightly. . . ." *Fair v. Allen*, 669 F.3d 601, 606 (5th Cir. 2012).  Based on the circumstances, such a finding is proper is this case, and Sherrod should be excluded as an expert witness.

Specifically, regardless of Sherrod's purported qualifications, her long standing personal attorney-client relationship with Plaintiff's counsel precludes her from being an unbiased and reliable expert witness in this case.  Sherrod and attorney Brian Sanford had an attorney client relationship during the four years Sherrod's employment discrimination lawsuit was pending in the Northern District of Texas federal court.  *See generally* Docket in *Sherrod v. United Way Worldwide et al*, 4:17-cv-00758-O, venued in the United States District Court for the Northern District of Texas (Apx. 61).  Indeed, Plaintiff's current counsel was the attorney who filed Sherrod's lawsuit on September 18, 2017.  *See Id.* (Docket No. 1).  This representation included a jury trial with a verdict in Sherrod's favor in 2019, in a subsequent appeal to the Fifth Circuit as to another party Sherrod was attempting to sue in the same action, and a petition for writ of certiorari to the U.S. Supreme Court, which was denied on February 22, 2021.  *See Id.* Docket No. 112 (2/8/2019 Jury Verdict); Docket No. 121 (4/3/2019 Notice of Appeal to Fifth Circuit); Docket

No. 126 (8/24/2020 Fifth Circuit Judgment); Docket No. 128 (Letter enclosing Supreme Court denial).  Additionally, as of her February 21, 2021 deposition, Sherrod had only been retained by the Sandford firm as an expert.  *See* 2/25/21 Sherrod Deposition at 19:1-20:7 (Apx. 55-56).  Although the issue of expert witness bias is often left to the jury to weigh, the long-term attorney-client relationship between Sherrod and Plaintiff's attorney is the type of the special relationship that creates bias on the part of an expert.  *See Estate of Haeuser v. Westchester Surplus Lines Ins. Co.*, No. 13-5631, 2015 WL 1040439 (E.D. La. Mar. 10, 2015) (Apx. 222) (Evidence of a special relationship between an expert witness and legal counsel is relevant to demonstrate the possible bias of the expert witness).

As of her February 2021 deposition, Sherrod has only been retained to provide testimony on behalf of an employee.  *See* 2/25/21 Sherrod Deposition at 21:12-23; *see also* Sherrod's Reports in *Hernandez* case (Apx. 75); *Owens* case (Apx. 94); *Sullivan* case (Apx. 103) (Sherrod noting that she provided report at request of Sanford law firm and finding that every employer violated her safety rules and caused damage to the employee-plaintiff).  This fact also indicates a pattern of anti-employer bias and/or bias in favor of Plaintiff's current counsel's clients which should disqualify Sherrod as an expert in this case.  *See Johnson v. United States*, 597 F.Supp. 374, 411 (D. Kan. 1984) (where an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading).

For the above reasons, Sherrod should be excluded from testimony as an expert in this case.

DATED: August 18, 2022       Respectfully submitted,

<u>*/s/ Barak J. Babcock*            </u>
Barak J. Babcock
Tennessee Bar No. 024021
SD No. 2522941
ATTORNEY-IN-CHARGE
Christopher M. Ahearn
California State Bar No. 239089
(Admitted *Pro Hac Vice*)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523
Facsimile: (901) 492-9930
Email: barak.babcock@fedex.com
Email: Christopher.ahearn@fedex.com

**ATTORNEYS FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send a copy to all attorneys of record.

           <u>s/Barak J. Babcock            </u>