IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | JURY DEMANDED |
| | § | |
| *Defendants*. | § | |

## PROPOSED JOINT PRETRIAL ORDER

1. **Appearance of Counsel**. List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

    a. **Plaintiff's Counsel's Contact Information**:

    Brian P. Sanford
    Texas Bar No. 17630700
    bsanford@sanfordfirm.com
    214-957-1407
    Elizabeth "BB" Sanford
    Texas Bar No. 24100618
    esanford@sanfordfirm.com
    469-231-7233

    THE SANFORD FIRM
    1910 Pacific Ave., Suite 15400
    Dallas, TX 75201
    Ph:  (214) 717-6653
    Fax: (214) 919-0113

    b. **Defendant's Counsel's Contact Information**

    Barak J. Babcock
    S.D. No. 2522941
    FEDERAL EXPRESS CORPORATION
    3620 Hacks Cross Road
    Bldg. B, 3rd Floor
    Memphis, TN 38125-8800
    Telephone: (901) 434-8523

    Facsimile: (901) 492-9930
    Email: barak.babcock@fedex.com

    Christopher M. Ahearn (Admitted *Pro Hac Vice*)
    TN Bar Number: 040043
    Federal Express Corporation
    3620 Hacks Cross Road
    Bldg. B, 3rd Floor
    Memphis, TN 38125-8800
    Telephone: (949) 798-9090
    Facsimile: (901) 492-9930
    Email: christopher.ahearn@fedex.com

    Michael V. Abcarian
    Texas Bar No. 00799900
    S.D. No. 19980
    Brent Sedge
    Texas Bar No. 24082120
    S.D. No. 2904547
    FISHER & PHILLIPS LLP
    500 N. Akard Street, Suite 3550
    Dallas, Texas 75201
    Telephone: (214) 220-9100
    Facsimile: (214) 220-9122
    mabcarian@fisherphillips.com
    bsedge@fisherphillips.com

2. **Statement of the Case**. Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

    a.    Plaintiff's Statement of the Case:

    A FedEx manager treated a successful employee differently because of the color of the employee's skin; when the employee complained, FedEx terminated her. Ms. Harris, the employee, has sued FedEx for race discrimination and retaliation under the Civil Right Act of 1866, 42 U.S.C. § 1981 (Section 1981) and Title VII.

    b.    Defendant's Statement of the Case

    FedEx denies any racial bias against Plaintiff, and FedEx denies retaliating against her. Plaintiff underperformed in her role as a sales manager. FedEx followed its lawful policies and procedures, giving Plaintiff multiple opportunities to improve. When she failed to do so, FedEx terminated her employment.

3. **Jurisdiction**. Briefly specify the jurisdiction of the subject matter and the parties. If

there is an unresolved jurisdictional question, state it.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. This is a suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); 42 U.S.C. §§ 2000e *et seq*; and declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. Venue of this Court is pursuant to 28 U.S.C. § 1391(b), the judicial district in which a substantial part of the events giving rise to this claim occurred.

4. **The Parties' Contentions**. Concisely state in separate paragraphs the contentions that are necessary to the relief sought in the case. Only those contentions that are an essential basis for resolving the case are necessary.

   a. Whether FedEx discriminated against Ms. Harris because of race.
   b. Whether FedEx retaliated against Ms. Harris because of protected activity.
   c. Whether Ms. Harris is entitled to any relief including economic damages, non-economic damages, or punitive damages.

5. **Exhibits**. On a form similar to the one provided by the Clerk, each party will attach two lists of all exhibits expected to be offered and make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits.

   Attached.

6. **Witnesses**. List the names and addresses of all witnesses who may be called, separately identifying those witnesses whom the party expects to present and those whom the party may call if the need arises. Include a brief statement of the nature of their testimony. If a witness is to appear by deposition, cite the inclusive pages and lines to be read. With regard to expert witnesses, a brief statement of the nature of their testimony and their qualifications is required.

   Attached.

7. **Trial**. State probable length of trial and logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

   The parties expect the trial to last 5 days.

   Plaintiff has at least two witness out of state for which travel arrangements must be made.

   Defendant has one witness travelling from out of state (Memphis, Tennessee), and multiple witnesses travelling from Dallas, Texas.

8. **Additional Required Attachments**. Each Pretrial Order should also include the

following additional attachments (*See also* Section IX):

    a.    For jury trials include:

        (1)    Proposed questions for voir dire examination.

        (2)    Proposed jury charge, including instructions, definitions and special interrogatories with authority.

Date: _____

                                                                         Kenneth M. Hoyt
                                                                        United States District
                                                                             Judge

**APPROVED:**

/**s**/ Brian Sanford                                           September 2, 2022
Attorney-in-Charge, Plaintiff                      Date

/s/ Barak Babcock                                           September 2, 2022
Attorney-in-Charge, Defendant                    Date