IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:19-cv-638 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | **JURY DEMANDED** |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S PROPOSED JURY CHARGE AND INSTRUCTIONS

TO THE HONORABLE KENNETH M. HOYT:

Plaintiff Jennifer Harris submits this proposed jury charge with

instructions, definitions, and interrogatories.

Respectfully submitted,

 */s/ Brian P. Sanford*
    Brian P. Sanford
    Texas Bar No. 17630700
    bsanford@sanfordfirm.com
    Elizabeth "BB" Sanford
    Texas Bar No. 24100618
    esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653

Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF
JENNIFER HARRIS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.


_ /s/ Brian P. Sanford_

**INSTRUCTION NO. 1:   PRELIMINARY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to

search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

Source:       U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN
              JURY INSTRUCTIONS (Civil Cases) (2014) § 1.2, Preliminary Instructions

GIVEN:                        _____
GIVEN AS MODIFIED:   _____
DENIED:                       _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 2:  GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. All persons, including corporations, are equal before the law and must be treated as equals in a court of justice.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and

file a lawsuit. The act of making claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence

Plaintiff Jennifer Harris has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jennifer Harris has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent

mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, [and your notes.] You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you may but are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

**Source:** Fifth Circuit Pattern Jury Instructions (Civil Cases) No. 3.1, 2.16, 3.6, 3.2, 3.3, 3.4, 2.11, 3.7 (2014).

GIVEN: _____

GIVEN AS MODIFIED: _____

DENIED: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 3:   BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Source:      U.S. Fifth Circuit District Court Judges Association, Pattern Jury Instructions (Civil Cases) (2014) § 3.2, Burden of Proof: Preponderance of the Evidence

GIVEN:                      _____
GIVEN AS MODIFIED:   _____
DENIED:                     _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 4:  CIRCUMSTANTIAL EVIDENCE**

Plaintiff Jennifer Harris is not required to produce direct evidence of unlawful motive. There will seldom be eye-witness testimony to the employer's mental processes. Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts.

Plaintiff's citation of authorities: *United States Postal Serv. Bd. of Governors v. Aikens,* 460 U.S. 711, 716 (1983); *Williams v. Valentec Kisco, Inc.*, 964 F.2d 723, 731 (8th Cir. 1992) (Affirming instruction plaintiff was not required to produce direct evidence of unlawful motive, and that intentional discrimination is seldom admitted but may be inferred from the existence of other facts); *Matthews v. Commonwealth Edison Co.*, 93 C 4140, 1995 WL 478820, at *3 (N.D. Ill. Mar. 24, 1995) (Plaintiff is entitled to have an instruction which read "In addition, James E. Matthews is not required to produce direct evidence of unlawful motive. Intentional discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts.").

Approved _____   Disapproved _____   As Modified _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## <u>INSTRUCTION NO. 5:</u>  PARALLEL THEORIES ON DAMAGES

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Source: Tex. PJC 100.12 (2018).

Approved _____ Disapproved _____ As Modified _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 6:  RACE DISCRIMINATION § 1981**

Plaintiff's claim for recovery under Section 1981 is based upon a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.  This law entitles a person of color to equal opportunity and treatment in employment.  Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

To recover on her claim against Defendant, Plaintiff must prove the following elements by a preponderance of the evidence:

1.  Defendant intentionally discriminated against Plaintiff; and

2.  as a direct result of such discrimination, Plaintiff sustained damages.

Source:       42 U.S.C. § 1981

GIVEN:                     _____
GIVEN AS MODIFIED:    _____
DENIED:                   _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 1

Has Plaintiff Jennifer Harris proved that Defendant FedEx intentionally discriminated against Plaintiff Jennifer Harris because of her race?

Answer "Yes" or "No."

_____

Source:    42 U.S.C. § 1981; U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases) (2020) § 11.1, Title VII—Discrimination

GIVEN:                     _____
GIVEN AS MODIFIED:   _____
DENIED:                    _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 7:  RACE DISCRIMINATION TITLE VII**

Plaintiff Jennifer Harris's claims that she would not have been terminated but for her race.

The employer, Defendant FedEx, denies Plaintiff Jennifer Harris's claims, and contends that she was fired for performance reasons.

It is unlawful for an employer to discriminate against an employee because of the employee's race. An employer may, however terminate an employee for other reasons, good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that:

1. Defendant FedEx terminated Plaintiff Jennifer Harris; and

2. Defendant FedEx would not have terminated Plaintiff Jennifer Harris in the absence of—in other words, but for—her race.

Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant FedEx terminated her. But Plaintiff Jennifer Harris must prove that Defendant FedEx's decision to terminate her would not have occurred in the absence of such discrimination.

If you find that the reason Defendant FedEx has given for terminating is unworthy of belief, you may, but are not required to, infer that Defendant FedEx was motivated by Plaintiff Jennifer Harris's race.

Source:     Title VII (42 U.S.C. § 2000e-2); U.S. Fifth Circuit District Court
            Judges Association, Pattern Jury Instructions (Civil Cases) (2020)
            § 11.1, Title VII—Discrimination

GIVEN:                        _____
GIVEN AS MODIFIED:   _____
DENIED:                      _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 2

Has Plaintiff Jennifer Harris proved that she would not have been terminated in the absence of—in other words, but for her race?

Answer "Yes" or "No."

_____

Source:      U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN
             JURY INSTRUCTIONS (Civil Cases) (2020) § 11.1, Title VII—
             Discrimination

GIVEN:                      _____
GIVEN AS MODIFIED:          _____
DENIED:                     _____

                                    _____
                                    KENNETH M. HOYT
                                    UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 8:   RETALIATION § 1981 AND TITLE VII

Plaintiff Jennifer Harris claims that she was retaliated against by Defendant FedEx for engaging in activity protected by Section 1981 and Title VII. Plaintiff Jennifer Harris claims that she reported and opposed race discrimination. Plaintiff Jennifer Harris claims that Defendant FedEx retaliated against her by terminating her employment.

Defendant FedEx denies Plaintiff Jennifer Harris's claims and contends that its actions were at all times proper and that it terminated her because of performance issues.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Section 1981 and Title VII. To prove unlawful retaliation, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that:

1. Plaintiff Jennifer Harris engaged in reporting or opposing race discrimination;

2. Defendant FedEx terminated her employment; and

3. Defendant FedEx's decision to terminate Plaintiff Jennifer Harris's employment was on account off her protected activity.

You need not find that the only reason for Defendant FedEx's decision was Plaintiff Jennifer Harris's in reporting or opposing race discrimination. But you must find that Defendant FedEx's decision to terminate Plaintiff Jennifer Harris's employment would not have occurred in the absence of - but for - reporting or opposing race discrimination.

If you disbelieve the reason Defendant FedEx has given for its decision, you may, but are not required to, infer that Defendant FedEx would not have decided to terminate Plaintiff Jennifer Harris's employment but for her engaging in the protected activity.

Source:      42 U.S.C. § 1981; U.S. Fifth Circuit District Court Judges
             Association, Pattern Jury Instructions (Civil Cases) (2020) § 11.4,
             Title VII—Discrimination

GIVEN:                        _____
GIVEN AS MODIFIED:      _____
DENIED:                       _____

                              _____
                              KENNETH M. HOYT
                              UNITED STATES DISTRICT JUDGE

## QUESTION NO. 3

Do you find that Plaintiff Jennifer Harris would not have had her employment terminated but for reporting or opposing race discrimination?

Answer "Yes" or "No."

_____

Source:     42 U.S.C. § 1981; U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases) (2020) § 11.5, Title VII—Retaliation

GIVEN:                        _____
GIVEN AS MODIFIED:    _____
DENIED:                      _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**INSTRUCTION NO. 9:  DAMAGES**

If you found that Defendant FedEx violated Section 1981, then you must determine whether it has caused Plaintiff Jennifer Harris's damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Jennifer Harris has proved liability.

Plaintiff Jennifer Harris must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Jennifer Harris need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Jennifer Harris would have earned in her employment with Defendant FedEx if her employment had not been terminated from date of adverse employment action to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Jennifer Harris received from employment during that time; (2) the amount of other damages sustained by Plaintiff s Jennifer Harris supported by the evidence, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Jennifer Harris would have earned had she remained an employee of Defendant FedEx. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant FedEx proves by a preponderance of the evidence Plaintiff Jennifer Harris received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Jennifer Harris for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Jennifer Harris proves

by a preponderance of the evidence that:

> (1)      the individual, Michelle Lamb, who engaged in the discriminatory act or practice was acting in a managerial capacity;

> (2)      she engaged in the discriminatory act or practice while acting in the scope of her employment; and

> (3)      she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff Jennifer Harris has proved these facts, then you may award punitive damages, unless Defendant FedEx proves by a preponderance of the evidence that the conduct or act was contrary to its good-faith efforts to prevent discrimination in the workplace.

In determining whether Michelle Lamb was a supervisor or manager for Defendant, you should consider the type of authority [employee's name] had over Plaintiff Jennifer Harris and the type of authority for employment decisions Defendant FedEx authorized [employee name] to make.

An action is in "reckless indifference to Plaintiff Jennifer Harris's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff Jennifer Harris is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant FedEx engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant FedEx made good-faith effort to prevent discrimination in the workplace, you may consider whether it adopted anti- discrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff Jennifer Harris's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that Defendant FedEx acted with malice or reckless indifference to Plaintiff Jennifer Harris's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff Jennifer Harris is entitled to receive, you may, but are not required to, award Plaintiff Jennifer Harris an additional amount as punitive damages for the

purposes of punishing the Defendant FedEx for engaging in such wrongful conduct and deterring Defendant FedEx and others from engaging in such conduct in the future. You should presume that Plaintiff Jennifer Harris has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant FedEx's conduct was. You may consider whether the harm Plaintiff Jennifer Harris suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant FedEx's conduct that harmed Plaintiff Jennifer Harris also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff Jennifer Harris.

2. How much harm Defendant FedEx's wrongful conduct caused Plaintiff Jennifer Harris and could cause her in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant FedEx's financial condition, to punish Defendant FedEx for its conduct toward Plaintiff Jennifer Harris and to deter Defendant FedEx and others from similar wrongful conduct in the future.

4. The amount of fines and civil penalties applicable to similar conduct.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff Jennifer Harris.

You may assess punitive damages against any, or all, of the defendants, or you may refuse to impose punitive damages. If punitive damages are imposed on more than one defendant, the amounts for each may be the same or they may be different.

Source: Fifth Circuit Pattern Jury Instructions (Civil Cases) No. 11.14 (2020); *Halliburton, Inc. v. Admin. Review Bd.*, 771 F.3d 254, 266 (5th Cir. 2014) (including emotional distress and reputational harm).

GIVEN:                              _____
GIVEN AS MODIFIED:     _____
DENIED:                           _____


_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**QUESTION NO. 4:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jennifer Harris for the damages, if any, you have found Defendant FedEx caused Plaintiff Jennifer Harris?

Answer in dollars and cents for the following items and none other:

       1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

       $_____

       2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

       $_____

       3. Wages and benefits from January 7, 2020, to the present.

       $_____

Source:      U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases) (2014), § 11.14 (Title VII and ADA Damages)

GIVEN:            _____

GIVEN AS MODIFIED:   _____

DENIED:           _____

                                    _____
                                        KENNETH M. HOYT
                              UNITED STATES DISTRICT JUDGE

**QUESTION NO. 5:**

Do you find that Plaintiff Jennifer Harris should be awarded punitive damages?

      Answer "Yes" or "No."

    _____

    If you answered "Yes" to Question No. 5, then answer Question No. 6. If you answered "No" to Question No. 5, then continue to Instruction No. ___.

Source:    U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases) (2014), § 11.14 (Title VII and ADA Damages)

GIVEN:      _____
GIVEN AS MODIFIED:   _____
DENIED:      _____

           _____
           KENNETH M. HOYT
           UNITED STATES DISTRICT JUDGE

**<u>QUESTION NO. 5</u>**:

What sum of money should be assessed against Defendant FedEx as punitive damages?

                        Answer in dollars and cents:

                        $_____

Source:       U.S. FIFTH CIRCUIT DISTRICT COURT JUDGES ASSOCIATION, PATTERN JURY INSTRUCTIONS (Civil Cases) (2020), § 11.14 (Title VII and ADA Damages)

GIVEN:                _____
GIVEN AS MODIFIED:   _____
DENIED:              _____

                               _____
                                 KENNETH M. HOYT
                         UNITED STATES DISTRICT JUDGE

**Presiding Juror:**

1.      When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.      The presiding juror has these duties:

      a.      have the complete charge read aloud if it will be helpful to your deliberations;

      b.      preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

      c.      give written questions or comments to the bailiff who will give them to the judge;

      d.      write down the answers you agree on;

      e.      get the signatures for the verdict certificate; and

      f.      notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Jury Deliberations:**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. When you go into the jury room to deliberate, you may take with you a copy of this charge, and the exhibits that I have admitted into evidence. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____
Judge Presiding

_____
Date

### Jury Certification:

The foregoing answers are the unanimous answers of the jury.

_____
Presiding Juror

_____
Date