## 6IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER HARRIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-1651** |
| | § | |
| **FEDEX CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S PROPOSED JURY CHARGE AND INSTRUCTIONS

Defendant FedEx Corporate Services, Inc. ("Defendant" or "FedEx") requests that the following proposed Charge of the Court, Definitions and Special Interrogatories be submitted to the jury. Defendant requests leave to modify and supplement the proposed Charge of the Court, Definitions and Special Interrogatories to conform to the evidence introduced at trial and the issues ultimately submitted to the jury.

   /s/ Barak J. Babcock
Barak J. Babcock
Tennessee Bar No. 024021
SD No. 2522941
ATTORNEY-IN-CHARGE
Christopher M. Ahearn
California State Bar No. 239089
(Admitted Pro Hac Vice)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523
Facsimile: (901) 492-9930
Email: barak.babcock@fedex.com
Email: Christopher.ahearn@fedex.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2022, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Barak Babcock</u>
Barak Babcock

# I.
# PRELIMINARY INSTRUCTIONS

### Instructions for Beginning of Trial

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit-nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to

follow these instructions could result in the case having to be retried.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 1.1 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## Preliminary Instructions to Jury

*[Brackets indicate optional or instructive text.]*

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any is-sue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit-nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

<u>**DEFENDANT'S PROPOSED JURY CHARGE AND INSTRUCTIONS**</u>—Page 5

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, [I will instruct you on the law that applies to this case. The lawyers will then make closing arguments.] [The lawyers will make closing arguments. I will then instruct you on the law that applies to this case.][1] **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, [the closing arguments, and my instructions.][my instructions, and the closing arguments.]**

**It is now time for the opening statements.**

**Source and Authority:**  *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 1.2 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

---

[1] Some judges prefer to instruct the jury before the lawyers argue, so that the closing arguments can address the instructions. Other judges prefer to have arguments before the instructions.

## II.
## INSTRUCTIONS GIVEN DURING THE COURSE OF THE TRIAL

### PROPOSED INSTRUCTION NO. 1

### First Recess

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.1 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 2

### Stipulated Testimony

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony. Stipulated testimony must be considered in the same way as if that testimony had been received here in court.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.2 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 3

### Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.3 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 4

### Demonstrative Evidence

Exhibit(s) [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.8 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 5

### Witness Not Called

It is possible that a witness or witnesses was available to both sides. Neither Plaintiff or Defendant can complain that the witness was not called to testify, because either Plaintiff or Defendant could have called that witness.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.9 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 6

### Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Source and Authority:**  *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.11 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 7

### Deposition Testimony

Certain testimony will may be presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. At some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers may be read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.13 (2020) (as modified).

Accepted: _____

Rejected: _____

Modified: _____


_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 8

### Bias—Corporate Party Involved

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 2.16 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## PROPOSED INSTRUCTION NO. 9

### At-Will Employment and Employer's Business Judgment

While an employer's judgment or course of action may sometimes seem wrong to outsiders, the only relevant question is whether you disbelieve the reasons Defendant FedEx has given for its decisions. In Texas, when there is no contract between the parties, the employee and employer each have the legal right to terminate the employment relationship at any time for any legal reason, or for no reason at all. The employer's stated reason for termination must be nondiscriminatory, but it does not have to be a reason that you would act on or approve. An employer is entitled to make its own policy and business judgments, and may, for example, fire an adequate employee if the reason is to hire one who will be even better, as long as this is not a pretext for discrimination. The reasonableness of the employer's reasons may of course be probative of whether they are pretextual. The more questionable the employer's reasons, the easier it may be for you to consider that those reasons may be pretext. You must understand that your focus is to be on the employer's motivation, however, and not on its business judgment.

**Source and Authority**:  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000); *LeMaire v. Louisiana Dept. of Trans.*, 480 F.3d 383, 391 (5th Cir. 2007); *Moore Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993); *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991); *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1508 (5th Cir. 1988); *Elliott v. Group Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991); *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**III.**
**JURY CHARGE**

*[Brackets indicate optional or instructive text.]*

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be-tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.1 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 10

### Burden of Proof: Preponderance of The Evidence

Plaintiff Jennifer Harris has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jennifer Harris has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.2 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 11

### Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.3 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 12

### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.4 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 13

### Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.5 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 14

### No Inference from Filing Suit

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.6 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

# INSTRUCTION NO. 15

## Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 3.7 (2020).

Accepted:  _____

Rejected:  _____

Modified:  _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 15

Plaintiff Jennifer Harris contends that Defendant FedEx violated a federal civil rights statute, 42 U.S.C. § 1981 ("Federal Civil Rights Statute") because of racial discrimination and retaliation. Specifically, Plaintiff Jennifer Harris alleges that Harris alleges that FedEx terminated her employment because of her race.

Defendant FedEx denies that Plaintiff Jennifer Harris was discriminated against in any way and contends that it terminated her employment for legitimate business reasons.

The Federal Civil Rights Statute provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

The phrase "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. An at-will employee stands in a contractual relationship with his employer. An employee also may not be retaliated against for opposing or reporting discrimination based on race.

To prove her claim under the Federal Civil Rights statute, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that Defendant FedEx would not have terminated her employment but for her race.

**Source and Authority:** 42 U.S.C. § 1981; *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998); *10 CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008); *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *McDonald v. Santa Fe 18 Trail Transp. Co.*, 427 U.S. 273, 295 (1976) (Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race").

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 1

Has Plaintiff Jennifer Harris proved that her employment would not have been terminated but for her race?

Answer "Yes" or "No."

_____

**Source and Authority:** 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *McDonald v. Santa Fe 18 Trail Transp. Co.*, 427 U.S. 273, 295 (1976) (Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race").

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 16

### Retaliation under 42 U.S.C. § 1981

Plaintiff Jennifer Harris has also made a claim against Defendant FedEx for retaliation under the Federal Civil Rights statute that prohibits discrimination against an employee because of the person's race. Specifically, Plaintiff Jennifer Harris claims that she reported and opposed race discrimination and participated as a witness in a proceeding involving race discrimination. Plaintiff Jennifer Harris claims that Defendant FedEx retaliated against her by terminating her employment.

Defendant FedEx denies that it retaliated against Plaintiff Jennifer Harris in any manner. Specifically, Defendant FedEx contends that it terminated Plaintiff Jennifer Harris's employment for legitimate business reasons.

To prove her claim for retaliation under the Federal Civil Rights statute, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that:

1.   Plaintiff Jennifer Harris reported or opposed race discrimination during her employment with Defendant FedEx;

2.   Defendant FedEx terminated Plaintiff Jennifer Harris's employment; and

3.   Defendant FedEx's would not have terminated Plaintiff Jennifer Harris's employment but for her actions in reporting or opposing race discrimination.

If you disbelieve the reason Defendant FedEx has given for its decision, you may, but are not required to, infer that Defendant FedEx would not have terminated Plaintiff Jennifer Harris's employment but for her actions in reporting or opposing race discrimination.[2]

**Source and Authority:** 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–62 (2013).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

---

[2] See *Ratliff v. City of Gainesville*, 256 F.3d 355, 361 (5th Cir. 2001).

## QUESTION NO. 2

Do you find that Plaintiff Jennifer Harris would not have been terminated from her employment but for her actions in reporting or opposing race discrimination?

Answer "Yes" or "No."

_____

**Source and Authority:** 42 U.S.C. § 1981; *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–62 (2013).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 17

### Disparate Treatment under 42 U.S.C. § 2000E-2 (Race)

Plaintiff Jennifer Harris claims that she would not have been terminated but for her race. Defendant FedEx denies Jennifer Harris's claims and contends that her employment ended for legitimate business reasons.

It is unlawful for an employer to discriminate against an employee because of the employee's race . An employer may, however, terminate an employee for other reasons, good or bad, fair, or unfair.

To prove unlawful discrimination, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that: Defendant FedEx would not have terminated Plaintiff Jennifer Harris's employment in the absence of—in other words, but for—her race. Plaintiff Jennifer Harris does not have to prove that unlawful discrimination was the only reason Defendant FedEx terminated her employment. But Plaintiff Jennifer Harris must prove that Defendant FedEx's decision to terminate him would not have occurred in the absence of such discrimination.

If you find that the reason Defendant FedEx has given for separating Jennifer Harris's employment is unworthy of belief, you may, but are not required to, infer that Defendant FedEx was motivated by Plaintiff's race.[3]

## QUESTION NO. 3

Has Plaintiff Jennifer Harris proved that her employment would not have been separated in the absence of—in other words, but for her race?

Answer "Yes" or "No."

_____

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.1 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

---

[3] See *Ratliff v. City of Gainesville*, 256 F.3d 355, 361 (5th Cir. 2001).

## INSTRUCTION NO. 18

### Retaliation under Title VII

Plaintiff Jennifer Harris claims that she was retaliated against by Defendant FedEx for engaging in activity protected by Title VII. Plaintiff Jennifer Harris claims that she reported and opposed race discrimination during her employment with Defendant FedEx. Plaintiff Jennifer Harris claims that Defendant FedEx retaliated against her by terminating her employment.

Defendant FedEx denies that it retaliated against Plaintiff Jennifer Harris in any manner. Specifically, Defendant FedEx contends that it terminated Plaintiff Jennifer Harris's employment for legitimate business reasons.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Jennifer Harris must prove by a preponderance of the evidence that:

1.   Plaintiff Jennifer Harris made reports or opposed race discrimination during her employment with Defendant FedEx;

2.   Defendant FedEx terminated Plaintiff Jennifer Harris's employment; and

3.   Defendant FedEx's decision to terminate Plaintiff Jennifer Harris was on account of her protected activity.[4]

You need not find that the only reason for Defendant FedEx's decision was Plaintiff Jennifer Harris's actions in reporting or opposing race discrimination. But you must find that Defendant FedEx's decision to terminate Plaintiff Jennifer Harris's employment would not have occurred in the absence of—but for—her actions in reporting or opposing race discrimination.

If you disbelieve the reason Defendant FedEx has given for its decision, you may, but are not required to, infer that Defendant FedEx would not have terminated Plaintiff Jennifer Harris's employment but for her actions in reporting or opposing race discrimination.[5]

**Source and Authority:**  *Fifth Circuit Pattern Jury Instructions,* Civil Cases, §11.5 (2020).

Accepted:  _____

Rejected:  _____

Modified:  _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

---

[4] *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–62 (2013).

[5] See *Ratliff v. City of Gainesville*, 256 F.3d 355, 361 (5th Cir. 2001).

**JURY QUESTION NO. 4**

Do you find that Plaintiff Jennifer Harris would not have been terminated from her employment but for her actions in reporting or opposing race discrimination?

Answer "Yes" or "No."

_____

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, §11.5 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 19

### Consider Damages Only If Necessary

If Plaintiff Jennifer Harris has proved her claim against Defendant FedEx by a preponderance of the evidence, you must determine the damages to which Plaintiff Jennifer Harris is entitled. You should not interpret the fact that I am giving instructions about Plaintiff Jennifer Harris's damages as an indication in any way that I believe that Plaintiff Jennifer Harris should, or should not, win this case. It is your task first to decide whether Defendant FedEx is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant FedEx is liable and that Plaintiff Jennifer Harris is entitled to recover money from Defendant FedEx.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 15.1 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 20

### Damages

If you found that Defendant FedEx violated a Federal Civil Rights statute, then you must determine whether it has caused Plaintiff Jennifer Harris damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Jennifer Harris has proved liability.

Plaintiff Jennifer Harris must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Jennifer Harris need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.[6]

You should consider the following elements of actual damages, and no others:

1.      The amount of back pay and benefits Plaintiff Jennifer Harris would have earned in her employment with Defendant FedEx if her employment had not been terminated from January 7, 2020, to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Jennifer Harris received from employment during that time; and

2.      The amount of any other damages sustained by Plaintiff Jennifer Harris such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.[7]

Back pay includes amounts that the evidence shows Plaintiff Jennifer Harris would have earned had she remained employed by Defendant FedEx. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant FedEx proves by a preponderance of the evidence Plaintiff Jennifer Harris received during the period in question.[8]

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Jennifer Harris for the harm she has sustained.[9] Do not include as actual damages interest on wages or benefits.

//

//

---

[6] *Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993).

[7] This charge does not include front pay—future lost wages and benefits—because they are an equitable remedy for the court to determine. Section 1981a also provides that while a plaintiff may recover for "future pecuniary losses," that does not include "front" or future lost pay. *Pollard v. E.I. duPont de Nemours & Co.*, 532 U.S. 843 (2001).

[8] *Marks v. Prattco*, 633 F.2d 1122, 1125 (5th Cir. 1981).

[9] Seventh Cir. Pattern Jury Instr. 7.23

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.14 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 21

### Mitigation of Damages

Defendant FedEx contends that Plaintiff Jennifer Harris has failed to mitigate her damages. A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find Defendant FedEx is liable and Plaintiff Jennifer Harris has suffered damages, Plaintiff Jennifer Harris may not recover for any item of damage that she could have avoided through reasonable effort. If you find that Defendant FedEx has proved by a preponderance of the evidence that Plaintiff Jennifer Harris unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Jennifer Harris acted reasonably in avoiding or minimizing her damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Defendant FedEx has the burden of proving the damages that Plaintiff Jennifer Harris could have mitigated. In deciding whether to reduce Plaintiff Jennifer Harris's damages because of her failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether Defendant FedEx has satisfied its burden of proving that Plaintiff Jennifer Harris's conduct was not reasonable.

To succeed on this defense, Defendant FedEx must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Jennifer Harris failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff Jennifer Harris's damages were increased by her failure to take such reasonable actions.[10]

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he has lost. Plaintiff does not have to accept a job that is dissimilar to the one she lost, one that would be a demotion, or one that would be demeaning.[11] The reasonableness of Plaintiff Jennifer Harris's diligence should be evaluated in light of her individual characteristics and the job market.[12]

//

//

---

[10] *50-Off Stores, Inc. v. Banques Paribas (Suisse), S.A.*, 180 F.3d 247, 258 (5th Cir. 1999); *Floca v. Homcare Health Servs., Inc.,* 845 F.2d 108 (5th Cir. 1988); *Ballard v. El Dorado Tire Co*., 512 F.2d 901, 906 (5th Cir. 1975).

[11] *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982).

[12] *Sellers*, 902 F.2d at 1193.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, §§ 15.5,11.22 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**IF YOU HAVE ANSWERED "YES" TO ANY OF THE QUESTIONS ABOVE, THEN ANSWER THE FOLLOWING QUESTIONS. OTHERWISE, DO NOT ANSWER THE QUESTIONS BELOW.**

## QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jennifer Harris for the damages, if any, you have found Defendant FedEx caused Plaintiff Jennifer Harris?

Answer in dollars and cents for the following items and none other:

1.    Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$_____

2.    Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$_____

3.    Wages and benefits from January 7, 2020, to [date of verdict].

$_____

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.14 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 6

Do you find that Plaintiff Jennifer Harris failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date her employment ended?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 6, then answer Question No. 7.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, §§ 11.14, 15.5 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 7

How much would Plaintiff Jennifer Harris have earned had she exercised reasonable diligence under the circumstances to minimize her damages?

Answer in dollars and cents, if any.

$_____

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, §§ 15.5, 11.22 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 22

### Punitive Damages

If you found that Defendant FedEx violated a Federal Civil Rights statute, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff Jennifer Harris proves by a preponderance of the evidence that Defendant FedEx acted with malice or reckless indifference to Plaintiff's federally protected rights to be free from discrimination. If Plaintiff Jennifer Harris has proved these facts, then you may award punitive damages, unless Defendant FedEx proves by a preponderance of the evidence that the conduct was contrary to its good-faith efforts to prevent discrimination in the workplace.

An action is in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant FedEx engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant FedEx made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, if any, and how it responded to other complaints of discrimination.

If you find that Defendant FedEx acted with malice or reckless indifference to Plaintiff Jennifer Harris's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find that she is entitled to receive, you may, but are not required to, award Plaintiff Jennifer Harris an additional amount as punitive damages for the purposes of punishing Defendant FedEx for engaging in such wrongful conduct and deterring it and others from engaging in such conduct in the future. You should presume that Plaintiff Jennifer Harris has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1.    How reprehensible Defendant's conduct was. You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff;

2.    How much harm each Defendant's wrongful conduct caused Plaintiff and could cause her in the future.

3.    What amount of punitive damages, in addition to the other damages already awarded, is needed, considering each Defendant's financial condition, to punish it for the conduct toward Plaintiff and to deter Defendant and others from similar

wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff Jennifer Harris.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.14 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

**QUESTION NO. 8**

Do you find that Plaintiff Jennifer Harris should be awarded punitive damages?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 8, then answer Question No. 9.

**Source and Authority:** *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.14 (2020).

Accepted: _____

Rejected: _____

Modified: _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

## QUESTION NO. 9

What sum of money should be assessed against Defendant FedEx as punitive damages?

Answer in dollars and cents, if any.

$_____

**Source and Authority:**  *Fifth Circuit Pattern Jury Instructions,* Civil Cases, § 11.14 (2020).

Accepted: _____

Rejected:  _____

Modified:  _____

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE