IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action 4:21-cv-1651 |
| | § | |
| FEDEX CORPORATE SERVICES, INC., | § | J<small>URY</small> D<small>EMANDED</small> |
| | § | |
| *Defendants*. | § | |

# **PLAINTIFF JENNIFER HARRIS'S UNOPPOSED MOTION IN LIMINE**

TO THE HONORABLE KENNETH M. HOYT:

Plaintiff Jennifer Harris moves that, before commencement of voir dire examination of the jury, counsel for Defendant, and all witnesses be instructed by an appropriate order from this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a ruling of the Court, outside the presence of any jurors or prospective jurors, in regarding to the admissibility of such matters.

The matters set forth below would not be admissible for any purpose, because they have no bearing on the issues in this case or on the rights of the parties. Permitting witness interrogation, comments to jurors or prospective jurors, or offers

of evidence concerning these matters would prejudice the jury. Sustaining objections to such questions would not curt the prejudice but would instead reinforce the impact of such prejudicial matters on the jury.

1. **Any reference to abandoned claims or dismissal of claims or parties.**

The abandonment or dismissal of claims or parties does not tend to make a fact more or less probable than it would be without the evidence and is of no consequence in determining the action. *See* FED. R. CIV. P. 401-402. References to the dismissal of claims or parties may also unfairly prejudice the jury, confuse the issues, mislead the jury, and waste time. *See* FED. R. CIV. P. 403

2. **General statements that FedEx does not discriminate.**

Discovery was limited in this case to treatment of comparators and the history of persons as comparators. To make blanket statements that Lennox does not discriminate by a witness could not possibly be made upon personal knowledge of any one person and would open the door to evidence company-wide concerning the treatment of all employees. General statements that Lennox does not discriminate should be excluded on the basis of hearsay, unfair prejudice, and limitations on discovery. *See* FED. R. EVID. 801, 802; FED. R. EVID. 403; FED. R. CIV. P. 26.

WHEREFORE, Plaintiff requests that, before commence of voir dire examination of the jury, counsel for Defendant and all witnesses be instructed by an appropriate order from this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the bench and obtaining a rule of the Court, outside the presence of any jurors or prospective jurors, in regard to the admissibility of such matters.

Respectfully submitted,

<u>/s/ Brian P. Sanford</u>
Brian P. Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFF JENNIFER HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022, I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

*/s/ Brian P. Sanford*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with opposing counsel on September 6, 2022, and Defendant does not oppose the motion.

*/s/ Brian P. Sanford*