United States District Court
Southern District of Texas
**ENTERED**
September 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JENNIFER HARRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-01651 |
| § | |
| FEDEX CORPORATION, § | |
| § | |
| Defendant. § | |

## ORDER ON MOTION TO EXCLUDE

### I.

Before the Court is the defendant's, FedEx Corporation, motion and memorandum to exclude the expert testimony of the plaintiff's expert [DE 54], the plaintiff's, Jennifer Harris, response to the defendant's motion [DE 59], and the defendant's reply [DE 67].  After a careful review of the documents presented, the arguments and case law proffered in support, the Court determines that the motion should be denied.

### II.

The plaintiff sued the defendant for alleged violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII, 42 U.S.C. 2000e on claims that she was terminated from her employment based on her race and in retaliation for reporting alleged acts of discrimination.  In support of her claims, the plaintiff identified as her an expert, Coneisha Sherrod, who serves as a Senior Human Resources Professional with LeapNeat LLC, a consulting firm.  Sherrod's curriculum vitae states that she holds an MBA in Business Administration also and holds the

following certifications: SHRM-CP certification, Professional in Human Resources (PHR), Strategic Workforce Planning, Human Capital Strategist, and Training the Trainer.

Currently, Sherrod serves as a Human Resources Consultant. Previously, she was Director of Human Resources at United Way Tarrant County, Texas; and as Senior Human Resources Manager at Forex Capital Markets. In these capacities, she states that she managed staff, evaluated human resources departments/plans, developed and implemented organizational policies and procedure for HR departments, developed and implemented company policies and programs, and assessed employees and programs associated with attracting and retaining staff, among other employer/employee relations.

### III.

Sherrod opinions, as it relates to the plaintiff's case, are that the defendant failed to supervise its employees in a manner that would prevent discrimination and retaliation, and that this failure is based on its failure to hire qualified Human Resources Managers, failure to train managers, and failure to supervise the managers in a manner that insured enforcement of the law and company policies and, protect its employees in the workplace.

### IV.

The defendant asserts that the Sherrod Report fails to use a reliable methodology; will mislead and confuse the jury; amounts to nothing more than impermissible legal conclusions; and is based on her impermissible bias, which bias makes her testimony unreliable.

### V.

Federal Rules of evidence ("FRE"), Rule 702 permits a person to give testimony as an expert when that person is qualified by knowledge, experience or the like and when the testimony will assist a jury to understand the evidence or determine a fact in dispute. However, the testimony

must be based on sufficient facts and data, and must be the product of an application of reliable principles to the facts of the case. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 590-93 (1993). The defendant argues that because Sherrod did not analyze the policies implemented by the defendant, that her testimony will not aid the jury.

The Court understands Sherrod's testimony as analyzing the conduct of the defendant's supervisor and HR person based on policies and rules that are customary and may or may not have been in use at the defendant's workplace. And, if in place, were not applied properly based on HR's conduct. Whether a jury finds Sherrod's analysis helpful is a jury "call", not to be pre-judged by the Court. Yet, the Court is always empowered to exclude or sustain objections to testimony that violates the Federal Rules of Evidence. Based on Sherrod's vast experience in the HR area, and the fact that she has been permitted to testify in federal court on several occasions, lends credence to her qualifications, methodology and helpfulness to a jury. Therefore, whether the defendant has policies in place to address race discrimination and retaliation is not the issue. The issue is how those policies were applied but whether the personnel in place were qualified and trained to properly applied the company's policies.

Based on this analysis, the Court determines that the defendant's motion to exclude the plaintiff's expert should be Denied.

It is so Ordered.

SIGNED on September 15, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge