6IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER HARRIS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-1651 |
| | § | |
| **FEDEX CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY CHARGE AND INSTRUCTIONS

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE and the Court's procedures, Defendant FedEx Corporate Services, Inc. ("Defendant" or "FedEx") presents the following objections to *Plaintiff's Proposed Jury Charge and Instructions* ("Plaintiff's Proposed Charge") submitted by Plaintiff Jennifer Harris ("Plaintiff" or "Harris"). In support, FedEx shows the following:

## I.
## OBJECTIONS

**A.      Plaintiff's Instruction No. 4 (Circumstantial Evidence).**

Defendant objects to Plaintiff's proposed Instruction No. 4 concerning circumstantial evidence because Fifth Circuit Pattern Jury Charge more appropriately directs the Jury to the nature of evidence that may be presented at trial by addressing both direct and circumstantial evidence. Plaintiff's proposed instruction, specifically the language that "[d]iscrimination, if it exists, is seldom admitted" improperly suggests to the Jury that like others, Defendant is concealing its mental processes, an argument that must be borne out by the testimony and evidence admitted at trial.

**B.     Plaintiff's Instruction No. 6 (Race Discrimination § 1981)**

Defendant objects to Plaintiff's instruction regarding race discrimination under 42 U.S.C. § 1981 because it unnecessarily obscures the core inquiry the Jury must confront: Has Plaintiff Jennifer Harris shown that she, but for her race, Defendant FedEx would not have terminated her employment? Specifically, Plaintiff's proposed instruction inserts the phrase "person of color" which is not contained in Section 1981. While such language is not *per se* inappropriate, it is unnecessary in light of the already straightforward language of the statute. *See Monahan v. Flannery*, 755 F.2d 678, 681 (8th Cir. 1985) ("[w]here the law governing the case is expressed in a statute, the court in its charge should use statutory language"). Further, Plaintiff's statement in that Section 1981 "entitles a person of color to equal opportunity and treatment in employment" imports terms vague terms of "equal opportunity" and "treatment" not contained in the statute where the core inquiry remains whether, but for her race, Plaintiff would not have been terminated by Defendant. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right").

As opposed to the more specific language contained in Defendant's proposed instruction on Plaintiff's Section 1981 race discrimination claim—"An at-will employee stands in a contractual relationship with his employer"—the language of Plaintiff's proposed instruction potentially casts doubt on whether the Jury is properly guided in its deliberations. *Bender v. Brumley*, 1 F.3d 271, 276 (5th Cir. 1993) ("[r]eversal is therefore appropriate whenever the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations") (citations and quotation marks omitted).

**C.     Plaintiff's Question No. 1 (Race Discrimination § 1981).**

Defendant objects to Plaintiffs' proposed Question No. 1 the language proposed by Plaintiff

inappropriately suggests that Plaintiff need not prove that "but for" her race, FedEx would not have terminated her employment, in contravention of the Supreme Court's holding in *National Association of African American-Owned Media*, 140 S. Ct. at 1019 ("to prevail under 42 U.S.C. § 1981, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right"). This question is more appropriately framed by PJC 11.5, retaliation under Title VII which involves the same standard of causation as Section 1981 (*e.g.*, "Do you find that Plaintiff Jennifer Harris's employment would not have been terminated by Defendant FedEx but for her protected activity?"). *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–62 (2013). In contrast, Plaintiff's proposed Question No. 1 is patterned after PJC 11.1, Title VII Discrimination, which involves a differing level of causation than Plaintiff's Section 1981 claim.

**D.    Plaintiff's Instruction No. 7 (Race Discrimination, Title VII)**

Defendant objects to Plaintiff's Instruction No . 7 based on her proposed language that Defendant "contends that [Plaintiff] was fired for performance reasons." While Defendant's decision to terminate Plaintiff's employment was based on her failure to perform her job duties to its satisfaction, Plaintiff's proposed instruction omits Defendant's contention that this performance-based decision was made for legitimate, non-discriminatory reasons.

**E.    Plaintiff's Instruction No. 8 (Retaliation, § 1981 and Title VII)**

Defendant objects to Plaintiff's Instruction No . 8 based on the language that Defendant "contends that its actions were at all times proper and that it terminated her because of performance issues." As with Instruction No. 7, Defendant's does not dispute that its decision to terminate Plaintiff's employment was based on her failure to perform her job duties to its satisfaction. Yet, Plaintiff's proposed language in Instruction No. 8 suggests that Defendant's contention is that its actions were at all times "proper" (whatever that means)—which is not its burden under either

statute. As the Supreme Court and Fifth Circuit have repeatedly noted, "Title VII does not impose a general civility code on employers." *West v. City of Houston*, 960 F.3d 736, 743 (5th Cir. 2020) (*citing Faragher v. City of Boca Raton*, 524 U.S. 775, 788(1998)) (internal quotation marks omitted). Rather, Defendant must present evidence that show its decision to terminate Plaintiff's employment was based on a legitimate, non-retaliatory.

F.   **Plaintiff's Instruction No. 9 (Damages).**

Defendant objects to Plaintiff's proposed Instruction No. 8 regarding damages because it inappropriately omits the instruction regarding Defendant's affirmative defense based on Plaintiff's failure to mitigate damages. *U.S. v. Johnson*, 872 F.2d 612, 622 (5th Cir. 1989) ("When a defendant properly requests an instruction on a theory of defense that is supported by some evidence, it is reversible error not to adequately present the theory").

Defendant further objects to Plaintiff's proposed Instruction No. 8 because it includes language from the PJC 11.14 that is not supported by the evidence in this case. Specifically, Plaintiff's proposed instruction includes language regarding: (1) the "amount of fines and civil penalties applicable to similar conduct"; and (2) language for use where there are multiple defendants, which is not the case with this lawsuit. *See* Fifth Circuit Pattern Jury Instructions (Civil Cases) No. 11.14 (2020) at 230 n.18 (explaining that this "language should be used only if there is evidence of fines and civil penalties").

Defendant also objects to Plaintiff's proposed instruction on damages because it combines instructions regarding the recovery of compensatory damages with those associated with punitive damages. *See Plaintiff's Proposed Charge* at 19. While Plaintiff's proposed instruction generally tracks PJC 11.14, Defendant argues that separating these damages into discrete instructions would avoid any unwarranted assumption by the Jury that Plaintiff is entitled to punitive damages in the event she recovers compensatory damages. Separating the Court's instructions on compensatory

and punitive damages is particularly appropriate given Plaintiff's claims under 42 U.S.C. 1981, which, unlike Title VII, contains no statutory cap on an award of punitive damages. *See, e.g.*, *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 910 n.2 (9th Cir. 1999) (noting the absence of a "statutory cap on damage awards available for § 1981 claims").

**G.     Plaintiff's proposed Instruction regarding Deliberations.**

Defendant objects to Plaintiff's proposed Instructions regarding Jury Deliberations. *Plaintiff's Proposed Charge* at 26-27 [ECF No. 74-4]. Specifically, Defendant objects to Plaintiff's omission in this portion of the proposed charge because it omits language from PJC 3.7 instructing Members of the Jury that they should rely on their memory if it differs from their notes, the Juror's notes are not evidence, and Jurors should not be unduly influenced by the notes of others. *See* Fifth Circuit Pattern Jury Instructions (Civil Cases) No. 3.7 (2020) at 35.  While this language is included in Plaintiff's proposed Instruction No. 2 (General Instructions for the Charge), Defendant argues that this language would be presented more clearly in the Court's final instructions before sending the Jury to begin deliberations. *Compare Plaintiff's Proposed Charge* at 7 *with Defendant's Proposed Jury Charge and Instructions* at 22 (Instruction No. 15).

## II.
## CONCLUSION AND PRAYER

For the forgoing reasons, FedEx prays that the Court sustains these objections to Plaintiff's *Proposed Charge* and grants FedEx any further relief to which the Court finds it is justly entitled.

//

//

/s/ Barak J. Babcock
Barak J. Babcock
Tennessee Bar No. 024021
SD No. 2522941
ATTORNEY-IN-CHARGE
Christopher M. Ahearn
California State Bar No. 239089
(Admitted Pro Hac Vice)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Road
Bldg. B, 3rd Floor
Memphis, TN 38125-8800
Telephone: (901) 434-8523
Facsimile: (901) 492-9930
Email: barak.babcock@fedex.com
Email: Christopher.ahearn@fedex.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2022, a copy of this instrument was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's CM/ECF System.

/s/ Barak Babcock
Barak Babcock