IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER HARRIS, | § § § § | |
| Plaintiffs, | | |
| vs. | § § § § § § | Civil Action 4:21-cv-1651 |
| FEDEX CORPORATE SERVICES, INC., | | |
| Defendants. | | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

TO THE HONORABLE KENNETH M. HOYT:

Plaintiff Jennifer Harris moves the Court for entry of judgment on the verdict returned by the jury in this matter on October 25, 2022. Pursuant to the Federal Rules of Civil Procedure 54, 57, and 58, Plaintiff requests that a judgment be entered on the verdict, including interest and costs of court.

1. **Judgment On Verdict Answers to Written Questions**

A judgment may be demanded granting the relief to which each party is entitled. FED. R. CIV. P. 54(c). A court must promptly approve the form of a judgment when the jury returns a special verdict or a general verdict with answers to written questions. FED. R. CIV. P. 58(b). A jury in this case returned a special or general verdict with answers to written questions. (Dkt. #99). The jury awarded

$366,060,000 to Plaintiff, of which $120,000 was awarded as past compensatory damages, $1,040,000, was awarded as future compensatory damages, and $365,000,000 was awarded as punitive damages. Plaintiff requests a judgment in that amount together with interest, equitable relief, and costs of court.

2. **Prejudgment Interest**

   a. **State Law Is Applicable**

Where an action arises under federal law, "it is within the discretion of the district court to set an equitable rate of prejudgment interest." *Hansen v. Continental Ins. Co.,* 940 F.2d 971, 984 (5th Cir.1991) *abrogated on other grounds by CIGNA Corp. v. Amara,* 563 U.S. 421 (2011). *See also Kostic v. Tex. A & M Univ. at Commerce,* No. 3:10-CV-2265-M, 2015 WL 4775398, at *2 (N.D. Tex. Aug. 13, 2015). *See also Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016).

Where a claim is governed by a federal statute, and the statute is silent on the issue of prejudgment interest, "state law is an appropriate source of guidance." *Hansen,* 940 F.2d 984. *See also Wesley v. Yellow Transp., Inc.,* No. 3:05–CV–2266D, 2010 WL 3606095, at *2 (N.D. Tex. Sept.16, 2010) ("In the absence of a federal statute that establishes the rate of prejudgment interest, state law guides the court's discretion in determining the interest rate."). Title VII and Section 1981

are analyzed similarly. *See Jones v. Robinson Prop. Group, L.P.,* 427 F.3d 987, 992 (5th Cir. 2005). The prejudgment interest rate in Texas is applicable to this case.

### b. The Texas Rate

The Texas Finance Code Sections 304.003(a) and (c) provide that prejudgment interest shall accrue at the rate of five percent per year when the prime rate as published by the Board of Governors of the Federal Reserve System is less than five percent. The prime interest rate for the week of October 31, 2022, is less than five percent.[1] Simple interest on the past intangible damages for each plaintiff is $16.43 per day ($120,000 x 0.05 / 365).

### c. From Date Suit Is Filed

Under Title VII, courts generally should calculate interest on past damages based on the date of the adverse employment action. *Thomas v. Tex. Dep't of Criminal Justice,* 297 F. 3d 361, 372 (5th Cir. 2002). The Texas Finance Code also provides that prejudgment interest may start from the date the lawsuit was filed. *See* TEX. FIN. CODE § 304.104. Although Plaintiff suffered intangible damages before the lawsuit was filed, Plaintiff requests prejudgment interest only from the date the lawsuit was initially filed, May 20, 2021. The total amount of prejudgment interest for the Plaintiff is calculated by multiplying $16.43 per day with the number of days from

---

[1] https://www.federalreserve.gov/releases/h15/ (last visited October 31, 2022).

May 20, 2021, to the day before the judgment is rendered. *See* TEX. FIN. CODE § 304.104.

### 3. Postjudgment Interest

Postjudgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961.[2] Plaintiff requests the rate for the week the judgment is entered.

### 4. Injunctive Relief

An individual who brings a Title VII suit "takes on the mantel of the sovereign," *Jenkins v. United Gas Corp.*, 400 F.2d 28, 32 (5th Cir. 1968). The Civil Rights Act of 1866 and Title VII's purposes are to eliminate discrimination and recompense those who have suffered from it. *Id*. The Fifth Circuit has said:

> When, as frequently is the case, the alleged discrimination has been practiced upon the plaintiff because he is a member of a class that is allegedly discriminated against, the court trying a Title VII suit bears a special responsibility in the public interest to resolve the employment dispute by determining the facts regardless of the individual plaintiff's position, *Bowe v. Colgate-Palmolive Company*, 7 Cir., 1969, 416 F.2d 711, 715, for "[w]hether in name or not, the suit is perforce a sort of class action for fellow employees similarly situated." *Jenkins* at 33.

*Hutchings v. United States Industries, Inc.*, 428 F.2d 303, 310 (5th Cir. 1970).

---

[2] *Id.*

Injunctive relief in single plaintiff cases may sometimes be proper. *See Meyer v. Brown & Root Const.*, 661 F.2d 369, 374 (5th Cir. 1981). ("lnjunctive relief which benefits non-parties may sometimes be proper even where the suit is not brought as a Rule 23 class action. The Ninth Circuit recognized this fact in *Gregory v. Litton Systems, Inc.,* 472 F.2d 631 (9th Cir.1972), and we approve it here."). An individual who brings a Title VII suit "takes on the mantel of the sovereign." *Jenkins v. United Gas Corp.*, 400 F.2d 28, 32 (5th Cir. 1968). In Title VII cases, "once the judicial machinery has been set in train, the proceeding takes on a public character in which remedies are devised to vindicate the policies of the Act, not merely to afford private relief to the employee." *Gordon v. JKP Enterprises Inc.*, 2002 WL 753496, at *7 (C.A.5 2002) (quoting *Hutchings v. U.S. Indus., Inc.,* 428 F.2d 303, 311 (5th Cir.1970).)

The Fifth Circuit has held that absent clear and convincing proof of no reasonable probability of further noncompliance with the law a grant of injunctive relief is mandatory. *Equal Employment Opportunity Commission v. Rogers Bros.,* 5 Cir. 1972, 470 F.2d 965. In *Cypress v. Newport News General & Nonsectarian Hospital Ass'n,* 4 Cir. 1967, 375 F.2d 648, 658, the Fourth Circuit makes a relevant observation: "'[P]rotestations or repentance and reform timed to anticipate or blunt the force of a lawsuit offer insufficient assurance' that the practice sought to be

enjoined will not be repeated." *See Rowe v. General Motors Corp.,* 457 F.2d at 359; *Gamble v. Birmingham Southern R. R. Co.,* 514 F.2d at 683. However, where a plaintiff is no longer employed and not seeking reinstatement, injunctive relief is usually unnecessary, unless a plaintiff can show other ways in which she would benefit from the injunction. *See Gordon*, at *7. Ms. Harris can show other ways in which she, and others, would benefit from the injunction. Ms. Harris would benefit from prohibiting further retaliation by FedEx's communications within and outside FedEx concerning Ms. Harris's performance. Communications about Ms. Harris's performance by FedEx could continue to harm Ms. Harris and her career. Others would benefit from detailed steps followed for investigations of discrimination complaints and training for managers on recognizing signs of discrimination and retaliation. Requiring the detailed investigation steps and training for managers on recognizing signs of discrimination and retaliation would help prevent unlawful retaliation in the future not only against Ms. Harris, it would also benefit others at FedEx.

The following injunctive relief requested in this case is tailored to the pleadings and evidence:

1. refrain from stating that Ms. Harris was terminated for poor performance;

2. place a copy of the judgment in Ms. Harris's personnel file;

3. designate Ms. Harris as eligible for rehire;

4. revise FedEx's employment policy to include detailed steps for an investigation of a complaint; and

5. provide training for every manager on recognizing signs of unlawful retaliation, by a licensed attorney not an employee of FedEx or who has previously provided services to FedEx and keep a record of each person and the date of attendance, with the training to be completed within three years of the date of judgment.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and enter an order finding that the Plaintiff is entitled to the full verdict with interest and costs of court.

Respectfully submitted,

/s/ Brian Sanford
Brian Sanford
Texas Bar No. 17630700
bsanford@sanfordfirm.com
Elizabeth "BB" Sanford
Texas Bar No. 24100618
esanford@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph:  (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFFS JENNIFER HARRIS**

## CERTIFICATE OF SERVICE

I hereby certify that November 21, 2022, I served the foregoing document on all counsel of record via the electronic filing system of the Court.

*/s/ Elizabeth "BB" Sanford*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Defendant regarding this motion and Defendant opposes this motion.

*/s/ Elizabeth "BB" Sanford*