UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER HARRIS,** | § | |
| *Plaintiff*, | § | |
| | § | **CASE NO. 4:21-cv-1651** |
| vs. | § | |
| | § | |
| **FEDEX CORPORATE SERVICES, INC.,** | § | |
| *Defendant*. | § | |

## PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS

**Table of Contents**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

A.   Nature and Stage of the Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.   Issues and Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

C.   Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

D.   <u>Argument</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1.   Overview of the Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.   The Attorney's Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        a.   The Hours Reasonably Expended . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        b.   The Reasonable Hourly Rate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        c.   The Lodestar Fee, After Billing Judgment and Before Adjustment Pursuant to the *Johnson* Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        d.   The *Johnson* Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    3.   The Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E.   Post-Judgment Interest on the Award of Fees and Costs . . . . . . . . . . . . . . . . . . . . . . 12

F.   Supplemental Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

G.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**Table of Authorities**

*Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374 (5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) . . . . . . . . . . . . . . . . . . 7

*Combs v. City of Huntington*, 829 F.3d 388 (5th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cruz v. Hauck*, 762 F.2d 1230 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cruz v. Maverick Cnty.*, 957 F.3d 563 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Diocesan Migrant & Refugee Servs., Inc. v. U.S. Immig. & Customs Enforcement*, No. EP-19-CV-00236-FM, 2021 WL 289548, at *12 (W.D. Tex. Jan. 28, 2021) . . . . . . . . . . . . 9

*El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417 (5th Cir. 2009), *cert. denied*, 561 U.S. 1006, 130 S. Ct. 3467, 177 L. Ed. 2d 1055 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992) . . . . . . . . . . . . . . . . . 11

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . 3

*Gonzalez v. Wormuth*, No. 2:19-CV-00222, 2023 WL 11915739 (S.D. Tex. Aug. 17, 2023) . . . 9

*Harris v. FedEx Corp. Serv., Inc.*, 92 F.4th 286 (5th Cir.), *cert. denied*, 2024 WL 4426667 (U.S. Oct. 07, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Hensley v. Eckerhart*, 461 U.S. 423, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) . . . . . . . . . . . . 6, 11

*Jenkins by Jenkins v. Missouri*, 127 F.3d 709 (8th Cir. 1997) (en banc) . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) . . . . . . . . . . . . . 2, 3, 10

*League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*McConnell v. Sw. Bell Tel. LP*, No. 3:20-CV-1457-X, 2023 WL 1478494 (N.D. Tex. Feb. 2, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Missouri v. Jenkins*, 491 U.S. 274, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989) . . . . . . . . . . . . . . 7

*Monroe v. FTS USA, LLC*, 17 F.4th 664 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 1232,

212 L. Ed. 2d 236 (2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512 (5th Cir. 2001) . . . . . . . . . . . . . . 1

*Perdue v. Kenney A.*, 559 U.S. 542, 130 S. Ct. 1662 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Perez-Sosa v. Garland*, 22 F.4th 312 (1st Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pitchford Sci. Instruments Corp. v. PEPI, Inc.*, 440 F. Supp. 1175, 1178 (W.D. Pa. 1977),
*aff'd sub nom. Pitchford v. Pepi, Inc.*, 582 F.2d 1275 (3d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . 7

*Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2024 WL 1161730 (W.D. Tex.
Mar. 18, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Skelton v. Gen. Motors Corp.*, 661 F. Supp. 1368, 1379 (N.D. Ill. 1987), *aff'd in part,
rev'd in part on other grounds*, 860 F.2d 250 (7th Cir. 1988), *cert. denied*, 493 U.S. 810
(1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

42 U.S.C. § 1981. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

42 U.S.C. § 1988. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 2000e-5(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Rules**

FED. R. CIV. P. 54(d)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LOCAL RULE 54.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.      **Nature and Stage of the Proceeding**

This is motion for reasonable attorneys' fees and costs after trial on the merits and appeal of an employment discrimination and retaliation case. *Harris v. FedEx Corp. Serv., Inc.*, 92 F.4th 286 (5th Cir.), *cert. denied*, 2024 WL 4426667 (U.S. Oct. 07, 2024). Pursuant to the parties' stipulation, the Court "stay[ed] the determination of costs and attorneys' fees until 21 days after any final ruling by the Supreme Court." (Doc. 151.)

B.      **Issues and Standard of Review**

Because the plaintiff, Jennifer Harris, prevailed on a retaliation claim under Title VII, the Court may award her "a reasonable attorney's fee ... as part of the costs," 42 U.S.C. § 2000e-5(k), pursuant to this motion governed by FED. R. CIV. P. 54(d)(2)(A) and LOCAL RULE 54.2 ("[w]hen attorney's fees are taxable as costs, an application for them must be made with the application for other costs"). The issue to be decided is the amount of reasonable fees and costs.

A district court's determination of a fee movant's status as a prevailing party is a legal question subject to *de novo* review, *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 423 (5th Cir. 2009), *cert. denied*, 561 U.S. 1006, 130 S. Ct. 3467, 177 L. Ed. 2d 1055 (2010), but its determinations of the lodestar components (reasonable hours and reasonable rates) are fact-findings reviewed for clear error, *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020), and the award itself—the lodestar with or without adjustment—is reviewed for abuse of discretion. *Id.* "An award of costs is [also] reviewed for abuse of discretion." *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

C.      **Summary of the Argument**

Ms. Harris's final judgment of $248,619.57 (as modified on appeal) qualifies her as a prevailing party. Her attorneys have calculated a reasonable fee according to, first, the lodestar

1

method favored by the U.S. Supreme Court. The reasonable-hours component of the lodestar fee is supported with evidence of the attorneys' contemporaneous records of the hours they worked on the case and with evidence of the exercise of billing judgment. The reasonable-rates component of the lodestar fee is supported with evidence of the hourly rates that are reasonable in this market for the work Ms. Harris's attorneys performed. After calculating the lodestar fee, Ms. Harris's attorneys then adjusted the fee pursuant to the Fifth Circuit's *Johnson* factors.

### D. Argument

#### 1. Overview of the Litigation

Ms. Harris prevailed substantially in this case. The jury found the defendant retaliated against her and awarded $120,000 for past non-pecuniary injuries, $1,040,000 for future non-pecuniary injuries, and $365,000,000 for punitive damages. (Doc. 99 at 13, 14 & 17.) This remarkable success was attributable in part to the quality of Ms. Harris's representation. Later, the Fifth Circuit held her claim under 42 U.S.C. § 1981 was time-barred (which occurred long before The Sanford Firm began representing her); that the compensatory award for non-pecuniary injuries was excessive; and the defendant's conduct did not meet the standard for punitive damages (which otherwise could have brought Ms. Harris's total damages up to the Title VII cap of $300,000). *Harris*, 92 F.4th at 296, 301, & 302-03. The Fifth Circuit found no reason to disturb the verdict on liability for retaliation or to order a new trial. *Id.* at 298 & 304.

Given the total amount of over $366 million at stake, seeking en banc and Supreme Court review of the panel outcome was reasonable, if not imperative. For an employment case under Title VII, Ms. Harris's final outcome was an overall success, and in fee litigation the final outcome is what matters most: "Plaintiffs were the 'prevailing party' in the litigation and on appeal…. That Plaintiffs failed to obtain 'every dollar sought' on appeal does not nullify their

overwhelming success on appeal, their status as a prevailing party, or their entitlement to attorney's fees." *Monroe v. FTS USA, LLC*, 17 F.4th 664, 673 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 1232, 212 L. Ed. 2d 236 (2022).

### 2. The Attorney's Fees

The Supreme Court has established a "'strong presumption'" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the reasonable fee" for prevailing parties, *Perdue v. Kenney A.*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 1673 (2010), which is to say a fee that roughly approximates what an attorney would have received if representing a client who paid by the hour. *Perdue*, 559 U.S. at 551.

The *Perdue* Court contrasted the lodestar method with one the Fifth Circuit "set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (C.A.5 1974), which listed 12 factors that a court should consider in determining a reasonable fee." *Perdue*, 559 U.S. at 550-51. (The *Johnson* factors are listed *infra* page 10.) Post-*Perdue*, the Fifth Circuit has treated the *Johnson* factors as a *complement* to the lodestar. *See*, *e.g.*, *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) ("[t]hough the lodestar is presumed reasonable, … the court may enhance or decrease it based on the … *Johnson* factors").

Consistently with that approach, this motion discusses first the *Perdue* lodestar fee, and then the *Johnson* factors.

### a. The Hours Reasonably Expended

"'[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours ...'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). The Plaintiffs' lawyers' billing records are presented in Exhibit 2A

3

(containing task descriptions in chronological order), in Exhibit 2B (the same task descriptions, but organized by the phases of the case, with each phase's entries in chronological order), and are summarized in Exhibit 2C. These exhibits consolidate all time entries by the lawyers at The Sanford Firm (Brian P. Sanford, Elizabeth "BB" Sanford, Michelle Juma, and Karla Connell), along with the entries by lawyers outside of The Sanford Firm who assisted on very limited tasks. Mr Sanford (for his firm's lawyers) and all the outside lawyers have, in one form or another, attested to the reliability of the task descriptions and hours claimed in Exhibit 2A and Exhibit 2B. (B. Sanford Dec. (Exh. 1) at ¶ 24; M. Rubin Dec. (Exh. 5) at ¶ 15; A. Hernandez Dec. (Exh. 6) at ¶ 10; R. McKnight Dec. (Exh. 10) at ¶ 14; D. Wiley Dec. (Exh. 12) at ¶ 19); A. Gibson Dec. (Exh. 13) at ¶ 34.

All time claimed in a fee motion must be reasonable in order for it to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("[t]he [lodestar] calculation requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended").[1] Mr. Sanford, as lead counsel, explains in his declaration how he exercised billing judgment to arrive at a reasonable number of hours for the lodestar calculation (before a *Johnson* factors adjustment) (Exh. 1 at ¶ 30):

- His law firm does not track billable time performed by the firm's paralegal (i.e., time spent on traditional legal work, not clerical or secretarial tasks). The firm considers its paralegal to be part of its overhead.

- His law firm does not record travel time, even for charging at a reduced rate. In

---

[1] Hours reasonably expended include time spent preparing this motion for fees and costs. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985).

4

      this case, there was travel time by one lawyer to and from a deposition in San Antonio, by two lawyers to and from the trial in Houston, and by one lawyer to and from the appellate oral argument in New Orleans.

- Internal conferencing is rarely if ever recorded by either lawyer, much less by both (or all) attendees.

- All time recorded by two relatively new attorneys at his law firm (Michelle Juma and Karla Connell) has been written off. This amounts to 27.30 and 24.10 hours respectively.

For the purpose of the lodestar calculation, Mr. Sanford has not eliminated any time that might be segregated as bearing only on Ms. Harris's Title VII discrimination claim, or only on her 42 U.S.C. § 1981 claim, or only on her claim for punitive damages. When some claims in a lawsuit succeed and others do not, the relationship between the claims means it may be impossible to segregate:

> In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. *Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.* Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
>     Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee....
>
>     ....
>
>     ... Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation

to the results obtained.

*Hensley v. Eckerhart*, 461 U.S. 423, 435 & 440, 103 S. Ct. 1933, 1940 & 1943, 76 L. Ed. 2d 40 (1983) (emphasis added).

Here, neither the discrimination claim nor the punitive damages claim was "distinct in all respects" from Ms. Harris's successful retaliation claim. Hence, the hours component of the lodestar calculation should include all the time spent on those claims in trial court.

Ms. Harris made no issue on appeal out of the loss of the discrimination claim; she only defended the judgment. Although the outcome was unfavorable with respect to the amount of compensatory damages and punitive damages under Title VII and the viability of the § 1981 claim, it was reasonable for her to defend those features of the judgment. The main determinant of the compensability of every increment of time is its reasonableness, *League*, 119 F.3d at 1232, not whether the specific labor on which it was spent was discretely successful. *Jenkins by Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997) (en banc) ("success on the particular matter ["as opposed to overall success"] [is] relevant but not determinative to the reasonableness of the fee"; also important is "whether the plaintiff's attorneys would have been expected or obliged to take the position they took"). Hence, the lodestar calculation includes all the time spent on spent on the appeal.

Ms. Harris also sought en banc and Supreme Court review of these issues. Given the amount of damages at stake, these steps were reasonably necessary—they were obligatory, if not imperative—and therefore includible in the lodestar. *Perez-Sosa v. Garland*, 22 F.4th 312, 329 (1st Cir. 2022) ("[w]here the plaintiff unsuccessfully pursued motions that the court found to be useless or unnecessary, it refused to include the time spent in the fee-award calculus; but where the plaintiff unsuccessfully pursued motions that the court found to be useful or reasonably

6

necessary, it included the time spent in the fee-award calculus"; finding no abuse of discretion in this approach); *Skelton v. Gen. Motors Corp.*, 661 F. Supp. 1368, 1379 (N.D. Ill. 1987) ("the court finds that wholesale exclusion of the time expended on the Seventh Circuit appeal and petition for certiorari is not warranted in this case"), *aff'd in part, rev'd in part on other grounds*, 860 F.2d 250 (7th Cir. 1988), *cert. denied*, 493 U.S. 810 (1989); *Pitchford Sci. Instruments Corp. v. PEPI, Inc.*, 440 F. Supp. 1175, 1178 (W.D. Pa. 1977) ("[w]hile notoriously more petitions for certiorari are unsuccessful than are successful, filing them is recognized as part of the game, and we can not say that the mutual petitions in this case were not resorted to in the normal exercise of reasonable professional diligence"), *aff'd sub nom. Pitchford v. Pepi, Inc.*, 582 F.2d 1275 (3d Cir. 1978).

    **b.**  **The Reasonable Hourly Rate**

Once the compensable time is determined, the Court's second step in the lodestar calculation is to determine a reasonable hourly rate "according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984).

The lawyers for whom Plaintiffs seek compensation, their rates,[2] and the evidence supporting their rates are charted below:

---

[2] Current rates are requested even though the first time recorded in this case was in 2020. That is consistent with *Missouri v. Jenkins*, 491 U.S. 274, 283-84, 109 S. Ct. 2463, 2469, 105 L. Ed. 2d 229 (1989):

> [C]ompensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed .... We agree, therefor, that an appropriate adjustment for delay in payment— whether by the application of current rates rather than historic hourly rates or otherwise—is within the contemplation of the statute [42 U.S.C. § 1988].

| Lawyer | Year Licensed | Requested Rate/Hour | Evidence |
|---|---|---|---|
| Brian P. Sanford<br>Sanford Firm | 1986 | $1,000 | B. Sanford Dec. (Exh. 1) at ¶ 19<br>A. Golub Dec. (Exh. 3) at ¶ 15<br>J. Ahmad Dec. (Exh. 4) at ¶ 17<br>A. Gibson Dec. (Exh. 13) at ¶ 27 |
| Elizabeth "BB" Sanford<br>Sanford Firm | 2017 | $500 | B. Sanford Dec. (Exh. 1) at ¶ 19<br>A. Golub Dec. (Exh. 3) at ¶ 20<br>J. Ahmad Dec. (Exh. 4) at ¶ 17 |
| Michael Rubin<br>Altshuler Rubin | 1978 | $1,325 | B. Sanford Dec. (Exh. 1) at ¶ 23 |
| Connie K. Chan<br>Altshuler Rubin | 2011 | $975 | B. Sanford Dec. (Exh. 1) at ¶ 23 |
| Law Clerk<br>Altshuler Rubin | | $350 | B. Sanford Dec. (Exh. 1) at ¶ 23 |
| Amanda Hernandez<br>AH Law | 2011 | $575 | L. Ramakrishnan Dec. (Exh. 7) at ¶ 7<br>M. Washington Dec. (Exh. 8) at ¶ 13<br>S. Martinez Dec. (Exh. 9) at ¶ 15 |
| Amy E. Gibson | 1995 | $1,000 | D. Wiley Dec. (Exh. 12) at ¶ 18<br>A. Gibson Dec. (Exh. 13) at ¶ 27 |
| David L. Wiley | 1998 | $1,000 | D. Wiley Dec. (Exh. 12) at ¶ 18<br>A. Gibson Dec. (Exh. 13) at ¶ 27 |
| Robert E. McKnight, Jr.<br>Marek, Griffin & Knaupp | 1993 | $500 | R. McKnight Dec. (Exh. 10) at ¶ 16<br>J. Griffin Dec. (Exh. 11) at ¶ 10 |

The charted rates, well-supported by the evidence, are the rates the Court should determine to be reasonable and use to calculate the lodestar fee.

The State Bar of Texas no longer provides survey information on which the Court may rely to set rates. Its website states that "[p]ast hourly rate reports were not designed for nor intended to be used for setting appropriate attorney fees. Other factors should be considered in determining attorney hourly rates fees that are outside the scope of these reports." (Exh. 1 at ¶ 20 & Exh. 1A.) Hence, "[w]hen a party seeking fees provides a reliable basis for setting the

8

appropriate hourly rate, this Court does not find reliance on the [State Bar's 2015] Fact Sheet persuasive in light of the significant concerns regarding the Fact Sheet noted in various cases." *Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2024 WL 1161730, at *7 (W.D. Tex. Mar. 18, 2024) (collecting cases critical or at least skeptical of the rate survey). *See also Gonzalez v. Wormuth*, No. 2:19-CV-00222, 2023 WL 11915739, at *2 (S.D. Tex. Aug. 17, 2023) (relying on the testimony supporting the fee applicants' rates in preference to the state bar's 2015 and 2019 rate surveys); *McConnell v. Sw. Bell Tel. LP*, No. 3:20-CV-1457-X, 2023 WL 1478494, at *4 (N.D. Tex. Feb. 2, 2023) ("[t]he Court finds neither survey [2015 and 2019] persuasive"); *Diocesan Migrant & Refugee Servs., Inc. v. U.S. Immig. & Customs Enforcement*, No. EP-19-CV-00236-FM, 2021 WL 289548, at *12 (W.D. Tex. Jan. 28, 2021) ("[t]ellingly, the Texas Bar itself warns against using the Fact Sheet to set attorney fees").

### c. The Lodestar Fee, After Billing Judgment and Before Adjustment Pursuant to the *Johnson* Factors

The presumptively correct lodestar fee, based on the reasonable hours documented in Exhibits 2A and 2B, and totaled in Exhibit 2C, and on the hourly rates documented in the supporting declarations, is:

| Lawyer | Hours | Rate/Hour | Lodestar Fee |
|---|---|---|---|
| Brian P. Sanford<br>Sanford Firm | 535.4 | $1,000 | $535,400.00 |
| Elizabeth "BB" Sanford<br>Sanford Firm | 477.0 | $500 | $238,500.00 |
| Michael Rubin<br>Altshuler Berzon | 15.7 | $1,325 | $20,802.50 |
| Connie Chan<br>Altshuler Berzon | 32.8 | $975 | $31,980.00 |
| Law Clerk<br>Altshuler Berzon | 24.0 | $350 | $8,400.00 |

9

| | | | |
|---|---|---|---|
| Amanda Hernandez<br>AH Law | 41.5 | $575 | $23,862.50 |
| Amy E. Gibson<br>Gibson Wiley | 3.2 | $1,000 | $3,200.00 |
| David L. Wiley<br>Gibson Wiley | 8.2 | $1,000 | $8,200.00 |
| Robert E. McKnight, Jr.<br>Marek, Griffin & Knaupp | 17.30 | $500 | $8,650.00 |
| **Lodestar Fee** | | | $878,995.00 |

### d.   The *Johnson* Factors

Although the lodestar is presumed to be the reasonable fee, a consideration of the *Johnson* factors may persuade the Court that the presumption is incorrect (*see supra* page 3). The *Johnson* factors are:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) ... ;[3] (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-719. But no adjustment may be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar").

Ms. Harris contend the lodestar fee captures all of the *Johnson* factors relevant to setting

---

[3] The sixth factor was "whether the fee is fixed or contingent," but it was eventually overruled. *Rutherford v. Harris County*, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

a reasonable fee for this action through issuance of the Fifth Circuit's panel opinion. All of the claims at trial, and the subset that got to the Fifth Circuit, involved a "a common core of facts," and resulted in a substantial success that, under *Hensley*, merits "a fully compensatory fee." 461 U.S. at 435, 103 S. Ct. at 1940.

It is easy, but wrong, to focus on the panel's elimination of Ms. Harris's punitive damages and reduction of her compensatory damages, and to argue that those outcomes evidence a lack of success that should be reflected in a reduction of the fee. "'Where recovery of private damages is the purpose of … civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566, 575, 121 L. Ed. 2d 494 (1992). Ms. Harris's counsel did not seek the sums that the jury awarded, and no case suggests it is proper to penalize a fee applicant just because such unsought damages are corrected on appeal.

Ms. Harris concedes that while her attorneys' time pursuing review by the Fifth Circuit en banc and by the Supreme Court was reasonable and includible in the lodestar, full compensation of these measures might result in a fee disproportionate to the outcome on the merits. Therefore, Ms. Harris agrees that the lodestar should be adjusted by subtracting 20 percent from the fees spent on that phase of the case (Phase 14 in Exhibit 2B). The adjustment is shown in Exhibit 2C and in the Conclusion below.

### 3. The Costs

"Costs" in an action of this nature is a slightly misleading term because, under Title VII, all costs that an attorney would normally charge to a fee-paying client are recoverable as part of the attorney's fee. *See, e.g.*, *Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 529 (5th Cir. 2001) (in a prevailing party fee award under Title VII, 42 U.S.C. § 2000e-5(k), holding

11

that a reasonable attorney's fee includes all reasonable costs charged a fee-paying client); *Associated Builders & Contractors, Inc. v. Orleans Parish School Board*, 919 F.2d 374, 380 (5th Cir. 1990) (in a prevailing party fee award under 42 U.S.C. § 1988, affirming the trial court's award of out-of-pocket expenses, including charges for copies, travel and telephone, noting that such items are "plainly recoverable" because they are part of the costs normally charged to fee-paying clients). Ms. Harris's costs are tabulated in Exhibit 14 (the subset that are recoverable as part of the fee *and* under § 1920 are listed on AO Form 133 (Exhibit 15)), and the total is $16,354.55 (with the exclusion of the costs for Ms. Harris's expert witness). Receipts are provided in Exhibit 16. The Court should award the full amount of $16,354.55.

### E. Post-Judgment Interest on the Award of Fees and Costs

The Court should award post-judgment interest on the award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir.) ("district court here did not err in awarding postjudgment interest form the date of the judgment on the merits"), *cert. denied sub nom. L.K. Comstock & Co., Inc. v. La. Power & Light Co.*, 516 U.S. 862 (1995); Hence, the Court's order on this motion should provide for interest from the date when the final judgment was entered: February 2, 2023. (Doc. 127.)

### F. Supplemental Motion

Ms. Harris may file a supplemental motion to itemize, for example, fees and costs expended in replying in support of this motion.

### G. Conclusion

Ms. Harris's attorneys have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and

expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative or unreasonable for any reason. And they have sought for themselves (and for others in their firms) billing rates that are consistent with the standard of reasonableness documented in the numerous supporting declarations.

The Court should award fees, costs, and postjudgment interest as set forth below:

a. A fee of $863,725.00, detailed as follows:

| Lawyer | Hours | Rate/Hour | Final Fee |
|---|---|---|---|
| Brian P. Sanford<br>Sanford Firm | 522.3 | $1,000 | $522,300.00 |
| Elizabeth "BB" Sanford<br>Sanford Firm | 472.66 | $500 | $236,330.00 |
| Michael Rubin<br>Altshuler Berzon | 15.7 | $1,325 | $20,802.50 |
| Connie Chan<br>Altshuler Berzon | 32.8 | $975 | $31,980.00 |
| Law Clerk<br>Altshuler Berzon | 24.0 | $350 | $8,400.00 |
| Amanda Hernandez<br>AH Law | 41.5 | $575 | $23,862.50 |
| Amy Gibson<br>Gibson Wiley | 3.2 | $1,000 | $3,200.00 |
| David Wiley<br>Gibson Wiley | 8.2 | $1,000 | $8,200.00 |
| Robert McKnight<br>Marek, Griffin & Knaupp | 17.3 | $500 | $8,650.00 |
| **Final Fee** | | | $863,725.00 |

b. Costs the total amount of $16,354.55.

c. Postjudgment interest on $880,079.55 from February 2, 2023.

13

Respectfully submitted,

*/s/ Brian P. Sanford*
    Brian P. Sanford
    Texas Bar No. 17630700
    Elizabeth "BB" Sanford
    Texas Bar No. 24100618

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, Texas 75201
Telephone: (214) 717-6653
Facsimile: (214) 919-0113
bsanford@sanfordfirm.com
esanford@sanfordfirm.com

*/s/ Robert E. McKnight, Jr.*
    Robert E. McKnight, Jr.
    Texas Bar No. 24051839
Marek, Griffin & Knaupp
203 N. Liberty Street
Victoria, Texas 77901
Telephone: (361) 573-5500
Facsimile: (361) 573-5040
mcknightr@lawmgk.com

**ATTORNEYS FOR PLAINTIFF JENNIFER HARRIS**

**Certificate of Conference**

I certify that I have conferred with opposing counsel concerning the prevailing Plaintiffs' reasonable fees and costs. Opposing counsel advises that his client opposes the motion..

*/s/ Brian P. Sanford*
Brian P. Sanford

**Certificate of Service**

On October 28, 2024, I served the foregoing document with all exhibits on all counsel of record via the Court's electronic filing system.

*/s/ Robert E. McKnight, Jr.*
Robert E. McKnight, Jr.